IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA **RECEIVED**
NORTHERN DIVISION

2005 DEC 22 P 12: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | CV-2005- 1217-M |
| UNUMPROVIDENT CORPORATION; UNUM LIFE INSURANCE COMPANY OF AMERICA; GENEX SERVICES, INC., et al., | § § § | Formerly CV-2005-2929 in the Circuit Court of Montgomery County, Alabama |
| Defendants. | § § | |

## NOTICE OF REMOVAL

TO:  Thomas O. Sinclair, Esquire
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

Melissa A. Rittenour Clerk
Circuit Court of Montgomery County
Post Office Box 1667
Montgomery, Alabama 36102-1667

**Formerly Montgomery County Circuit Court Case No. CV 2005-2929**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, UnumProvident Corporation ("UnumProvident"),[1] Unum Life Insurance Company of America ("Unum Life"), and Genex Services, Inc. ("Genex") hereby serve notice of the removal of this cause from the Circuit Court of Montgomery County, Alabama, to this Honorable Court. The removal of this cause is based upon diversity jurisdiction.

1. This lawsuit was originally filed on or about November 15, 2005, in the Circuit Court of Montgomery County, Alabama, and assigned case number CV-2005-2929. Plaintiff named as defendants UnumProvident, Unum Life and Genex.

2. UnumProvident was served with a copy of the summons and complaint on November 22, 2005. Unum Life and Genex were also served with the summons and complaint on November 22, 2005. Thus, this Notice of Removal is filed within 30 days of the date of service of the Summons and Complaint upon the earliest served defendant and within the time allowed by law. *See* 28 U.S.C. § 1446(b); *FED. R. CIV. P.* 6(a).

3. Pursuant to 28 U.S.C. § 1446(d), UnumProvident, Unum Life and Genex have this day served a copy of this Notice by mail on Plaintiff and by mail on the Clerk of the Circuit Court of Montgomery County, Alabama.

4. The documents attached hereto as *Exhibit* 2 constitute a copy of the process, pleadings and orders served upon Defendants in this action.

---

[1] UnumProvident and Genex were improperly named as defendants in this action. As is established by the Declaration of Bonita Connally, attached hereto as "Exhibit 1," the insurance policies made the basis of this action were issued by Unum Life Insurance Company of America, a subsidiary of UnumProvident.

## DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

6. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. Plaintiff Is Diverse From Defendants.

7. Plaintiff is "an adult resident citizen of Montgomery County, Alabama." (Complaint at ¶ 1). Defendant UnumProvident is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Tennessee. Unum Life is a corporation organized and existing under the laws of the state of Tennessee with its principal place of business in Tennessee. Genex is a corporation organized and existing under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania. Because defendants' citizenship is diverse from Plaintiff's state of citizenship, there is complete diversity of citizenship.

### B. The Amount In Controversy Exceeds $75,000.

8. Plaintiff's claims in this action arise primarily out of her claim for benefits under a group disability insurance policy. (*See, e.g.*, Complaint at ¶ 16). The subject group disability policy, bearing policy number 111604001, was issued by Unum Life to

---

[2] Alternatively, original subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 may be found if plaintiff's claims arise out of and relate to a welfare benefit plan governed by the Employee Retirement Income Security Act (hereinafter "ERISA")(29 U.S.C. § 1001, et. seq.). If ERISA applies, to the extent that this Court finds that any particular claim in this case is not preempted by ERISA, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367.

the Annuity Board of the Southern Baptist Convention ("ABSBC"). A true and correct copy of the subject policy is attached as an exhibit to the Affidavit of Bonita Connally, which is attached hereto as "Exhibit 1." Plaintiff also claims entitlement to "life premium waiver" benefits under a group life insurance policy issued by Unum Life to the ABSBC. (*See, e.g.*, Complaint at ¶¶ 20-23 and 48). A copy of the Summary of Benefits under Unum Life's policy of life insurance (No. 552580) is also attached as an exhibit to the Affidavit of Bonita Connally.

9. Plaintiff demands judgment against Defendants in an unspecified amount on her claims of breach of contract, bad faith, fraud, suppression, misrepresentation and conspiracy and seeks both compensatory and punitive damages. (Complaint). She contends that Defendants engaged in "intentional, willful, deliberate and/or reckless bad faith conduct . . .entered into a pattern and practice of fraudulent conduct and conspired and cooperated with one another in committing the frauds practiced on the Plaintiff, and other insureds, by denying benefits that were due to be paid," and "intentionally, deliberately, and maliciously failed to disclose" certain facts to Plaintiff. (*See, e.g.*, Complaint at ¶ ¶ 56, 62 and 67). Plaintiff further claims that Defendants "in an attempt to improve Defendants' financial status by fraudulently avoiding paying benefits, maintained in place an undisclosed, secret corporate policy aimed at postponing and denying claims and benefits regardless of whether same claims were meritorious and due to be paid." (*See, e.g.*, Complaint at ¶ 67). If an insured continues to qualify for benefits under the subject disability policy, the policy provides benefits to age 65. (Disability Policy attached as an exhibit to the Affidavit of Bonita Connally).

10. Plaintiff expressly claims that she has suffered and will continue to suffer "substantial damages" as a result of the alleged conduct of Defendants. (*See, e.g.,* Complaint at ¶ 51).

