IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

RECEIVED
NOV 23 2005
LAW DEPT.

| | |
|---|---|
| BETTY BULLARD, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV-05-2929 |
| | ) |
| UNUMPROVIDENT CORPORATION; | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA; | ) |
| GENEX SERVICES, INC.; | ) |
| and FICTITIOUS DEFENDANTS "A", | ) |
| "B", and "C", whether singular or | ) |
| plural, being those other persons, | ) |
| corporations, firms, or other entities | ) |
| whose wrongful conduct caused or | ) |
| contributed to the cause of the injuries | ) |
| and damage to the plaintiff, all of | ) |
| whose true and correct names are | ) |
| unknown to the plaintiff at this time, | ) |
| but which will be substituted by | ) |
| amendment when ascertained, | ) |
| Defendants. | ) |

FILED CIRCUIT COURT OF MONTGOMERY COUNTY 2005 NOV 15 AM 11:17

## COMPLAINT

**COMES NOW** the Plaintiff, Betty Bullard, by and through the undersigned counsel of record, and hereby brings the following Complaint against Defendants, stating as follows:

### THE PARTIES

1. Plaintiff Betty Bullard is, and at all times relevant hereto has been, an adult resident citizen of Montgomery, Alabama.

2. Defendant UnumProvident Corporation ("UnumProvident") is, upon information and belief, a Delaware corporation, doing business by agent in Alabama, and maintains its principal place of business in Hamilton County, Tennessee, at One Fountain Square,

1

Chattanooga, Tennessee 37402. Defendant UnumProvident's agent for service of process is CT Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36104.

3. Defendant UNUM Life Insurance Company of America ("Unum Life") is, upon information and belief, a Delaware corporation, with its principal place of business in Massachusetts.

4. Defendant Unum Life is an insurance company authorized to transact the business of insurance in the state of Alabama. Defendant Unum Life's agent for service of process is CT Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36104.

5. Defendant Genex Services, Inc., is, upon information and belief, a Pennsylvania corporation whose principle place of business is Wayne, Pennsylvania, who may be served with process by serving GENEX Services, Inc., CT Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36104.

6. Defendant Genex Services, Inc. provides services through certain contracts with UnumProvident Corporation whereby Genex investigates claims and/or provides information to UnumProvident with regard to the restrictions and limitations appropriate for the Plaintiff's medical condition.

7. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damage to the Plaintiff. The true and correct names and addresses of these Fictitious Defendants are currently unknown to the Plaintiff, but will be added by amendment when ascertained.

## VENUE

8. Venue is proper in Montgomery County, Alabama, as each of the Defendants maintains offices and conducts business by agent in Montgomery County, which also serves as Plaintiff's residence.

9. Furthermore, the Defendants were responsible for the administration of Plaintiff's disability plan provided in Montgomery County, Alabama, the Plaintiff's claim for benefits was submitted in Montgomery County, Alabama, and the Plaintiff's employer is in Montgomery County, Alabama. Therefore, a substantial part of the events or omissions giving rise to the Plaintiff's complaint occurred in Montgomery County, Alabama.

## ERISA

10. The matters complained of herein do not fall within the preemptive scope of the Employee Retirement Income Security Act ("ERISA"), as the plan was provided to Plaintiff as part of the employment benefits provided by her employer, Annuity Board of the Southern Baptist Convention ("ABSBC"), which is a § 501(c)(3) tax-exempt institution. The plan falls within the definition of a church plan under 29 U.S.C. § 1002(33), and is excluded from the preemptive scope of ERISA, by 29 U.S.C. § 1003(b).

11. The Plaintiff was employed by ABSBC at all times relevant hereto. Plaintiff obtained a long term disability policy and life insurance policy during her period of employment with ABSBC. ABSBC files no documents with the Department of Labor claiming that this long term disability policy is part of an employee welfare benefit plan established pursuant to ERISA.

