IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | | CASE NO. |
| vs. | § | |
| | | CV-2005-1217 |
| UNUMPROVIDENT CORPORATION; | § | |
| UNUM LIFE INSURANCE COMPANY | | |
| OF AMERICA; GENEX SERVICES, | § | |
| INC., et al., | | |
| | § | |
| Defendants. | | |
| | § | |

## ANSWER

Defendants UnumProvident Corporation ("UnumProvident"), Unum Life Insurance Company of America ("Unum Life"), and Genex Services, Inc. ("Genex") answer the Complaint of the plaintiff in the above-styled action as follows:

1. Upon information and belief, Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants admit that UnumProvident is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Tennessee and UnumProvident submits to the personal jurisdiction of this Court for purposes of this lawsuit. Defendants deny the remaining allegations in Paragraph 2 of the Complaint, as worded.

3.    Defendants deny the allegations in Paragraph 3.

4.    Defendants admit that Unum Life is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Tennessee and Unum Life submits to the personal jurisdiction of this Court for purposes of this lawsuit. Defendants deny the remaining allegations in Paragraph 4 of the Complaint, as worded.

5.    Defendants admit that Genex is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania and Genex submits to the personal jurisdiction of this Court for purposes of this lawsuit. Defendants deny the remaining allegations in Paragraph 5 of the Complaint, as worded.

6.    Defendants admit that Genex provides certain services through contracts with UnumProvident, but deny that Genex had any involvement in the claim made the basis of plaintiff's complaint. Defendants deny the remaining allegations in Paragraph 6 of the Complaint, as worded.

7.    No response is required of these Defendants. To the extent a response is deemed to be required, these Defendants lack information and/or knowledge sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Complaint and, therefore, deny the same.

8.    These Defendants admit, upon information and belief, that Plaintiff resides in Montgomery County and, as set forth in their Notice of Removal of this action, admit that venue is appropriate in the United States District Court for the Middle District of Alabama, Northern Division.

9.     These Defendants consent to the jurisdiction of the United States District Court for the Middle District of Alabama, Northern Division, for purposes of this lawsuit. Defendants deny any remaining material allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 call for a legal conclusion and these Defendants presently deny the same and demand strict proof thereof.

11.     Defendants admit that Plaintiff was covered under a group long term disability policy and a group life insurance policy issued to ABSBC. Defendants presently lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and, therefore, deny the same.

12.     The allegations in Paragraph 12 call for a legal conclusion and these Defendants presently deny the same and demand strict proof thereof.

13.     The allegations in Paragraph 13 call for a legal conclusion and these Defendants presently deny the same and demand strict proof thereof.

14.     The allegations in Paragraph 14 call for a legal conclusion and these Defendants presently deny the same and demand strict proof thereof.

15.     Defendants admit, upon information and belief, that Plaintiff was employed by ABSBC and became eligible for certain insurance coverage as a result of such employment. Defendants deny the remaining allegations in Paragraph 15, as worded.

16.     Defendants admit that Plaintiff was eligible for long term disability coverage under a group disability policy, bearing policy number 111604001, that was issued by Unum Life to the Annuity Board of the Southern Baptist Convention ("ABSBC"). Defendants also admit that Plaintiff was eligible for coverage under a group

- 3 -

life insurance policy issued by Unum Life to the ABSBC (No. 552580). The terms of those policies speak for themselves and these Defendants deny the remaining averments of Paragraph 16 of the Complaint to the extent they are inconsistent with the terms of those policies.

17.    Defendants deny the allegations in Paragraph 17 of the Complaint.

18.    Defendants lack information and/or knowledge sufficient to form a belief as to the truth of the averments of Paragraph 18 of the Complaint and, therefore, deny the same.

19.    Defendants deny the allegations in Paragraph 19 of the Complaint.

20.    Defendants admit that Ms. Linda Young is shown as the sender on the fact of Plaintiff's claim submission for LTD benefits and life premium waiver received on May 26, 2004. The letter speaks for itself. Defendants deny the remaining allegations in Paragraph 20 to the extent they are inconsistent with that letter.

