N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | |
| | § | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; | § | |
| UNUM LIFE INSURANCE COMPANY | | |
| OF AMERICA;, et al., | § | |
| Defendants. | § | |

## REPORT OF THE PARTIES' PLANNING MEETING

COME NOW the parties to the above-captioned case, and hereby file their Report of the Parties' Planning Meeting held pursuant to FED. R. CIV. P. 26(f) and the Orders of this Court. For their report of said meeting, the parties jointly state the following:

1. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(f), a meeting was held on February 1, 2006 at 9:00 a.m. by conference call and was attended by Thomas O. Sinclair for the plaintiff, Betty Bullard, and Douglas W. Fink for the defendants, Unum Life Insurance Company of America and UnumProvident Corporation.

2. <u>Pre-Discovery Disclosures</u>. The parties will exchange information required by FED. R. CIV. P. 26(a)(1) by February 17, 2006.

3. <u>Discovery Plan</u>. The parties propose to the court the following discovery plan:

- 2 -

a) Discovery will be needed on the following subjects:

(1) Plaintiff's entitlement to benefits under the subject policies.

(2) Plaintiff's damages and entitlement to recovery.

(3) The circumstances of Plaintiff's medical condition and subsequent disability claim referenced in her complaint.

(4) Any and all communications between Plaintiff and her doctors or anyone else who assisted with the submission of her disability claim.

(5) Plaintiff's activities during the period of time in question, both work-related and non-work-related.

(6) Any and all communications between Plaintiff, or anyone acting on her behalf, and Defendants and/or Plaintiff's employer.

(7) Plaintiff's medical records and employment records.

(8) All facts and documents relating to the claims in Plaintiff's Complaint, including her claim for breach of contract.

(9) All facts and documents relating to Plaintiff's bad faith claims.

(10) All facts and documents relating to Plaintiff's fraud, misrepresentation, suppression, and conspiracy claims.

(11) The relationship between the Defendants.

(12) All facts and documents relating to the purchase of coverage under the policies and payment of the premiums.

(13) Other matters relating to the issue of whether Plaintiff is disabled and entitled to the benefits she seeks under the terms of the policies.

(14) The extent of Plaintiff's vocational limitations, if any.

(15) Plaintiff's job duties during her regular occupation.

(16) The liability, if any, of Defendants.

(17) All facts and documents relating to the affirmative defenses asserted by Defendants.

    b)    All discovery commenced in time to be completed by August 15, 2006.

    c)    Maximum of thirty interrogatories by each party to any other party. Responses due thirty days after services.

    d)    Maximum of thirty requests for admission by each party to any other party. Responses due thirty days after service.

    e)    Maximum of eight depositions by plaintiff and eight depositions by defendant. Each deposition limited to a maximum of seven hours, unless extended by agreement of the parties.

    f)    Reports from retained experts under Rule 26(a)(2) due:

        From plaintiff by June 15, 2006.

        From defendant by July 15, 2006.

4.    Other Items.

    a)    The parties do not request a conference with the Court before entry of the scheduling order.

    b)    The parties request a pretrial conference in December, 2006.

    c)    Plaintiff should be allowed until February 28, 2006 to join additional parties and to amend the pleadings.

    d)    Defendant should be allowed until March 28, 2006 to join additional parties and to amend the pleadings.

    e)    All potentially dispositive motions should be filed by September 1, 2006.

    f)    Settlement cannot be evaluated prior to August of 2006 and may be enhanced by use of mediation.

g)   Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from each party thirty days before trial.

h)   The parties should have ten days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

i)   The case should be ready for trial by January 8, 2007. The trial is expected to take 3 days. This is a jury case.

Dated this 2nd day of February, 2006.


/s/ Thomas O. Sinclair
THOMAS O. SINCLAIR

CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama  35209
Phone:  (205) 803-0051
Fax:      (205) 803-0053


HENRY T. MORRISSETTE     (MORRH7622)
DOUGLAS W. FINK              (FINKD3798)
Attorneys for Defendants
Unum Life Insurance Company of America,
UnumProvident Corporation

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Phone: (251) 432-5511
Fax:      (251) 694-6375

437654_1

- 4 -