IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:05-1217-MEF |
| ) | |
| ) | |
| UNUMPROVIDENT CORPORATION; ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA; ) | |
| GENEX SERVICES, INC.; ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, pursuant to the Court's authority under Rule 26(c), and with the consent of the parties, as evidenced by the signatures of counsel appearing below, it is herby ORDERED:

1. "Confidential" Documents. "Confidential" documents are documents so designated by the producing party. A party disclosing or producing information, documents or things, that it believes to be "Confidential" may designate the same as "Confidential Pursuant to Court Order" or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under Rule 26(c)(7) of the Rules of Civil Procedure. Any such designation shall be made at the time answers to interrogatories or answers to requests for production are served; or at the time that tangible things or copies of the

documents are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 12 below.

2. *Scope of "Confidential" Designation.* The special treatment accorded the documents designated "Confidential" under this Decree shall reach:

    (a) All documents designated "Confidential" under the terms of this Order;

    (b) All copies of such documents;

    (c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents; and

    (d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses such documents.

3. *Restrictions on Disclosure of "Confidential" Documents.* Except with written prior consent of all parties and except as provided elsewhere in this Decree, all documents produced in this suit that are designated "Confidential," shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions. Documents designated "Confidential," and all information in them, may not be disclosed to any person other than:

    (a) The parties to this litigation and Court personnel;

    (b) Counsel for the parties in this suit;

2

(c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning the suit;

(e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

4. <u>Certification of Compliance.</u> Except for the persons identified in subparagraphs 3(a)-(c) of this Decree, no person authorized under the terms of this Decree to receive access to "Confidential" documents shall be granted access to them until such person has read this Decree and agreed in writing to be bound by it pursuant to the form attached to the Decree as Exhibit 1. These written agreements (Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court to any party.

5. <u>Use of "Confidential" Documents at Depositions.</u> Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents at a deposition, at the request of the party asserting confidentiality the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of the Decree.

6. <u>Designating Portions of the Deposition Transcripts Confidential.</u> Any party may within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." Confidential deposition testimony or

3

exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Decree. If no party timely designates testimony or exhibits from deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "Confidential" under the provisions of this Decree subject to the right of any party to challenge such designation under paragraph 12.

    7.    <u>Use of "Confidential" Documents in Papers Filed with the Court</u>. Documents designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 8 of this Decree.

    8.    <u>Use of "Confidential" Documents in Court</u>. Documents designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any court hearing in this litigation, provided that when using "Confidential" documents in court, counsel for the party using the "Confidential" documents shall take steps to insure against the inadvertent disclosure of the "Confidential" documents to persons not subject to this Order.

If any party desires that materials, which are or contain confidential information be filed with the Court, that party shall give opposing counsel ten days notice. Thereafter, any party

objecting to said filing may file a motion requesting that the papers be filed under seal and shall submit these papers to the undersigned Judge in chambers. The Court will review the documents *in camera* in order to determine if they meet the criteria for ordering them sealed. In the event the Court determines that the papers may not be sealed, they will be returned to the party filing the motion. If the papers are sealed, they will be maintained by the Clerk under seal for thirty (30) days after the final conclusion of this litigation, including all appeals, at which time they will be unsealed unless the proper party requests their return prior to that time. In that event, the papers will be returned to that party.

9. <u>Non-Termination and Return of Documents</u>. The provisions of this Decree shall continue to apply to all "Confidential" documents and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all "Confidential" documents to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

10. <u>No Admissions</u>. Nothing contained in this Decree, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information is, or is not, confidential; is or is not, admissible into evidence for any purpose; and is, or is not, subject to inclusion in any "administrative record" filed in this cause.

11. <u>Interim Protection.</u> "Confidential" documents produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Decree by the Court shall be subject to the provisions of this Decree to the same extent as if this Decree has been entered by the Court, unless the Court directs otherwise.

12. <u>Procedures for Challenging "Confidential" Designation</u>. If upon review any party believes that any documents, information or tangible items designated by a designating party are

not "Confidential", then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the document, information or tangible item. The written notice must specifically identify the challenged documents, information or tangible items by bates numbered page where available. The designating party must then seek a protective order from the Court for such documents, information or tangible items. Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the documents, information or tangible item contains information appropriately subject to a Protective Order under Rule 26(c)(7). The filing of a Motion for Protective Order by the designating party within the time limit set forth shall preserve the designation of said documents, or item until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

Prior to submitting to this Court disputes regarding confidentiality of documents, the parties shall confer and shall report to this Court the outcome of the conference.

Either party may seek monetary sanctions, including an award of attorney's fees, for assertions of confidentiality or challenges to confidentiality, which are not made in good faith.

ENTERED: *27 March 2006*

*Vanzetta Penn McPherson*
Judge

**STIPULATED AND AGREED**:

s/ *Thomas O. Sinclair*
(by D. Fink with express permission)
THOMAS O. SINCLAIR (SINCT5932)
Attorney for Plaintiff
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
(205) 803-0051
(205) 803-0053 Facsimile

s/ *Douglas W. Fink*

DOUGLAS W. FINK (FINKD3798)
Attorney for Defendants
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
(251) 694-6375 Facsimile