IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | | CASE NO. |
| vs. | § | |
| | | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; | § | |
| UNUM LIFE INSURANCE COMPANY | | |
| OF AMERICA, et al., | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT UNUMPROVIDENT CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendant UnumProvident Corporation ("UnumProvident") has filed a motion for summary judgment on all claims asserted against UnumProvident in Plaintiff's Complaint, as last amended.  This brief is filed in support of that motion.

## I.    Introduction

This Court should grant UnumProvident's Motion for Summary Judgment on plaintiff's breach of contract and bad faith claims because UnumProvident had no contractual relationship with plaintiff, and plaintiff has not alleged any sufficient alternative basis for recovery against UnumProvident.

Defendant Unum Life Insurance Company of America ("Unum Life") has also filed a motion for summary judgment and a brief in support of that motion. UnumProvident hereby adopts and incorporates herein by reference the undisputed statements of fact and legal arguments set forth in Unum Life's motion and brief as additional support for UnumProvident's motion for summary judgment. UnumProvident also adopts the evidentiary submissions filed by Unum Life.

Similarly, UnumProvident hereby adopts and incorporates by reference herein the argument set forth in Unum Life's brief regarding Plaintiff's entitlement to future benefits. For the reasons set forth in Unum Life's brief, even if Plaintiff were entitled to benefits under the subject insurance policies, she would be entitled to recover no damages for any alleged period of disability extending beyond the date that the jury deliberates and renders a verdict.

## II.    Statement Of Undisputed Material Facts

1.    Plaintiff's Complaint, as last amended, asserts claims for breach of contract and bad faith against both Unum Life and UnumProvident. Plaintiff maintains that she was covered under a benefits plan offered by her employer, the Annuity Board of the Southern Baptist Convention ("ABSBC") and that she obtained disability insurance under a group disability insurance policy issued by Unum Life to the ABSBC. (Complaint at ¶ 16). The disability policy had an effective date of January 1, 2002. (Affidavit of Teresa Ward, attached as part of the evidentiary submissions filed in support of Unum Life's motion). A true and correct copy of the disability policy, Policy No. 111604001 (the "Disability Policy"), is attached as Exhibit A to the Ward Affidavit).

2.      In addition to disability insurance coverage, Ms. Bullard contends that she is owed benefits under a group life insurance policy insuring the lives of certain ABSBC employees. (Complaint at ¶¶ 16 and 20).   A copy of the Summary of Benefits under the subject group life insurance policy issued by Unum Life, Policy No. No. 552580 (the "Life Policy"), is attached as Exhibit B to the Ward Affidavit.  The Life Policy provides coverage to certain classes of employees, including provisions for the waiver of premiums on life insurance coverage in the event a covered employee becomes "totally disabled" prior to age sixty and has been unable to work for nine months. (Ward Affidavit).

3.      UnumProvident and Unum Life deny that Ms. Bullard met the definition of disability under either policy.

4.      As shown on the face of both the Disability Policy and the Life Policy, both were issued by Unum Life.  Thus, UnumProvident did not issue either policy and does not have an insurance contract with the Plaintiff.

5.      UnumProvident was formerly known as Provident Companies, Inc. (Affidavit of Susan Roth, attached hereto as Exhibit 1, at ¶ 1).  Provident Companies, Inc. was incorporated on March 22, 1995.  (Roth Affidavit at ¶ 1).  On June 30, 1999, Unum Corporation merged into Provident Companies, Inc., and Provident Companies, Inc. changed its name to UnumProvident Corporation, effective June 30, 1999.  (*Id.*).

6.      UnumProvident is a holding company that acts as the parent corporation for its non-insurance and insurance company subsidiaries.  Unum Life is a direct wholly owned subsidiary of UnumProvident. (*Id.*, ¶ 2).  UnumProvident did not, and never has,

assumed liability for the claims maintained against any of its insurance company

subsidiaries, including, but not limited to, Unum Life. (*Id.*).

