IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BETTY BULLARD** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **CASE NO.** |
| **UNUMPROVIDENT CORPORATION;** ) | |
| **UNUM LIFE INSURANCE COMPANY** ) | **CV-2:05-cv-1217-MEF** |
| **OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPPOSITION TO DEFENDANT UNUMPROVIDENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Plaintiff respectfully submits the following brief in support of her opposition to Defendant's motion for summary judgment. Defendants have jointly submitted briefs in support of seeking dismissal of the plaintiff's claim on their merits. Defendant UnumProvident also argues that it has no contractual relationship with the plaintiff or responsibility related to any of the plaintiff's claims and therefore summary judgment is warranted to all claims filed against UnumProvident. This brief will address UnumProvident's contractual relationship arguments. The Plaintiff is filing contemporaneously with this brief a separate brief addressing the defendants' claims that the plaintiff's complaint is due to be dismissed based upon the merits of the case.

In support of the argument that UnumProvident has no contractual relationship with the plaintiff, the defendants have submitted the carefully phrased affidavit of UnumProvident's Vice-President and Assistant General Counsel Susan Roth. However, a review of Ms. Roth's prior deposition testimony reveals that UnumProvident does in

1

fact have a contractual relationship with the plaintiff by and through UnumProvident's contractual relationship with its subsidiary Unum Life. Further, it is revealed through Ms. Roth's deposition testimony that Unum Life Insurance Company is a direct subsidiary of the defendant and that Unum Life Insurance Company has no employees. *See* Exhibit 20.

Further, Judge Dement has already rejected UnumProvident's argument and held them responsible for their actions in adjustments in the claims made on Unum Life Insurance Company policies. *See* Exhibit 21. Finally, and perhaps most telling of all, the defendant UnumProvident fails to make any attempt to address the argument within the complaint setting out that UnumProvident is liable for the actions of it's subsidiary Unum Life. Plaintiff adopts and incorporates by reference the statement of facts and arguments set forth in her brief and opposition to the defendants motion for summary judgment and all evidentiary submissions filed therewith.

## STATEMENT OF FACTS

1. Defendant UnumProvident asserts that Plaintiff's insurance policies were issued by Unum Life, not UnumProvident, and cites to Plaintiff's Complaint at 16 as the authority for this statement. *See* UnumProvident's Memorandum in Support of MSJ at 2. However, Plaintiff's complaint accurately states the fact that her insurance policies were issued by UnumProvident Corporation, and underwritten by UNUM Life Insurance Company. (Complaint at 16).

2. In May 2004, Plaintiff filed a long-term disability claim on her disability and life insurance policies. *See* Exhibit 3. The disability claim forms supplied to

2

Plaintiff, and which Plaintiff completed and returned, were printed on UnumProvident letterhead and indicated in all ways that her claim was being submitted to UnumProvident. *Id.*

3.  On August 18, 2004, a disability consultant for UnumProvident recommended the claim be closed based upon incomplete medical documentation, and on August 19, 2004, Plaintiff's claim for disability benefits and life insurance premium waiver was closed. At the same time, a UnumProvident employee cancelled all outstanding, unfulfilled requests for medical documents from Plaintiff's medical providers. (Complaint at 21).

4.  UnumProvident notified Plaintiff by letter dated September 1, 2004, of their denial of her claim for disability benefits; and subsequently notified her by letter dated September 9, 2004, that she was denied waiver of life insurance premiums. Both letters were printed on UnumProvident letterhead and indicated in all respects that UnumProvident was the entity that had declined her claim for benefits. (Complaint at 22).

5.  UnumProvident notified Plaintiff by letter dated April 6, 2005, of their decision to uphold their denial of her claim for disability benefits. This letter was also printed on UnumProvident letterhead and indicated in all respects that UnumProvident was the entity that had declined her claim for benefits. Exhibit 9.

6.  Plaintiff instituted this action on November 15, 2005, against UnumProvident and Unum Life Insurance Company, based upon their wrongful denial of her claim for benefits under policies 1358453 and 1358879.

