IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD, § | |
| Plaintiff, § | |
| § | CASE NO. |
| vs. § | |
| § | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; § | |
| UNUM LIFE INSURANCE COMPANY | |
| OF AMERICA, et al., § | |
| Defendants. § | |
| § | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
UNUMPROVIDENT CORPORATION'S
MOTION FOR SUMMARY JUDGMENT**

UnumProvident filed a motion for summary judgment and a brief in support thereof. Plaintiff has filed an opposition to that motion. This brief is a reply to plaintiff's opposition.

I.   **INTRODUCTION.**

Plaintiff's opposition to UnumProvident's motion for summary judgment misses the point. The undisputed evidence in this case establishes that UnumProvident had no contractual relationship with plaintiff or plaintiff's employer. Plaintiff has put forth no competent evidence to the contrary, and plaintiff has provided no evidence of any other sufficient basis for finding UnumProvident liable on any contract of insurance with

plaintiff. Accordingly, this Court should grant UnumProvident's motion for summary judgment as a matter of law on plaintiff's contract claim and plaintiff's bad faith claim. UnumProvident adopts the arguments in Unum Life's reply filed contemporaneously herewith as to the other claims alleged by plaintiff against UnumProvident.

## II.   ARGUMENT.

### A.   UnumProvident Cannot be Liable to Plaintiff for Breach of Contract or Bad Faith Because It had No Contractual Relationship with Plaintiff.

The evidence filed with UnumProvident's motion for summary judgment establishes that UnumProvident had no contractual relationship with the plaintiff or plaintiff's employer. (Affidavit of Susan Roth, ¶ 3, Exhibit 1 to UnumProvident's Motion for Summary Judgment. *See also* Policy No. 111604001, Exhibit A to the Affidavit of Theresa Ward filed as Exhibit 2 to Unum Life's Evidentiary Submissions). Plaintiff presents no evidence to the contrary. Plaintiff does make the erroneous and unsupported statement that UnumProvident issued plaintiff's insurance policies, citing only the complaint as support. *See* 6 James Wm. Moore et al., Moore's Federal Practice § 56.10 (3d ed. 1999) (because a non-moving party cannot rest on mere allegations of the complaint to defeat summary judgment, even references to specific provisions in the pleading are insufficient to create a material issue of fact). This erroneous statement does not establish a contractual relationship between plaintiff or plaintiff's employer and UnumProvident. As recognized by the Alabama Supreme Court in *Ligon Furniture Company, Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989), there can be

no liability for breach of contract or bad faith when the evidence shows that there is no insurance contract between plaintiff and defendant.

Plaintiff next appears to argue that there is some type of contractual relationship or liability between plaintiff and UnumProvident because UnumProvident employees performed certain services relating to plaintiff's claim. Even taking plaintiff's assertions as to UnumProvident's activities as true, these activities would not establish liability for breach of contract or bad faith. In *Ligon Furniture*, the defendant insurance company assigned the job of adjusting the plaintiff's claim to another of the defendants in that case, Gay & Taylor. Despite the fact that Gay & Taylor was the adjusting firm hired by the insurer to handle plaintiff's claim, the court held that Gay & Taylor could not be liable for breach of contract or bad faith because Gay & Taylor, as the adjuster handling plaintiff's claim, was not a party to the insurance contract between plaintiff and the insurer. *Ligon Furniture Company, Inc.*, 551 So. 2d at 285.

Regardless of any agreements between Unum Life and UnumProvident and regardless of any work by UnumProvident employees on plaintiff's claim, plaintiff has failed to establish any contractual relationship between UnumProvident and plaintiff or plaintiff's employer. Therefore, under the controlling authority from *Ligon Furniture*, this Court should grant UnumProvident's motion for summary judgment on plaintiff's contract and bad faith claims.

### B.  There is No Basis for Finding Joint and Several Liability or "Alter Ego" Liability Against UnumProvident.

Plaintiff's opposition also appears to assert a blended theory of joint and several liability and "alter ego" liability. Plaintiff quotes *Duff v. Southern Railway Co.*, 496 So. 2d 760 (Ala. 1986), and eleven factors that must be considered to find "alter ego" liability. Plaintiff does not, however, provide any competent evidence that any significant portion of the *Duff* factors are satisfied in this case. In support of this argument, plaintiff cites only the allegations from plaintiff's complaint, which as noted above are insufficient to create a material issue of fact. 6 James Wm. Moore et al., Moore's Federal Practice § 56.10 (3d ed. 1999).

Plaintiff further attempts to rely on the General Services Agreement between Unum Life and UnumProvident. While the General Services Agreement establishes contractual duties and obligations between Unum Life and UnumProvident, it certainly does not establish any contractual relationship between UnumProvident and plaintiff, who is not a party to the General Services Agreement in any way. Moreover, the provisions of the General Services Agreement cited by plaintiff do not support plaintiff's "alter ego" argument. In fact, the existence of a formal agreement delineating the roles of the separate companies militates against a finding that Unum Life is the "alter ego" of UnumProvident. *See, e.g.*, Plaintiff's Exhibit 22, ¶ 5.

