IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | |
| | § | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; | § | |
| UNUM LIFE INSURANCE COMPANY | | |
| OF AMERICA, et al., | § | |
| Defendants. | § | |
| | § | |

## MOTION TO STRIKE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants Unum Life and UnumProvident move the Court for an order striking certain exhibits submitted by plaintiff in opposition to defendants' motions for summary judgment. As grounds therefore, defendants state the following:

On a motion for summary judgment, the court may consider only that evidence that is in admissible form. *Rowell v. BellSouth Corp.*, 433 F. 3d, 794, 800 (11th Cir. 2005). Plaintiff has submitted a number of exhibits that are inadmissible and should be stricken from the record. Specifically, the following exhibits should be excluded:

    Exhibit 12    Letter from Alabama Department of Rehabilitation Services to Defendant;

    Exhibit 13    Defendant's Reengineering Project ("The LeBoeuf Report");

    Exhibit 14    Defendant's Position Statements and Guidelines Regarding Fibromyalgia;

    Exhibit 15    Insurance Commissioner of the State of California Decision and Order Upon Settlement; and

1

Exhibit 16    November 18, 2004 Report of the Targeted Multistate Market Conduct Examination.

These exhibits will be addressed in the order in which they are first cited in plaintiff's opposition to Unum Life's motion for summary judgment.

**1. November 18, 2004 Report of the Targeted Multistate Market Conduct Examination, Plaintiff's Exhibit 16.**

Plaintiff seeks to rely on the Targeted Multi-State Market Conduct Examination Report, which is Plaintiff's Exhibit 16. Plaintiff provides no basis for establishing that this document is admissible. Indeed, the report is clearly inadmissible hearsay and is not subject to any exception. Fed. R. Evid. 801-804. It is anticipated that plaintiff will argue that the document is admissible under Federal Rule of Evidence 803(8), the exception for public records and reports. However, Section (C) of that Rule dictates that the exception only applies to "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness." The Report makes no conclusions or "factual findings." It only identifies several "areas of concern" identified for discussion. (Plaintiff's Exhibit 16, at 6, 10). As explained in the report:

> after consultation with the Companies' senior management and the Board of Directors of the Parent Company, agreement in principle was reached between the Lead States and the Companies on the Plan of Corrective Action described below. This agreement obviated the need for additional investigation, review of a larger claim sample, **specific claim findings or reaching a formal conclusion concerning the examination objective**....

(Plaintiff's Exhibit 16) (emphasis added).

2

This language establishes that the report contains no specific findings or formal conclusions. In discussing the same report, the court in *Ralston v. Suiza Dairy Group, L.P.*, 2006 WL 2917343 (N.D. Indiana October 10, 2006) held as follows:

> [t]he "general areas of concern" expressed in the Report hardly rise to the level of findings of fact, as a plan of corrective action agreed upon by the parties and set forth in the Report, which appears in essence to be a settlement agreement, "obviated the need for… specific claim findings or reaching a formal conclusion concerning the examination objective."

*Ralston* 2006 WL 2917343 at *10, fn. 6 (quoting the Report at 10).

As indicated in *Ralston*, the above-quoted language from the Report also makes it clear that the Report is tentative or interim, subject to additional investigation and review, which was obviated by a settlement agreement between the Lead States and the Companies involved. (*Id.* at 10). Controlling Eleventh Circuit authority holds that Rule 803(8) does not provide an exception to the hearsay exclusion for tentative or interim reports subject to revision and review. *Toole v. McClintock*, 999 F. 3d 1430, 1434-1435 (11th Cir. 1993).

In addition, because it is essentially a settlement agreement, the Report clearly lacks the trustworthiness required for the 803(8)(C) exception. *See General Electric Capital v. Lease Resolution*, 128 F. 3d 1074, 1084 (7th Cir. 1997) (a settlement agreement has none of the indicia of trustworthiness found in a public record).

Finally, it appears from the face of the Report that the Report was not a report of a public agency as referenced by 803(8), but rather is a report made to the agencies by outside counsel and outside examiners. *See* Report, at 14. This provides an additional reason for taking the report outside of the Rule 803(8) hearsay exception.

In addition to the above, the Report should be excluded because it is not relevant to this case. Fed. R. Evid. 401-402. As recognized by the court in *Ralston:* "the report, which reviewed 299 randomly-selected claim files and identified 'several general areas of concern' but reached no conclusions (Report at 6, 10), is seemingly irrelevant to this Court's determination as to whether Unum Life acted arbitrarily and capriciously in Ralston's case." *See also Stenner-Muzyka v. Unum Life Insurance Company of America*, 2005 WL 1610708 (M.D. Fla. July 7, 2005) (holding that the regulatory settlement agreement is not relevant and is unpersuasive in that case). At minimum, the Report should be excluded under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

### 2.    Letter from Alabama Department of Rehabilitation Services to Plaintiff, Plaintiff's Exhibit 12.

Plaintiff has submitted as Exhibit 12, what purports to be a letter from an individual with the Alabama Department of Rehabilitation Services. The letter is unauthenticated, undated, and addressed to "To Whom It May Concern." Defendants believe the record to have been included with Ms. Bulalrd's unsuccessful 2005 application for Social Security benefits. The document is inadmissible hearsay. It was not presented during the handling of her claim and constitutes expert opinion, which has not been previously disclosed pursuant to the requirements of this Court's Scheduling Order. For those reasons, this document should not be considered by this Court on summary judgment and should be stricken from the record.

