IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| UNUMPROVIDENT CORPORATION; | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | 2:05-cv-1217-MEF |
| OF AMERICA, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S REPLY TO THE DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER

The Plaintiff, Betty Bullard, by and through her undersigned counsel, provides the following reply to the Defendants' Response to Plaintiff's Motion to Extend Deadlines. Defendants oppose Plaintiff having an opportunity to names experts *after* the Defendants fact witnesses are deposed.

The fact that Defendants had the tactical advantage of being able to file for Summary Judgment before Defendants had to put up their first witness is not prejudicial to the Defendants, although it may speak volumes about Plaintiff's counsel's repeated efforts to resolve discovery disputes without involving the Court. Much of the time allotted for discovery has been spent trying to resolve issues concerning the Defendants' responsiveness to Plaintiff's discovery. For example, with the complaint served on November 23, 2005 Plaintiff served discovery on the Defendants. It wasn't until May 24, 2006 that the Defendants completed their responses to the discovery served in November 2005. On February 6, 2006, Plaintiff served 30(b)(6) deposition notices on the

Defendants.  Defendants have provided November 29 and 30, 2006, as the dates the Defendants witnesses will be available for deposition.

The current Scheduling Order sets out that Plaintiff's expert reports and the dispositive motion deadline fall on the same day, October 5, 2006.  The Defendant's arguments that they will be prejudiced by allowing the extension because they have already filed for Summary Judgment makes little sense in light of the fact that Defendants would have been required to file for summary judgment prior to deposing Plaintiffs experts even under the original Scheduling Order.  Allowing the extension will not prejudice Defendants.

Plaintiff respectfully requests she be provided an opportunity to depose the Defendants prior to being required to determine what, if any, experts she will need. Plaintiff respectfully requests the Court Grant the Motion to Extend.

Respectfully submitted,


*/s Thomas O. Sinclair*
Thomas O. Sinclair (SIN018)
**Attorney for Plaintiff**

Thomas O. Sinclair
Campbell, Waller & Poer
2100-A South Bridge Parkway, Suite 450
Birmingham, AL  35209
205-803-0051
Fax:  205-803-0053
E-mail:  tsinclair@cwp-law.com

CERTIFICATE OF SERVICE

       I hereby certify that on November 15, 2006, I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com
jjohnson@handarendall.com

                         /s/Thomas O. Sinclair_____
                         Thomas O. Sinclair (SIN018)