IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| UNUMPROVIDENT CORPORATION; ) | |
| UNUM LIFE INSURANCE COMPANY ) | 2:05-cv-1217-MEF |
| OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST MOTION TO COMPEL**

COMES NOW, the Plaintiff, Betty Bullard, by and through her undersigned counsel of record and requests the Court Order the Defendants to produce a deponent on the following areas of testimony set forth within the 30(b)(6) deposition notice: Area Nos. 8, 10, 12 and 17.

For ease of reference Plaintiff sets forth the areas of testimony as set out in the attached 30(b)(6) deposition notices dated February 1, 2006 (see Attachment "A) as well as the defendants' objection set forth in the defendants' correspondence dated October 30, 2006 (see Attachment "B").

**AREAS OF TESTIMONY**

**No. 8**:   The Defendants' policies and procedures with regard to payment of bonuses, awards, or other indices of recognition of job performance, and if any individual involved in the determination or the administration of the Plaintiff's claim(s) was eligible for said bonuses, awards or other indices of recognition, then the criteria under which said bonuses, awards or other indices of recognition were paid. This area of testimony is to include the policies and procedures in place with regard to the management incentive compensation program (MICP), the performance recognition program (PRP), and any other bonus system or incentive system in which the Defendants employees involved in the determination or the administration of the Plaintiff's claim(s) were entitled to participate.

**DEFENDANTS' RESPONSE:** "As to Topic No. 8, you can ask the witnesses who are being deposed in this file about their compensation, including bonuses and recognition for job performance, but we object to producing a witness on this topic beyond that information."

**REASON TOPIC IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE:**

Topic No. 8 seeks information in the area of testimony from a corporate representative that is likely to lead to the discovery of admissible or relevant evidence. This topic is relevant because the defendants' employees are incentivized to deny claims, an issue that the jury will need to take into account in order to account for any potential bias of the witnesses. For example, the defendants have produced documents showing that certain key officers and medical personnel who worked on this claim were part of an incentive compensation, part of which was based upon company profitability. Therefore, the defendants' own witnesses have a potential bias that we would argue and the jury should hear about to properly weigh the evidence being presented.

**No. 10**   Any regulatory actions regarding the Defendant's claims handling practices.

**DEFENDANTS' RESPONSE:** "We object to putting up a witness as to Topic No. 10, as that topic is completely irrelevant to plaintiff's claim."

**REASON TOPIC IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE:**

The defendants' claim handling practices have been the subject of several regulatory actions. In particular, forty-seven (47) participating jurisdictions reviewed claim files from all over the country in order to assess how the defendants were administering claims. Those findings highlight the fact that the defendants failed to take certain actions in files, the absence of which was found to be indicative of bad faith. For example, the defendants were found by those 47 jurisdictions to be placing too much emphasis on internal physician opinions after paper reviews rather than giving due consideration to attending physicians' opinions. See Attachment "C." Additionally, the defendants in the investigations were found to be acting in a manner inconsistent with best claims handling practices.

<u>In fact, the defendants sent this plaintiff notice that her claim had been one of those claims, which were mismanaged, and that the plaintiff had a right to have her claim reassessed</u>. Asking questions of corporate representatives regarding the findings of those regulatory actions regarding the defendants' claim handling practices will reveal why it is that the plaintiff had a right to have her claim reassessed and it is for those reasons that the information obtained would potentially be admissible insofar as they would establish that the defendants were not handling claims in a manner consistent with best claims handling practices.

> **No. 12**.   The objective criteria by which the Defendants' employees job performance is assessed, whether through an informal process or through company-wide policy.
>
> **DEFENDANTS' RESPONSE:** "We object to Topic 12, except to the extent that you want to ask the witnesses involved in this case about their job performance and how it is assessed."

**REASON TOPIC IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE:**

The criteria by which the defendants' employees' job performance is assessed is a topic requiring a 30(b)(6) representative. In fact, as noted in the contemporaneously filed motion to compel, these objective criteria have been the subject of several motions to compel and subsequent orders issued by the District Court where the Defendants' heardquarters are located. See Attachment "D". The potential bias of the defendants' employees is generated not only by bonuses being provided to the employees for practices for which do not give rise to best claims handling practices, it is also of potential bias insofar as the defendants' employees are measured by certain performance criteria which gives rise to less than adequate claims handling practices.

> **No. 17**.   The Defendants policies and procedures regarding the sale of "group" policies; the administration of "list billing accounts"; and the company's instructions on how to establish "group" policies.

**DEFENDANTS' RESPONSE:** "We object to Topic No. 17 on the basis that your client has acknowledged that she had no communications with any of the defendants' employees or agents relating to the coverage at issue in this case."

**REASON TOPIC IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE:**

The defendants' objection is simply an effort to avoid producing information regarding the sale of this policy. Corporate representatives are necessary to establish the manner in which group policies such as this one have been sold. The company' instructions on how to provide information to employers and how that information is then relayed to employees as well as the company's actions in setting up these group accounts are an absolutely necessary topic for a corporate representative in order to show the defendants have engaged in practices which led to the fraudulent misrepresentations being made in the sale of this policy.

        Respectfully submitted,

        /s/ Thomas O. Sinclair
        Thomas O. Sinclair
        Attorney for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax: (205).803-0053
E-mail: tsinclair@cwp-law.com
E-mail: jwallis@cwp-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 17th, 2006, I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com
jjohnson@handarendall.com

                                            /s/Thomas O. Sinclair
                                         Thomas O. Sinclair