11. A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *See Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"). If the rule was otherwise, any plaintiff could avoid removal simply by declining to place a specific dollar value upon its claim. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994). Accordingly, where there is an unspecified claim for damages, as here, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also* 28 U.S.C. § 1332(a). This low burden of proof is "warranted because there is simply no estimate of damages to which a court may defer." *Id.*

12. Calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). For purposes of establishing the jurisdictional amount in controversy, "multiple claims for relief can and should be considered together in determining [that] amount." *Howard v.*

*Globe Life Ins. Co.*, 973 F. Supp 1412, 1418 (M.D. Fla. 1996) (citing with approval *Pipes v. American Security Ins. Co.*, CV 96-H-206-NE (N.D. Ala. February 29, 1996)); 14A Wright and Miller, *Federal Practice and Procedure* § 3704 (value of claims are added together to determine jurisdictional amount).

13.  The subject disability policy pays benefits on a monthly basis contingent upon ongoing proof of disability on a monthly basis. While Defendants dispute that Plaintiff is entitled to benefits under the subject disability and life insurance policies or that she is disabled under the terms of the disability policy, the monthly benefit to which Plaintiff would be entitled, assuming, *arguendo,* that her claim under the subject disability policy is valid, is $905.34. (Affidavit of Bonita Connally). Thus, Unum Life would owe plaintiff a total of $11,769.42, representing the total of the monthly benefits from November 18, 2004 through December 17, 2005. (*Id.*). Additional disability benefits would accrue at a rate of $905.34 per month if Plaintiff continued to qualify for benefits under the disability policy.[3] (*Id.*).

14.  In addition to amounts allegedly owed under the disability policy, Plaintiff claims that the aforementioned group life policy includes provisions for the waiver of premiums on life insurance coverage in the event she becomes disabled and that she was denied such benefits. Unum Life disputes that Ms. Bullard is entitled to any life premium waiver benefit as she did not qualify for disability benefits. Nonetheless, had

---

[3] Given that Ms. Bullard's date of birth is June 8, 1955 (See Affidavit of Bonita Connally), there are approximately 174 months between December of 2005 and Ms. Bullard's 65th birthday in June of 2020. Defendants expressly deny that Plaintiff is entitled to recovery of any future benefits. However, plaintiff appears to seek recovery of the same and assuming, *arguendo*, that she could qualify for further benefits at the same rate, 174 payments of $905.34 per month would total in excess of $150,000.00.

she qualified for this benefit in relation to her alleged May 22, 2004 disability, premium payments for such life coverage would have been waived. If she continued in the future to qualify for life premium waiver, which is also denied, additional premium payments would, subject to additional policy terms, continue to be waived in the future.

15. Based on the allegations in the Complaint, by a preponderance of the evidence, the amount in controversy in the present case will more likely than not exceed $75,000 notwithstanding that Plaintiff demands an unspecified amount of damages. Plaintiff's Complaint alleges breach of contract, bad faith, fraud, misrepresentation, suppression and conspiracy. (Complaint at Counts One through Six). These claims (though Defendants insist that they are without merit) will create a basis on which Plaintiff could recover compensatory damages in the form of mental anguish and could recover punitive damages. *See, e.g., Reserve National Life Ins. Co. v. Crowell*, 614 So. 2d 1005, 1011-12 (Ala. 1993) (mental anguish compensatory damages for fraud and misrepresentation claims); *Ford Motor Company v. Sperau*, 708 So. 2d. 111 (Ala. 1997) (punitive damages and mental anguish damages for fraud and misrepresentation claims); *United Services Auto. Ass'n v. Wade*, 544 So. 2d 906, 917 (Ala. 1989) (punitive damages for bad faith claim).

16. While Defendants maintain that Plaintiff is entitled to neither compensatory nor punitive damages, Alabama courts have routinely allowed compensatory and punitive damage awards in excess of $75,000. *See, e.g., Ford Motor Company v. Sperau*, 708 So. 2d. 111 (Ala. 1997) (jury award of $6 million in punitive damages, and award of $2.5 million in compensatory damages for mental anguish); *First Commercial*

*Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997) (affirming award of damages for emotional distress in a fraud case for as much as $450,000); *Foremost Insurance Company v. Parham*, 693 So. 2d 409 (Ala. 1997) (punitive damages with ratios to compensatory damages of approximately 94 to 1 ($175,000 punitive to $1,868 compensatory) and 121 to 1 ($173,000 punitive to $1,429.43 compensatory)); *Union Security Life Ins. Co. v. Crocker*, 709 So. 2d. 1118 (Ala. 1997) (affirming an award of $1,000,000 in a case in which the evidence showed that plaintiff's economic loss was a maximum of $16,222.61). Other courts have commented on the excessive damage awards in Alabama. *See Jackson v. American Banker Ins. Co. of Florida*, 976 F. Supp. 1450 (S.D. Ala. 1997) (reviewing recent history of tremendously large punitive damages verdicts in Alabama).

17. Considering Plaintiff's allegations, which, if believed by a jury, could support both mental anguish damages and punitive damages, and considering the recent history of Alabama courts in awarding large damage awards for both mental anguish and punitive damages, it is more likely than not that the amount in controversy in the present case exceeds $75,000, exclusive of interest and costs.

18. Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441, *et seq.*

## **CONCLUSION**

For the reasons stated herein, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Thus, Unum Life Insurance Company of America, UnumProvident

Corporation and Genex Services, Inc. respectfully request that this Honorable Court assume jurisdiction over this action.

Respectfully submitted,

_____
HENRY T. MORRISSETTE        (MORRH7622)
DOUGLAS W. FINK             (FINKD3798)
Attorneys for Defendants
Unum Life Insurance Company of America,
UnumProvident Corporation, and
Genex Services, Inc.

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:   (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, December 21, 2005, served a copy of the foregoing pleading on the following listed counsel of record by mailing the same by United States mail, property addressed and first class postage prepaid.

_____

COUNSEL OF RECORD:

Thomas O. Sinclair, Esquire
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

418819_1

- 9 -