12. Given that ABSBC is an organization established "by a convention or association of churches," ABSBC conforms to the definition of a church plan as defined within ERISA. 29 U.S.C. § 1002 (33).

13. Therefore, the long term disability policy at issue in the present case falls within the exception of ERISA pertaining to church plans. See e.g., Friend v Ancillia Systems, Inc., 68 F.Supp.2d 969 (N.D. Ill 1999) (finding a not for profit corporation that provided support services to affiliated hospitals and other affiliated healthcare providers, which was established by the Poor Handmaids of Jesus Christ, to fall within the church plan exception to ERISA); ERISA opinion letter number 95-10a, 1995 ERISA Lexis 12 (June 16, 1995) (Department of Labor opinion granting church plan status to St. Joseph's University of Pennsylvania which was operated by the society of Jesus); ERISA opinion letter number 94-04 A, 1994 ERISA Lexis 4 (February 17, 1994) (Department of Labor opinion letter granting church plan status to a healthcare system controlled by a religious order); ERISA opinion letter number 90-13A, 1990 ERISA Lexis 14 (May 10, 1990) (Department of Labor opinion letter granting church plan status to a college controlled by a religious order). Therefore, the long term disability policy and life insurance policy in the present case falls within the church plan exception to ERISA.

14. Plaintiff asserts no claim pursuant to any federal law or statute.

## STATEMENT OF THE FACTS

15. At the times relevant hereto, Plaintiff Bullard was employed by ABSBC as an administrative assistant. As a result of her employment by ABSBC, Plaintiff became insured under the policies at issue herein, which provided coverage for Plaintiff's disability as described hereinafter.

16. Plaintiff was covered under the insurance plan[1] provided by her employer, issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company of

---

[1] The Plan includes any and all long term disability, short term disability, life insurance or any other policies under which the Plaintiff is entitled to receive benefits which are provided by ABSBC, including but not limited to long term disability policy number 1358453 and life insurance policy number 1358879.

4

America. Specifically, Plaintiff was covered under the plan naming ABSBC as the named insured. Under said plan, persons listed as eligible for coverage included "all active salaried employees of a church, agency or institution in the United States affiliated with the Southern Baptist Convention." Under the policies, a person is deemed "disabled" when, as a result of an injury or sickness, she is "limited from performing the material and substantial duties" of her regular occupation and has a 20% or more loss in her indexed monthly earnings. After a certain period of benefits, a person is "disabled" when, as a result of an injury or sickness, that person is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training, or experience.

17. The Plaintiff is, and at all times relevant hereto has been, totally disabled. Specifically, but without limitation, the Plaintiff was diagnosed with rheumatoid arthritis, narcolepsy, ulcerative colitis, diskectomies, and cervical fusions. Plaintiff suffers from fatigue, dizziness, pain, and has difficulty with concentration, is otherwise unable to perform her basic job functions, and is disabled within the definition of the insurance policies.

18. On June 16, 1993 Plaintiff was hired by the ABSBC as an administrative assistant faithfully and regularly performing the duties required of her.

19. On May 21, 2004 Plaintiff ceased working due to her disabilities. Plaintiff's date of disability was May 22, 2004.

20. On May 26, 2004 Ms. Linda Young faxed Plaintiff's claim submission for LTD benefits and life premium waiver to Defendant stating, "…Mrs. Bullard is eligible for Long Term Disability Benefits and Premium Waiver."

21. On August 18, 2004 a disability consultant for UnumProvident recommended the claim be closed based upon incomplete medical documentation, and on August 19, 2004

Plaintiff's claim for disability benefits and life premium waiver was closed. At the same time, an employee of Defendant's cancelled all outstanding, unfulfilled requests for medical documents from Plaintiff's medical providers.

22. On September 1, 2004 Defendant's notified Plaintiff by letter of their denial of her claim for disability benefits; and subsequently notified her on September 9, 2004 that she was denied life waiver of premium.