21.    Defendants admit that, on August 18, 2004, a disability consultant acting on behalf of Unum Life recommended that Plaintiff's claim for benefits be denied because the medical records and information provided in support of Plaintiff's claim and the medical records gathered during the investigation of Plaintiff's claim did not support disability. Defendants deny the remaining allegations in Paragraph 21.

22.    Defendants admit that Unum Life notified Plaintiff of the decision on her claim on August 23, 2004 by telephone and followed that telephone call with a letter dated September 1, 2004 informing Plaintiff of the decision on her claim. Defendants further admit that Unum Life notified Plaintiff of the decision on her claim for Life

Insurance Premium Waiver through letter on September 9, 2004. Defendants deny the remaining allegations in Paragraph 22.

23.    Defendants admit that November 3, 2004, a letter was received from Plaintiff notifying UnumProvident that Plaintiff wished to appeal her disability determination. Defendants deny the remaining allegations in Paragraph 23.

24.    Defendants admit that the medical records and documentation submitted during the original review of Plaintiff's claim were included in the information considered upon review of Plaintiff's claim on appeal. The policy speaks for itself. To the extent Plaintiff's allegations in Paragraph 24 differ from the language of the policy, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants assert that the medical reviews performed in the appellate process and included in the claim file speak for themselves. To the extent Plaintiff's allegations differ from the specific content of those reviews, Defendants deny the allegations in Paragraph 25.

26.    Defendants assert that any "RN" review in the file speaks for itself. To the extent Plaintiff's allegations differ from the specific language found in a report of that review, Defendants deny those allegations.

27.    In response to Paragraph 27 of the Complaint, Defendants assert that the communications to Plaintiff concerning the status of appeal are documented in the claim file. To the extent the allegations in Paragraph 27 differ from those communications,

Defendants deny those allegations, and Defendants deny the remaining allegations in Paragraph 27.

28.    The Defendants assert that the documentation of communications between Defendant and Plaintiff and her employer in the claim file outline the communications with Plaintiff concerning her claim.  To the extent the allegations Paragraph 28 differ from those communications, Defendants deny the remaining allegations in Paragraph 28 and specifically deny that there is nothing in the claim filed during the January 2005 through March 2005 time period indicating that "Defendant was in the process of obtaining documentation."

29.    Defendants assert that the Group LTD policy speaks for itself.  To the extent the allegations Paragraph 29 differ from that policy language, Defendants deny those allegations.  Defendants also point out that the Group LTD policy contains additional language and definitions that are not included in the allegations in Paragraph 29 that more fully and accurately describe the terms of Plaintiff's coverage.

30.    Defendants assert that Unum Life's obligations under the policy are outlined in the policy itself.  Defendants' obligations are defined by the terms of that policy and the applicable law.  To the extent the allegations Paragraph 30 differ from requirements in policy language and applicable law, Defendants deny those allegations.

31.    Defendants admit the allegations in Paragraph 31.

32.    Defendants assert that Plaintiff's disability coverage under the LTD policy as issued to employer speaks for itself.  These Defendants deny allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     UnumProvident Corporation admits that it was created as a result of a merger between Unum Corporation of Portland, Maine and Provident Companies, Inc. on June 30, 1999.  UnumProvident further admits that Unum Corporation was dissolved leaving Provident Companies, Inc., as the surviving corporation.  Defendants admit that Provident Companies, Inc., subsequently remitted its charter and changed its name to UnumProvident Corporation.  Defendants deny the remaining allegations to Paragraph 34.

35.     Defendants admit that the corporate offices of UnumProvident Corporation remain in Chattanooga, Tennessee.  Defendants further admit that UnumProvident Corporation employees, acting on behalf of Unum Life Insurance Company of America, provide services on claims on Unum Life policies.  Defendants deny the remaining allegations to Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants admit that Unum Life Insurance Company of America is a wholly owned subsidiary of UnumProvident Corporation and that individuals employed by UnumProvident Corporation, acting on behalf of Unum Life Insurance Company of America, handled Plaintiff's claim.  Defendants deny the allegations in Paragraph 38 as to Genex.