7.      UnumProvident has no contractual relationship with the Plaintiff and has

never issued an insurance contract to any person or group, including Plaintiff or

Plaintiff's employer. (*Id.* at ¶ 3). Only certain subsidiaries, such as Unum Life, are

licensed and authorized to conduct the business of insurance. (*Id.*).

8.      Unum Life maintains liability for its insurance contracts. (*Id.*)  Unum Life

continues to be a Maine corporation that is in good standing and authorized to do

business as an insurance company by the Commissioner of Insurance of the State of

Maine. (*Id.* at ¶ 4.).

9.      Unum Life maintains a separate corporate existence, including having

separate corporate books and records from UnumProvident and a separate board of

directors from UnumProvident. (*Id*. at ¶ 5).

10.    Based upon the facts stated above and the facts set forth in Unum Life's

summary judgment brief, UnumProvident is entitled to summary judgment on all of

plaintiff's claims.

### III.  Argument

**A.      Plaintiff Cannot Recover Against UnumProvident On Her Breach of Contract Claims Because She Has No Contractual Relationship with UnumProvident.**

Plaintiff has no contractual relationship with UnumProvident.  It is clear under

Alabama law that UnumProvident is entitled to summary judgment as a matter of law on

Plaintiff's breach of contract claims. *Employees Benefit Ass'n v. Grissett*, 732 So. 2d 968. 975 (Ala. 1998) (noting that a breach of contract action requires proof of "the existence of a valid contract binding on the parties in the action.")

Therefore, under the undisputed material facts of this case, UnumProvident is entitled to Summary Judgment as a matter of law on plaintiff's contract claim.

> **B.    Defendant UnumProvident is Entitled to Summary Judgment on Plaintiff's Claims of Bad Faith.**

Under Alabama law, a plaintiff alleging bad faith must show: (1) that there was an insurance contract between the parties; (2) an intentional refusal to pay the insured's claims; (3) the absence of any reasonably legitimate or arguable reason for that refusal; (4) the insurer's actual knowledge of the absence of any legitimate or arguable reason; and (5) if the intentional failure to determine the existence of a wrongful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim. *See, e.g., National Sec. Fire & Cas. Co. v. Bowen*, 417 So.2d 179, 183 (Ala. 1982).    As is set forth above, Ms. Bullard can not prove the first element of a bad faith claim against UnumProvident because she had no contractual relationship with UnumProvident.

Furthermore, under Alabama law, a company that "adjusts" or participates in the claim  handling of an insured's claim, but is not a party to the policy contract cannot be held liable for bad faith. *Ligon Furniture Co. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283 (Ala. 1989) (the court properly entered summary judgment on plaintiff's bad faith claim

against the company assigned the job of adjusting plaintiff's claim because the evidence shows that plaintiff had no insurance contract with the adjusting firm on which to base a claim of bad faith). Based on this authority, this Court should grant UnumProvident's Motion for Summary Judgment on plaintiff's bad faith claim as a matter of law.

**C.      Defendant UnumProvident is Entitled to Summary Judgment on Plaintiff's Remaining Claims.**

For the additional reasons set forth in Unum Life's motion for summary judgment, supporting brief, and supporting evidentiary filings, UnumProvident is entitled to summary judgment in its favor as to all claims and allegations set forth against it in Counts One through Six of Plaintiff's Complaint, as last amended.

## IV.    Conclusion

Based upon the foregoing, as well as the reasons set forth in Unum Life's brief in support of its Motion for Summary Judgment in this matter, UnumProvident is entitled to summary judgment in its favor on all claims asserted against it in Counts One through Six of the Plaintiff's Complaint, as last amended. This Defendant is also entitled to summary judgment in its favor regarding any claims by Plaintiff for future damages.

*s/Douglas W. Fink*
HENRY T. MORRISSETTE        (MORRH7622)
DOUGLAS W. FINK             (FINKD3798)
Attorneys for Defendant
UnumProvident Corporation

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on this day, October 5th, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

tsinclair@cwl-law.com

*s/Douglas W. Fink*