7.  Attached hereto is Exhibit 22, which is a general service agreement, entered into between UnumProvident Corporation and it's solely owned subsidiary Unum

Life Insurance Company of America. This is the exact same services agreement addressed by the opinion issued by Judge Dement in <u>Anderson v. Unum Life Ins. Co. of America</u> 414 F. So.2d 1079 (N.D. Ala. 2006), *See* Exhibit 21.

8. "UnumProvident shall maintain the exclusive right to exercise the action and control over associates performing services for recipient [Unum Life Insurance Company of America]. *See Exhibit* 22, UnumProvident General Services Agreement with Unum Life at Paragraph 1.4.

9. "UnumProvident shall indemnify and hold harmless [Unum Life] from and against any fine, penalty, loss, damage, injury, claim, costs, expenses (including reasonable attorney's fees and other reasonable costs and expenses incident to any suit, action, investigation, claim or proceeding) or other liability (individually and collectively, "liabilities") to the extent that it is finally determined by a court of competent jurisdiction or arbitrator that such liabilities arise out of any act or omission of UnumProvident in connection with the performance of services under this agreement, if such acts or omissions are determined by a court to constitute: (a) the failure of UnumProvident to perform its obligations under this agreement; (b) ordinary negligence of UnumProvident or UnumProvident's associates if such a negligence has material adverse consequences to [Unum Life]; or (c) gross negligence or willful misconduct of UnumProvident or UnumProvident's associates (including any dishonest, fraudulent, or criminal acts or omissions, acting alone or in collusion with others). *See* Exhibit 22, UnumProvident General Services Agreement with Unum Life at Paragraph 5.1.

10. "The parties agree that UnumProvident is engaged in an independent business and will perform its obligations under this agreement as an independent contractor and not as the employee, partner or agent [Unum Life]; that the associates

4

performing services under this agreement are not employees of [Unum Life]; that UnumProvident has and hereby retains the right to exercise full control of and supervision over the performance of UnumProvident's obligations under this agreement and full control over the employment, direction, compensation and discharge of all associates assisting in the performance of such obligations; . . .and that UnumProvident will be responsible for UnumProvident's own acts and those of UnumProvident's associates during the performance of UnumProvident's obligations under this agreement." *See* Exhibit 22, UnumProvident General Services Agreement with Unum Life at Paragraph 8.

## **STANDARD OF REVIEW**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). An issue of fact is genuine if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is material if it might affect the outcome of the case under the governing law. *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*).The party asking for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id. at 322-23.*Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than simply show that there is some metaphysical

5

> doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

*Perdue v. Pilgrim Pride*, Slip Copy, 2006 WL 2355408 (M.D. Ala. 2006) (Fuller, M. Presiding).

## ARGUMENT

### I. Plaintiff Has Presented a Genuine Issue of Material Fact That UnumProvident is Responsible for the Wrongful Denial of Insurance Coverage.

UnumProvident offers no evidence to call into question the validity of Plaintiff's assertions in the complaint. Instead, UnumProvident offers the carefully worded affidavit of Susan Roth in support of the motion that UnumProvident has no contractual duty to the plaintiff. In fact, as is revealed by the nature of the contractual relationship between UnumProvident and Unum Life, UnumProvident specifically undertook the contractual duty of the adjusting claims on policies issued by Unum Life Insurance Company of America. *See* Exhibit 22.

In its Motion for Summary Judgment, Defendant UnumProvident Corporation contends that it cannot be held liable for the torts of Unum Life Insurance Company of America (Unum because UnumProvident Corporation is merely the parent holding company of Unum Life Insurance Company of America. However, a parent corporation can be held liable for the acts of its subsidiary if it so controls the operations of the subsidiary as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation. *Duff v. Southern Railway Company*, 496 So.2d 760 (Ala. 1986). In Duff,

6

the Alabama Supreme Court set out a list of eleven (11) factors that must be considered when determining whether a subsidiary is the instrumentality or alter ego of the parent corporation, and they are as follows:

> (1). Parent corporation owns all or most of the capital stock of the subsidiary;
> (2). The parent and subsidiary corporation have common directors or officers;
> (3) The parent corporation finances the subsidiary;
> (4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation;
> (5) The subsidiary has grossly inadequate capital;
> (6) Parent Corporation pays the salaries, expenses or losses of the subsidiary;
> (7) The subsidiary has substantially no business except with the parent company or no assets except those conveyed to it by the parent corporation;
> (8). In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own;
> (9) Parent uses the property of the subsidiary as its own; and
> (10) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary, but take their orders from the parent corporation in the latter's interest.
> (11) The formal legal requirements of the subsidiary are not observed.