In further support of her argument, plaintiff relies on *Anderson v. Unum Life Insurance Company of America*, 414 F. Supp. 2d 1079 (M.D. Ala. 2006). Plaintiff wrongfully asserts that, in *Anderson*, the court was faced with the "same situation and

evidence." In reality, *Anderson* was an ERISA case. In *Anderson*, the court held that, while Unum Life had been expressly delegated the discretionary authority to decide plaintiff's claim under the policy at issue in that case, UnumProvident had not been delegated such discretionary authority. *Anderson*, 414 F. Supp. 2d at 1099, 1100. The *Anderson* court held that, for that reason, a *de novo* standard of review applied to the claim decision in that case. The court never held that UnumProvident was liable for a claim on the Unum Life policy. In addition, the court never addressed the "alter ego" argument that plaintiff attempts to make in this case. Under the court's holding in *Anderson*, UnumProvident was necessarily considered to be a separate, independent company from UnumProvident because the court held that the discretionary authority provided to Unum Life in the policy did not apply to UnumProvident.

Plaintiff makes a vague reference to the "deposition testimony of the general counsel of UnumProvident" as providing the basis for joint and several liability. Since plaintiff did not submit any deposition testimony from UnumProvident's general counsel, one must assume that plaintiff is referencing plaintiff's submission of deposition testimony of Susan Roth, Vice President, Corporate Secretary, and Assistant General Counsel for UnumProvident, taken in another case. First, plaintiff fails to cite any portion of that deposition that supports her claim that UnumProvident is the "alter ego" of Unum Life or is otherwise jointly and severally liable for plaintiff's claims against Unum Life. Under the Scheduling Order in this case, "the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in the supporting deposition or document. Failure to make such reference will result in the

evidence not being considered by the Court." Uniform Scheduling Order, Section 2. *See also* 6 James Wm. Moore et al., Moore's Federal Practice § 56.10 at p. 56-153 (3d ed. 1999) (the party opposing summary judgment has an affirmative duty to direct the court's attention to those specific portions of the record on which the party relies to create a genuine issue of material fact). Accordingly, this Court should refuse to consider any portion of that deposition.

Moreover, the deposition testimony submitted by plaintiff was from a case involving UnumProvident and Paul Revere Life Insurance Company. A review of that deposition reveals that Unum Life is not even mentioned anywhere in the deposition. It is difficult, therefore, to imagine how that deposition could provide any evidence as to the relationship between Unum Life and UnumProvident.

Furthermore, in attempting to assert that UnumProvident is liable as the "alter ego" of Unum Life, plaintiff neglects to provide any argument or evidence as to a required element for establishing liability of a parent corporation for a subsidiary's acts. Controlling Alabama law provides that "the mere domination or control of a corporation by its stockholder cannot be enough to allow a piercing of the corporate veil; rather, there must be the added elements of misuse and harm or loss resulting from the misuse." *In Re Birmingham Asbestos Litigation v. Armstrong World Industries, Inc.*, 997 F. 2d 827, 829-830 (11th Cir. 1993); *First Health, Inc. v. Blanton*, 585 So. 2d 1331 (Ala. 1991) (absent any showing that the parent corporation misused its control and that the harm at issue resulted from misuse of that control, the corporate entity would not be disregarded); *Gilbert v. James Russell Motors, Inc.*, 812 So. 2d 1269, 1274 (Ala. Civ. App. 2001).

Plaintiff has established no basis for claiming that UnumProvident misused its relationship with Unum Life in any way or that there was any harm or loss to plaintiff resulting from any such misuse. To the contrary, in this case, UnumProvident has established through the Affidavit of Susan Roth that UnumProvident did not assume, and never has assumed, liability for claims maintained against any of its insurance company subsidiaries, including, but not limited to, Unum Life. (Roth Affidavit ¶ 2). The Roth Affidavit further establishes that Unum Life continues to be a Maine corporation in good standing and is authorized to do business as an insurance company by the Insurance Commissioner of the State of Maine. (Roth Affidavit ¶ 4). The affidavit also establishes that Unum Life maintains a separate corporate existence, including having separate corporate books and records from UnumProvident and a separate Board of Directors from UnumProvident. (Id. at ¶ 5). Furthermore, the affidavit establishes that Unum Life maintains liability for its insurance contracts. (Id. at ¶¶ 2 and 3). Plaintiff has provided no evidence to contradict these facts.

In short, plaintiff has established no basis for finding joint and several liability or liability against UnumProvident as the "alter ego" of Unum Life. Under the above controlling authority, this Court should grant UnumProvident's motion for summary judgment on that issue.

### III. CONCLUSION.

For the above reasons, and the reasons set forth in UnumProvident's original brief, this Court should enter summary judgment as a matter of law on plaintiff's claims against UnumProvident.

                *s/Douglas W. Fink*
                HENRY T. MORRISSETTE   (MORRH7622)
                DOUGLAS W. FINK        (FINKD3798)
                Attorneys for Defendant
                Unum Life Insurance Company of America

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on this day, November 6th 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

                tsinclair@cwl-law.com

                *s/Douglas W. Fink*