3.   **Defendant's Reengineering Project ("The LeBoeuf Report"), Plaintiff's Exhibit 13.**

Plaintiff makes only general citations to Plaintiff's Exhibit 13, a 95 page document that is unauthenticated, but purports to be a document prepared by an outside law firm uninvolved in this case. Plaintiff's general citation to this document violates Section 2 of the Scheduling Order in this case providing that, "the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in the supporting deposition or document. Failure to make such reference will result in the evidence not being considered by the Court." *See also* 6 James Wm. Moore et al., Moore's Federal Practice § 56.10 at p. 56-153 (3d ed. 1999) (the party opposing summary judgment has an affirmative duty to direct the court's attention to those specific portions of the record on which the party relies to create a genuine issue of material fact). For that reason alone, this Court should disregard the document.

Furthermore, plaintiff fails to show a date for the document and fails to provide any authentication or other supporting evidence that would tie this document, which references Provident Life & Accident Insurance Company, rather than Unum Life, to this case. Plaintiff provides no basis for concluding that any information in the report was ever adopted by UnumProvident or Unum Life, or that UnumProvident or Unum Life were even affiliated with Provident Life & Accident Insurance Company at the time that the report was prepared. Furthermore, there is no evidence tying this document to defendants' procedures at the time of the handling of plaintiff's claim. Therefore, in addition to being excluded because of the violation of the Scheduling Order, this Court should strike this exhibit on the basis that it is unauthenticated, is inadmissible hearsay not within any exception, and there has been no showing by plaintiff of any relevance to the present case. Finally, the document, which was not

produced in this case, is clearly protected by the attorney-client privilege, as indicated on every page of the document.

As further support of for the motion to strike this document, defendants attach as Exhibit A to this motion an Order from Chief United States Magistrate Judge T. Michael Putnam for the Northern District of Alabama. In that Order, Magistrate Judge Putnam held that this document was not even discoverable for three reasons: (1) the attorney-client privilege, (2) the fact that the document contained very little that was even arguably relevant to the issue in that breach of contract and bad faith lawsuit, and (3) that there was no evidence that the LeBoeuf Report ever had any impact on defendants' actual procedures. Discovery Order regarding LeBoeuf Report, *Wharton v. UnumProvident Corporation*, CV-01-TMP-2013-S (N.D. Ala. August 27, 2002). Accordingly, this evidence should be excluded in this case as protected by the attorney-client privilege and inadmissible under Federal Rules of Evidence 401, 402, and 403. Furthermore, the relevance issues found to preclude discovery of the document in the *Wharton* case apply much more strongly in this case, as the relevant time period in this case is even more remote than the relevant time period in the *Wharton* case and Provident Life & Accident Insurance Company is not a party to this case.

**4.    Defendant's Position Statements and Guidelines Regarding Fibromyalgia, Plaintiff's Exhibit 14.**

In addressing defendants' argument on plaintiff's promissory fraud claim plaintiff seeks to rely on Plaintiff's Exhibit 14, which is an undated document entitled "Fibromyalgia Position Statements and Guidelines." First, plaintiff's general citation to the document without specifying the portion of the document on which plaintiff is relying violates the Scheduling Order's requirements. (Scheduling Order, Section 2). Plaintiff does not provide any authentication or other evidence as to the context of this document, or even the date of the document. In fact,

plaintiff fails to provide any evidence or explanation as to how this document is relevant to plaintiff's fraud claims, which is the only subject for which it is cited. For those reasons, this document is inadmissible and should be excluded from the record.

   5.   **Insurance Commissioner of the State of California Decision and Order Upon Settlement, Plaintiff's Exhibit 15.**

Plaintiff's Exhibit 15 is a document titled Decision and Order of the California Insurance Commissioner Upon Settlement. This document is likewise cited only as support for plaintiff's promissory fraud claim. That document, like the Multi-State Market Conduct Exam report discussed above, is inadmissible hearsay, not within any exception. This document is not a final finding of liability, but rather outlines a settlement agreement. The report provides that:

> "WHEREAS Respondents neither admit nor concede any actual actual or potential fault, wrongdoing, or liability in connection with the allegations contained in the Accusation; and
>
> WHEREAS the Department of Insurance contends that the violations alleged in the Accusation, **if heard and proved**, would constitute grounds for the Insurance Commissioner to suspend Respondent's Certificates of Authority, impose civil penalties and issue an order prohibiting Respondents from engaging in the conduct at issue; and
>
> WHEREAS, Respondents and the Department of Insurance have undertaken extensive discussions to resolve the issues in this proceeding, without either party admitting the other's contentions, through **compromise settlement without litigating the issues....**"

(Plaintiff's Exhibit 15, at 1-2) (emphasis added).

That language establishes that the Report makes no final findings or conclusions because of the settlement and that, like the Multi-State Exam Order discussed above, the statements in the document are tentative and would be subject to review, but for the settlement. Therefore, for the same reasons stated above regarding the Multi-State Order, this report is inadmissible hearsay.

Plaintiff also fails to provide any basis to determine how the report, which addresses certain California claims and is dated after the final decision on plaintiff's claim in this case, provides an evidentiary basis for concluding that Unum Life intended that any representations concerning plaintiff's coverage would not be performed as represented or that Unum Life intended to deceive plaintiff at the time of any alleged misrepresentations. Therefore, the Report should be excluded from the record on relevance grounds as well as under Federal Rules of Evidence 401 and 402. Certainly, any probative value that the document could be found to have, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury; therefore, this document is also inadmissible under Federal Rule of Evidence 403.

6. **Conclusion.**

For the above reasons, this Court should grant defendants' motion and strike the above documents from the record.

Respectfully submitted,

/s/Douglas W. Fink
HENRY T. MORRISSETTE (MORRH7622)
DOUGLAS W. FINK        (FINKD3798)
Attorneys for Defendant
UnumProvident Corporation

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on this day, November 6th, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

tsinclair@cwl-law.com

s/Douglas W. Fink

9