23. In November 2004 Plaintiff appealed the denial of long term disability benefits and life premium waiver, pursuant to the required administrative procedures within the insurance policies.

24. In the course of this appellate review the Defendant's relied upon medical information submitted during the initial review of Plaintiff's claim; the same medical documentation on which Defendant based their previous denial. Plaintiff's policy clearly states, "no deference will be afforded to the initial determination."

25. In two separate reviews, during the appellate process, a board certified physician employed by the Defendant found "some functional loss is supported", and recommended reasonable restrictions and limitations in agreement with Plaintiff's attending physician.

26. On at least one occasion during the appellate process through an "RN review" an employee of the Defendant's also found "the documentation would indicate a reasonable expectation of some functional loss."

27. Defendant was to make a determination on this appeal within 45 days from the date of the appeal (November 3, 2005), with the option to extend another 45 days (90 days total). Defendant should have notified Plaintiff and her employer of their appeal determination by January 31, 2005 (90 days after Plaintiff's appeal).

28. Beginning January 2005 until March 2005 both the Plaintiff and her employer attempted on numerous occasions, by phone and fax, to learn the status of Plaintiff's appeal. While there is nothing in the claim file during this time period to indicate Defendant was in process of obtaining documentation, the Plaintiff and her employer were consistently left in a holding pattern.

29. Plaintiff's policy clearly states that to meet the policies definition of disability she need only be "<u>limited</u> from performing the material and substantial duties of your regular occupation due to the sickness or injury." According to Defendant's physician review and RN review, she was found to be <u>limited</u> due to her medical conditions.

30. The Defendant's employees are not to make a medical diagnosis based solely on a paper review of the claim file. Rather if the reviewing physician believes the claimant may have a particular medical condition the proper course of action is for the physician to state as such and suggest an examination be conducted either by the attending physician or an IME physician.

31. On April 6, 2005 Defendant's notified Plaintiff and her employer their appeal determination was to uphold the previous denial of long term disability benefits and life waiver of premium.

32. Plaintiff's policy provides a return work assistance program. The Defendant at no time offered to assist the Plaintiff in any return work attempt as provided for in the policy.

## JOINT AND SEVERAL LIABILITY

33. The named defendants herein are jointly and severally liable on all counts.

34. UnumProvident Corporation is the result of a series of corporate mergers. On June 30, 1999, UNUM Life Insurance Company of America, along with its holding company, UNUM Corporation of Portland, Maine, merged with and into the Provident Companies, Inc.,

whereby UNUM Life Insurance Company of America and UNUM Corporation were dissolved, leaving Provident Companies, Inc., as the surviving corporation. Provident Companies, Inc. subsequently amended its charter and changed its name to UnumProvident Corporation.

35. The corporate offices of UnumProvident Corporation remained in Chattanooga, Tennessee, and UnumProvident Corporation began adjusting claims on Unum Life Insurance Company of America policies on an integrated basis at UnumProvident Corporation's corporate offices and principal place of business in Chattanooga, Hamilton County, Tennessee.

36. Defendant Genex Services, Inc. provides services through certain contracts with UnumProvident Corporation whereby Genex investigates claims and/or provides information with regard to the restrictions and limitations appropriate for the Plaintiff's medical condition.

37. Unum Life Insurance Company of America is the company that purportedly issued the insurance policy under which the Plaintiff was covered through her employer, ABSBC.

38. Unum Life Insurance Company of America and Genex Services, Inc. are wholly owned and operated subsidiaries of UnumProvident Corporation, and have no claims personnel of their own. Instead, UnumProvident employees participated in and, in fact, controlled the assessment of the Plaintiff's claim and the decision to deny Plaintiff her benefits under the plan.

39. "UnumProvident Corporation owns the following companies: The Paul Revere Corporation, Unum Holding Company, Colonial Companies, Inc., and Provident Life and Casualty Insurance Company.

40. "Colonial Companies, Inc., which is owned by UnumProvident Corporation, owns Colonial Life and Accident Insurance Company."