39.     Defendants admit that UnumProvident Corporation owns the Paul Revere Corporation, Colonial Companies, Inc., and, has an ownership interest in Provident Life

and Casualty Insurance Company. Defendants deny the remaining allegations to Paragraph 39.

40.    Defendants admit the allegations in Paragraph 40.

41.    Defendants admit the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42.

43.    Defendants admit that UnumProvident Corporation owns Unum Life Insurance Company of America. Defendants deny the remaining allegations in Paragraph 43.

44.    Defendants admit that UnumProvident Corporation, the Paul Revere Life Insurance, and Unum Life Insurance Company of America which is owned by UnumProvident Corporation share ownership of Provident Life and Accident Insurance Company. Defendants deny the remaining allegations in Paragraph 44.

45.    Defendants assert that the Securities and Exchange Commission filings speak for themselves, and, to the extent the allegations in Paragraph 45 differ from those filings, defendants deny those allegations.

46.    Defendants deny the allegations in Paragraph 46.

<u>COUNT ONE</u>

47.    Defendants reassert their prior responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

48.    Defendants admit that Plaintiff was eligible for long term disability coverage under a group disability policy, bearing policy number 111604001, that was issued by Unum Life to the ABSBC, subject to the terms of that policy. Defendants also

- 8 -

admit that plaintiff was eligible for coverage under a group life insurance policy issued by Unum Life to the ABSBC (No. 552580), subject to the terms of that policy. Defendants deny the allegations in Paragraph 48 of the Complaint and deny that Plaintiff was or is entitled to benefits under the above-referenced policies.

49.   Defendants deny the allegations in Paragraph 49 of the Complaint.

50.   Defendants deny the allegations in Paragraph 50 of the Complaint.

51.   Defendants deny the allegations in Paragraph 51 of the Complaint.

<u>COUNT TWO</u>

52.   Defendants reassert their prior responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

53.   Defendants admit that Plaintiff was eligible for long term disability coverage under a group disability policy, bearing policy number 111604001, that was issued by Unum Life to the ABSBC, subject to the terms of that policy. Defendants also admit that plaintiff was eligible for coverage under a group life insurance policy issued by Unum Life to the ABSBC (No. 552580), subject to the terms of that policy. Defendants deny the allegations in Paragraph 53 of the Complaint and deny that Plaintiff was or is entitled to benefits under the above-referenced policies.

54.   Defendants admit that Unum Life was under a duty to comply with Alabama law in the handling of the plaintiff's insurance claim. These defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.   Defendants deny the allegations in Paragraph 55 of the Complaint.

56.   Defendants deny the allegations in Paragraph 56 of the Complaint.

## COUNT THREE

57.    Defendants reassert their prior responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

58.    Defendants admit that Plaintiff was eligible for long term disability coverage under a group disability policy, bearing policy number 111604001, that was issued by Unum Life to the ABSBC, subject to the terms of that policy.  Defendants also admit that plaintiff was eligible for coverage under a group life insurance policy issued by Unum Life to the ABSBC (No. 552580), subject to the terms of that policy. Defendants deny the allegations in Paragraph 58 of the Complaint and deny that Plaintiff was or is entitled to benefits under the above-referenced policies.

59.    Defendants deny the allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60.

61.    Defendants deny the allegations in Paragraph 61 of the Complaint.

62.    Defendants deny the allegations in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations in Paragraph 63 of the Complaint.

64.    Defendants deny the allegations in Paragraph 61 of the Complaint.

## COUNT FOUR

65.    Defendants reassert their prior responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

66.    Defendants admit that Plaintiff was eligible for long term disability coverage under a group disability policy, bearing policy number 111604001, that was issued by Unum Life to the ABSBC, subject to the terms of that policy.  Defendants also

admit that plaintiff was eligible for coverage under a group life insurance policy issued by Unum Life to the ABSBC (No. 552580), subject to the terms of that policy. Defendants deny the allegations in Paragraph 66 of the Complaint and deny that Plaintiff was or is entitled to benefits under the above-referenced policies.