*Duff*, 496 So.2d at 763.

Although the Court set out the above eleven (11) factors to be considered, it went on to state that [n]o one of these factors is dispositive; nor does the list exhaust the relevant factors. *Id.*, at 763; citing *Baker v. Raymond International, Inc.*, 656 F.2d 173 (5th Cir. 1981). After reviewing the evidence before it, the Court determined that a jury question existed as to whether the subsidiary was the instrumentality of the parent corporation after finding only five (5) out of the eleven (11) factors listed above existed in that case. *Id.*, at 763.

This Court need not look far to find the complaint sets forth a cognizable theory against UnumProvident under which Plaintiff *may* possibly prevail:

### JOINT AND SEVERAL LIABILITY

33. The named defendants herein are jointly and severally liable on all counts.

34. UnumProvident Corporation is the result of a series of corporate mergers. On June 30, 1999, UNUM Life Insurance Company of America, along with its holding company, UNUM Corporation of Portland, Maine, merged with and into the Provident Companies, Inc., whereby UNUM Life Insurance Company of America and UNUM Corporation were dissolved, leaving Provident Companies, Inc., as the surviving corporation. Provident Companies, Inc. subsequently amended its charter and changed its name to UnumProvident Corporation.

35. The corporate offices of UnumProvident Corporation remained in Chattanooga, Tennessee, and UnumProvident Corporation began adjusting claims on Unum Life Insurance Company of America policies on an integrated basis at UnumProvident Corporation's corporate offices and principal place of business in Chattanooga, Hamilton County, Tennessee.

36. Defendant Genex Services, Inc. provides services through certain contracts with UnumProvident Corporation whereby Genex investigates claims and/or provides information with regard to the restrictions and limitations appropriate for the Plaintiff's medical condition.

37. Unum Life Insurance Company of America is the company that purportedly issued the insurance policy under which the Plaintiff was covered through her employer, ABSBC.

38. Unum Life Insurance Company of America and Genex Services, Inc. are wholly owned and operated subsidiaries of UnumProvident Corporation, and have no claims personnel of their own. Instead, UnumProvident employees participated in and, in fact, controlled the assessment of the Plaintiff's claim and the decision to deny Plaintiff her benefits under the plan.

39. UnumProvident Corporation owns the following companies: The Paul Revere Corporation, Unum Holding Company, Colonial Companies, Inc., and Provident Life and Casualty Insurance Company.

40. Colonial Companies, Inc., which is owned by UnumProvident Corporation, owns Colonial Life and Accident Insurance Company.

41. The Paul Revere Corporation, which is owned by UnumProvident Corporation, owns the Paul Revere Life Insurance Company.

42. Unum Holding Company, which is owned by UnumProvident Corporation, owns First Unum Life Insurance Company.

43. Unum Holding Company (which is owned by UnumProvident Corporation) and UnumProvident Corporation split ownership of Unum Life Insurance Company of America.

44. UnumProvident Corporation, the Paul Revere Life Insurance Company (which is owned by the Paul Revere Corporation) and Unum Life Insurance Company of America (which is owned by Unum Holding Company and UnumProvident Corporation) split ownership of Provident Life and Accident Insurance Company.

45. In filings with the Securities and Exchange Commission (the ASEC), UnumProvident Corporation designates Genex Services, Inc. and Unum Life Insurance Company as being wholly owned subsidiaries. Further, in filings with the SEC, UnumProvident reports, as UnumProvident income, all of the income received by its wholly owned subsidiaries Genex Services, Inc. and Unum Life Insurance Company. Similarly, in filings with the SEC, UnumProvident designates, as liabilities of UnumProvident, the liabilities of its wholly owned subsidiaries Genex Services, Inc. and Unum Life Insurance Company.