41. "The Paul Revere Corporation, which is owned by UnumProvident Corporation,

owns the Paul Revere Life Insurance Company."

42. "Unum Holding Company, which is owned by UnumProvident Corporation, owns First Unum Life Insurance Company."

43. "Unum Holding Company (which is owned by UnumProvident Corporation) and UnumProvident Corporation split ownership of Unum Life Insurance Company of America."

44. "UnumProvident Corporation, the Paul Revere Life Insurance Company (which is owned by the Paul Revere Corporation) and Unum Life Insurance Company of America (which is owned by Unum Holding Company and UnumProvident Corporation) split ownership of Provident Life and Accident Insurance Company."

45. In filings with the Securities and Exchange Commission (the "SEC"), UnumProvident Corporation designates Genex Services, Inc. and Unum Life Insurance Company as being wholly owned subsidiaries. Further, in filings with the SEC, UnumProvident reports, as UnumProvident income, all of the income received by its wholly owned subsidiaries Genex Services, Inc. and Unum Life Insurance Company. Similarly, in filings with the SEC, UnumProvident designates, as liabilities of UnumProvident, the liabilities of its wholly owned subsidiaries Genex Services, Inc. and Unum Life Insurance Company.

46. UnumProvident Corporation is a proper party herein, and is jointly and severally liable with its subsidiaries Unum Life Insurance Company of America and Genex Services, Inc. on the grounds that UnumProvident Corporation has complete dominion and control of its subsidiaries' finances, policies, and business practices, and so dominates its subsidiaries that its subsidiaries and UnumProvident Corporation have no substantial separate existence of their own and, as such, should be held jointly and severally liable for any damages that may be awarded.

## COUNT ONE
### (Breach of Contract)

47. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

48. Plaintiff was covered under the Long-Term Disability insurance and life insurance policies provided by her employer, issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company of America. Specifically, Plaintiff was covered under the policies naming ABSBC as the named insured.

49. The Plaintiff performed all obligations required of her under the insurance policies and contracts, and no defenses exist to Defendants' failure and refusal to perform under the contracts, as required by the terms of the policy.

50. Defendants have breached, and continue to breach, their contractual duties under the policies of insurance by failing and refusing to pay benefits owed the Plaintiff.

51. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered, and continues to suffer, substantial damages as previously set forth above.

**WHEREFORE**, premises considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT TWO
### (Bad Faith)

52. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

53. Plaintiff was covered under the Long-Term Disability insurance policy and the

life insurance policy provided by her employer, issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company of America. Specifically, Plaintiff was covered under the policies naming ABSBC as the named insured.

54. At all times relevant to the matters alleged herein, Defendants were under a duty to use good faith in the handling of Plaintiff's claims.

55. Defendants failed and refused to act in good faith, and instead deliberately breached the contracts of insurance in bad faith, and in the absence of any legitimate or arguable reason not to perform as required, by intentionally, willfully, deliberately, and/or recklessly refusing to pay benefits which the Defendants knew were owed the Plaintiff under the disability insurance policies under which the Plaintiff was covered.

56. As the direct and proximate result of Defendants' intentional, willful, deliberate, and/or reckless bad faith conduct and refusal to pay benefits which Defendants knew were owed the Plaintiff, Plaintiff was injured and damaged as alleged above.

**WHEREFORE**, premises considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT THREE
### (Fraud)

57. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

58. Plaintiff was covered under the insurance policies provided by her employer, issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company of

America. Specifically, Plaintiff was covered under the policies naming ABSBC as the named insured.

59. At all times relevant hereto, Defendants continuously represented to the Plaintiff that Defendants had provided Plaintiff with a disability policy that would pay monthly disability benefits in the event the Plaintiff were to become disabled and was unable to perform the duties of her occupation while said disability policy was in-force.