67.    Defendants deny the allegations in Paragraph 67 of the Complaint.

68.    Defendants deny the allegations in Paragraph 68 of the Complaint.

69.    Defendants deny the allegations in Paragraph 69 of the Complaint.

<u>COUNT FIVE</u>

70.    Defendants reassert their prior responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

71.    Defendants admit that Plaintiff was eligible for long term disability coverage under a group disability policy, bearing policy number 111604001, that was issued by Unum Life to the ABSBC, subject to the terms of that policy. Defendants also admit that plaintiff was eligible for coverage under a group life insurance policy issued by Unum Life to the ABSBC (No. 552580), subject to the terms of that policy. Defendants deny the allegations in Paragraph 71 of the Complaint and deny that Plaintiff was or is entitled to benefits under the above-referenced policies.

72.    Defendants deny the allegations in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations in Paragraph 74 of the Complaint.

COUNT SIX

75.    Defendants reassert their prior responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

76.    Defendants admit that Plaintiff was eligible for long term disability coverage under a group disability policy, bearing policy number 111604001, that was issued by Unum Life to the ABSBC, subject to the terms of that policy. Defendants also admit that plaintiff was eligible for coverage under a group life insurance policy issued by Unum Life to the ABSBC (No. 552580), subject to the terms of that policy. Defendants deny the allegations in Paragraph 76 of the Complaint and deny that Plaintiff was or is entitled to benefits under the above-referenced policies.

77.    Defendants deny the allegations in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations in Paragraph 78 of the Complaint.


**GENERAL DENIAL**

Defendants deny the allegations in plaintiff's complaint except to the extent expressly admitted hereinabove and deny that Plaintiff is entitled to any relief in this action.


**FIRST DEFENSE**

Plaintiff's complaint and each claim therein fails to state claims upon which relief can be granted against these Defendants.

## SECOND DEFENSE

UnumProvident is a holding company.   Neither UnumProvident nor Genex were properly named as Defendants in this action.  As is set forth in the Notice of Removal of this action to federal court, the insurance policies made the basis of this action were issued by Unum Life Insurance Company of America, a subsidiary of UnumProvident. Thus, UnumProvident and Genex are not proper parties herein and plaintiff has failed to state claims against these defendants upon which relief can be granted.

## THIRD DEFENSE

These Defendants plead that Plaintiff failed to satisfy conditions precedent to recovery under the subject policies and has failed to mitigate her damages.

## FOURTH DEFENSE

These Defendants plead that the injuries and damages complained of were caused by Plaintiff's own conduct.

## FIFTH  DEFENSE

These Defendants plead that Plaintiff's claims are barred by the applicable statutes of limitation.

## SIXTH DEFENSE

Each of these Defendants denies that it has been guilty of any wanton conduct, misrepresentation, bad faith, or any other conduct that would support an award of punitive damages against it.

## SEVENTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to defendants under the <u>Constitution of Alabama</u>.

## EIGHTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to defendants under the <u>Constitution of the United States</u>.

## NINTH DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the <u>Constitution of the United States</u>; of the right to counsel provided by the Sixth Amendment of the <u>Constitution of the United States</u>; of the right to trial by jury of the Seventh Amendment of the <u>Constitution of the United States</u>; of the proportionality principles contained in the Eighth Amendment of the <u>Constitution of the United States</u>; the Due Process Clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections 1, 6, 9, 11, 13, 15, and 35 of the

<u>Constitution of Alabama</u>, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.    The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, the Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.    The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3.    The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

4.    There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

5.    The standards of conduct upon which punitive damages are sought are vague and ambiguous;

6.    The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

7.    The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

8.    The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

9.    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.    The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against a defendant;

13.    The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

14.    An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law.

15.    Present Alabama procedures permit awards of punitive damages that constitute excessive fines.

16.    An award of punitive damages in this case would permit punishment other

- 16 -

than by virtue of a law established and promulgated prior to the alleged offense in this case.