46. UnumProvident Corporation is a proper party herein, and is jointly and severally liable with its subsidiaries Unum Life Insurance Company of America and Genex Services, Inc. on the grounds that UnumProvident Corporation has complete dominion and control of its subsidiaries' finances, policies, and business practices, and so dominates its subsidiaries that its subsidiaries and UnumProvident Corporation have no substantial separate existence of their own and, as such, should be held jointly and severally liable for any damages that may be awarded.

Plaintiff's Complaint at pages 7-10.

Because UnumProvident fails to offer any evidence to refute the allegations set forth in the plaintiff's complaint under the heading "Joint and Several Liability", and further because the plaintiff has provided substantial evidence mainly the deposition testimony of the general counsel of UnumProvident detailing the basis for joint and several liability, at this stage of the proceedings the assertions of the complaint are undisputed. Therefore, applying the Duff factors to the undisputed facts, Plaintiff has

9

properly stated a claim, which allows the trier-of-fact to determine the potential liability of the parent corporation UnumProvident

As indicated above, Unum Life and UnumProvident have entered into a contract by which UnumProvident is to evaluate Unum Life's insurance claims. *See* Exhibit 22. In *Anderson v. Unum Life Ins. Co. of America*, 414 F.Supp.2d 1079 (M.D. Ala. 2006), this Court was faced with the same situation and evidence. (Exhibit 21.) In *Anderson*, the plaintiff was denied insurance benefits under the disability policy issued to her by Unum. The plaintiff filed suit against both Unum Life Insurance Company of America and UnumProvident. UnumProvident asserted the same argument in Anderson that it has in this case, that it did not have a contractual relationship with Plaintiff. This Court has already discounted that argument, based upon the Service Agreement executed by Unum and UnumProvident, which the Plaintiff has attached as Exhibit 22.

The Service Agreement states, in pertinent part, that UnumProvident will "[i]ssue applications and policies", [r]eview claims and medical files, determine if claims are payable, maintain and search databases, interview doctors, attorneys, employers, and employees, and process claims for payment", and "[d]etermine whether applicant's request for coverage is accepted or rejected". *See* Exhibit 22. (Emphasis added.) In this Court's own words, UnumProvident and Unum Life have agreed that UnumProvident will review claims submitted by individuals insured under Unum Life policies and will decide whether the claims are payable." *Anderson*, 414 F.Supp.2d at 1098.

UnumProvident has offered no evidence to support its bare assertion that Unum Life Insurance, rather than it, was responsible for the wrongful denial of Plaintiff's insurance claims. In fact, all the forms provided to Plaintiff and which she completed when submitting her disability claim are printed on UnumProvident letterhead. *See*

10

Exhibits 1, 4, 9, 10. The letters notifying Plaintiff that her claims for benefits were denied were printed on UnumProvident letterhead and identify the website of Unum Life Insurance Company of America as www.unumprovident.com. *See* Exhibit 4. In fact all correspondence regarding Plaintiff's denied insurance claims was sent by UnumProvident to Plaintiff and her doctors. *See* Exhibits 4, 9, 10, 18. All the physicians that reviewed Plaintiff's claim for benefits were employed by UnumProvident and identify themselves as UnumProvident employees. *See* Exhibit 18.

Plaintiff has clearly presented a genuine issue of material fact that UnumProvident was responsible for the wrongful denial of her insurance claims. Summary judgment is therefore inappropriate.

## II. Conclusion.

Because genuine issues of material fact exist, Plaintiffs respectfully request the Court to deny Defendants' motion for summary judgment.

Respectfully submitted,

/s/ Thomas O. Sinclair
Thomas O. Sinclair (SIN018)
Attorney for Plaintiff

OF COUNSEL:
Thomas O. Sinclair
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax: (205).803-0053
E-mail: tsinclair@cwp-law.com

11

## CERTIFICATE OF SERVICE

      I hereby certify that on October 23, 2006, I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com

                                          /s/Thomas O. Sinclair
                                          Thomas O. Sinclair (SIN018)