60. At all times relevant hereto, Defendants continuously represented to the Plaintiff that the Defendants have provided the Plaintiff with a life insurance policy that would remain in effect by operation of a life premium waiver in the event the Plaintiff would become disabled and would be unable to perform the duties of her occupation while said policy in force.

61. Plaintiff reasonably relied upon Defendants' representations regarding their commitment to honor the terms of the policies, to adjust claims in good faith, and to pay any benefits that might come to be due the Plaintiff.

62. Without Plaintiff's knowledge, Defendants entered into a pattern and practice of fraudulent conduct and conspired and cooperated with one another in committing the frauds practiced on the Plaintiff, and other insureds, by denying benefits that were due to be paid.

63. The representations made by Defendants to the Plaintiff and other insureds in order to induce them into entering into, and then maintaining, policies of insurance were false, were known by the Defendants to be false at the time they were made, and were made with the intent to lead the Plaintiff and others to rely on said misrepresentations and fraud to their detriment and to Defendants' benefit.

64. As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiff has suffered and continues to suffer

substantial damages as alleged above.

**WHEREFORE**, premises considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT FOUR
### (Suppression)

65. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

66. Plaintiff was covered under the insurance policies provided by her employer, issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company of America. Specifically, Plaintiff was covered under the policies naming ABSBC as the named insured.

67. At all times relevant hereto, the Defendants intentionally, deliberately, and maliciously failed to disclose to the Plaintiff and similarly situated insureds that Defendants would not honor the terms of Plaintiff's policies of insurance, that the true facts would be disregarded, and that Defendants, in an attempt to improve Defendants' financial status by fraudulently avoiding paying benefits, maintained in place an undisclosed, secret corporate policy aimed at postponing and denying claims and benefits regardless of whether same claims were meritorious and due to be paid.

68. At all times relevant hereto, the Plaintiff reasonably relied on, and was deceived by, Defendants' material non-disclosures to her detriment.

69. As a direct and proximate result of Defendants' wrongful acts and omissions and

fraudulent conduct as previously alleged herein, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, premises considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT FIVE
### (Misrepresentation)

70. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

71. Plaintiff was covered under the insurance policies provided by her employer, issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company of America. Specifically, Plaintiff was covered under the plan naming ABSBC as the named insured and identified as being policies numbered LTD 111604, and life 552580.

72. Prior to, at the time of, and after the Plaintiff's policies were issued by the Defendants, Defendants negligently, wantonly, recklessly, and/or intentionally misrepresented the material facts to the Plaintiff in order to induce her to act to her detriment and to Defendants' benefit.

73. Plaintiff did, in fact, reasonably rely on Defendants' misrepresentations and fraudulent conduct to her detriment.

74. As a direct and proximate result of Defendants' misrepresentations and fraudulent conduct as previously alleged herein, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

WHEREFORE, premises considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT SIX
### (Conspiracy)

75.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

76.     Plaintiff was covered under the insurance policies provided by her employer, issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company of America. Specifically, Plaintiff was covered under the policies naming ABSBC as the named insured.

77.     As previously alleged herein, Defendants conspired with one another to commit fraud upon the Plaintiff and other similarly situated individuals by misrepresenting and suppressing materials facts from the Plaintiff, and by wrongfully denying her claim and refusing to pay benefits to which she was entitled.

78.     As a direct and proximate result of Defendants' conspiracy and fraudulent acts and omissions previously alleged herein, Plaintiff has suffered, and continues to suffer, substantial damages as alleged above.

WHEREFORE, premises considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

Respectfully Submitted,

_____
Thomas O. Sinclair (SIN018)

Thomas O. Sinclair (SIN018)
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
Ph:     (205) 803-0051
Fax:    (205) 803-0053

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury on all counts so triable.

_____
Thomas O. Sinclair

**The Clerk is Requested to Serve the Defendants by Certified Mail as follows:**

**UNUM Life Insurance Company of America**
CT Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104

**UNUMProvident Corporation**
CT Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104

**Genex Services, Inc.**
CT Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104