17.   The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendants or the compensatory damages awarded to the plaintiff, if any.


### TENTH DEFENSE

The imposition of punitive damages deprives Defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1 and 6, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1.   Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in 13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

2.   The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3.   The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and

among similarly situated civil defendants;

4.    Punitive damages are penal in nature, and the defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## ELEVENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in 13A-5-11 and 13A-5-12, *Code of Alabama* (1975), jointly and separately.

## TWELFTH DEFENSE

The assessment and adjudication against a defendant of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

## THIRTEENTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and severally:

- 18 -

1.  The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the plaintiff;

2.  The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of the defendants property with no rationally stated purpose; and

3.  Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

### FOURTEENTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Sections 5 and 6 of the Constitution of Alabama because punitive damages are penal in nature, and Defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

### FIFTEENTH DEFENSE

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the Constitution of the United States.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of any defendant's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in defendants status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article I, Sections 1, 6, 13 and 22 of the <u>Constitution of Alabama</u>.

## SEVENTEENTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u> because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## EIGHTEENTH DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Section 6 of the <u>Constitution of Alabama</u>.

## NINETEENTH DEFENSE

Any award of punitive damages to the plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the <u>Constitution of the United States</u> and Article 1, Section 22 of the <u>Constitution of Alabama</u> prohibiting laws which impair the obligation of contracts.

## TWENTIETH DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the <u>Constitution of the United States</u> as incorporated into the Fourteenth Amendment of the <u>Constitution of the United States</u>.

## TWENTY-FIRST DEFENSE

Any award of punitive damages cannot exceed the maximum award allowed pursuant to Alabama Code 6-11-21.

## TWENTY-SECOND DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against any defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section VI of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## TWENTY-THIRD DEFENSE

Plaintiff's claim for benefits is subject to any reductions or offsets applicable under the subject insurance policies, and her claims are barred or reduced, in whole or in part, by any benefits she may have already received or obtained.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against these defendants amount to claims for negligent and wanton claims handling, which are not recognized under Alabama law.

## TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to any future damages.

## TWENTY-SIXTH DEFENSE

The allegations in Plaintiff's Complaint are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and any recovery due Plaintiff is limited solely to recovery expressly allowed by ERISA.

## TWENTY-SEVENTH DEFENSE

Any claims under ERISA, which is plaintiff's exclusive remedy, are barred because of plaintiff's ineligibility for any benefits under the relevant disability plan.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claim for a jury trial is barred in its entirety because a jury trial is not available under the exclusive ERISA remedial scheme.  29 U.S.C. § 1132(a)(1)(B).

## TWENTY-NINTH DEFENSE

Plaintiff's fraud claims fail to state claims upon which relief can be granted as Plaintiff has failed to plead fraud with the specificity required by *Fed.R.Civ.P.* 9(b).

These defendants reserve the right to assert further defenses in this action as discovery progresses.

_____
HENRY T. MORRISSETTE      (MORRH7622)
DOUGLAS W. FINK           (FINKD3798)
Attorneys for Defendants
Unum Life Insurance Company of America,
UnumProvident Corporation, and
Genex Services, Inc.

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of December, 2005, served a copy of the foregoing pleading on all counsel of record by depositing the same in the United States mail, properly addressed, and postage prepaid, to-wit and with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following:

COUNSEL OF RECORD:

Thomas O. Sinclair, Esquire
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama  35209
tsinclair@cwl-law.com

HENRY T. MORRISSETTE    (MORRH7622)
Attorney for Defendants
    HAND ARENDALL, LLC
    Post Office Box 123
    Mobile, Alabama  36601
    Phone:    (251) 432-5511
    Fax:        (251) 694-6375
    E-mail: hmorrissette@handarendall.com