

September 1, 2004

BETTY W BULLARD

RE: Bullard, Betty W         DOB:
    Claim Number:             1358453
    Policy Number:            111604
    Unum Life Insurance Company of America

Dear Ms. Bullard:

After completing our review of your disability claim, we regret that we are unable to approve your request for benefits.

As you may know, your employer's policy states:

**"HOW DOES UNUM DEFINE DISABILITY?**

You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

"Material and substantial duties means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified."

Unum Life Insurance Company of America
The Benefits Center
PO Box 12030
Chattanooga, TN 37401-3030
Phone: 1-800-633-7479
Fax: 1-800-494-4516
www.unumprovident.com

1242-03

#14

Claimant Name: Betty W Bullard     Claim #: 1358453

Claimant Name: Bullard, Betty W
Claim Number: 1358453

September 1, 2004
Page 2 of 4

"Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

Based on the information in our file, we do not believe there is a medically supported disability. With a reasonable degree of medical certainty, the information that was contained in the claim file does not provide a clear supportive explanation as to why you are unable to perform work activities. We see in the medical records provided that you have been diagnosed with Obstructive Sleep Apnea (OSD). You reported that you have a history of Narcolepsy; however the doctor doing the sleep study did not identify Narcolepsy as a diagnosis. You had a surgery for the OSD, and treated with a CPAP regimen. The result of a repeat sleep study to asses effectiveness of the CPAP regimen was not contained in the available documentation.

You also reported to have anxiety and panic attacks. Psychotropic medications (antidepressants and stimulants) are being prescribed. There is a report of cognitive impairment but no testing or evaluation of this complaint. The records also do not reflect a referral for further evaluation, testing or treatment as would be expected if an individual were significantly impaired from anxiety and panic attacks and not responding to initial treatment.

You have been diagnosed with Ulcerative Colitis (UC). Related treatment records predate the claimed date of disability. The medical records do not document a change in treatment or recommendation for additional evaluation or testing as would be expected if an individual with colitis was not responding to the recommended treatment plan.

The medical records received also documented treatment from an Orthopedic surgeon. In the Orthopedic records there is mention of having surgery on your feet with placement of screws. Related records have not been provided. Arthritis workup was reported to be negative.

Ms. Bullard as we do see that there are many conditions that seem to be affecting you, we do not see a disabling condition that would preclude you from performing the substantial and material duties of your own occupation as a secretary, therefore your claim has been closed.

If you have additional information to support your request for disability benefits, it must be sent to my attention for further review at the address noted on this letterhead, within 180 days of the date you receive this letter.

However, if you disagree with our determination and want to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date you receive this letter. You should submit your written appeal to the following address:

UnumProvident
The Benefits Center
Quality Performance Support Unit—1 North
PO Box 180136
Chattanooga, TN 37401-3030

A decision on appeal will be made not later than 45 days after we receive your written request for review of the initial determination. If we determine that special circumstances require an extension of time for a decision on appeal, the review period may be extended by an additional

1242-03

Claimant Name: Betty W Bullard    Claim #: 1358453

Claimant Name: Bullard, Betty W
Claim Number: 1358453

September 1, 2004
Page 3 of 4

45 days (90 days in total). We will notify you in writing if an additional 45 day extension is needed.

If an extension is necessary due to your failure to submit the information necessary to decide the appeal, the notice of extension will specifically describe the required information, and you will be afforded at least 45 days from receipt of the notice to provide the specified information. If you deliver the requested information within the time specified, the 45 day extension of the review period will begin after you have provided that information. If you fail to deliver the requested information within the time specified, we may decide your appeal without that information.

You will have the opportunity to submit written comments, documents, or other information in support of your appeal. You will have access to all relevant documents as defined by applicable U.S. Department of Labor regulations. The review will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.

The review will be conducted by us and will be made by a person different from the person who made the initial determination and such person will not be the original decision maker's subordinate. In the case of a claim denied on the grounds of a medical judgment, we will consult with a health professional with appropriate training and experience. The health care professional who is consulted on appeal will not be the individual who was consulted during the initial determination or a subordinate. If the advice of a medical or vocational expert was obtained by the Plan in connection with the denial of your claim, we will provide you with the names of each such expert, regardless of whether the advice was relied upon.

If your request on appeal is denied, the notice of our decision will contain the following information:

a. the specific reason(s) for the appeal determination;
b. a reference to the specific Plan provision(s) on which the determination is based;
c. a statement disclosing any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or a statement that such information will be provided free of charge upon request);
d. a statement describing your right to bring a civil suit under federal law;
e. a statement that you are entitled to receive upon request, and without charge, reasonable access to or copies of all documents, records or other information relevant to the determination; and
f. a statement that "You or your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency."

Notice of the determination may be provided in written or electronic form. Electronic notices will be provided in a form that complies with any applicable legal requirements.

Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

If we do not receive your written appeal within 180 days of the date you receive this letter, our claim determination will be final.

1242-03

Claimant Name: Betty W Bullard    Claim #: 1358453

Claimant Name: Bullard, Betty W
Claim Number: 1358453

September 1, 2004
Page 4 of 4

If you have *new, additional* information to support your request for disability benefits, we would be happy to review it. Please send this information to the address below. For example, please make sure that we have:

- All your current medical records (including treatment notes, procedure notes, and test results) from all treating providers from March 01, 2004 to the present.
- A list from your physician indicating the activities you cannot and should not do along with an explanation of the medical reasoning supporting these restrictions and limitations.
- The enclosed Estimated Functional Abilities form.
- A copy of your treatment plan and return-to-work plan from your physician.
- Results of recent X-rays, magnetic resonance imagings (MRIs), computerized tomography (CT) scans, spinal taps, bone scans, electromyograms (EMG) and nerve conduction studies, if you have had any of these tests/X-rays.
- Physical therapy progress notes, if you are in a physical therapy program.
- Therapy notes/intake evaluations.
- Copies of the results of all psychological testing performed.

Please be aware that we have not evaluated your claim with respect to any policy provisions other than those discussed above, and that the Company reserves its right to enforce any and all provisions of the policy.

Ms. Bullard, if you have any questions, please feel free to contact me at 1-800-633-7479 extension 41123.

Sincerely,

*Brandon Estrada*

Brandon Estrada
Disability Benefits Specialist
Unum Life Insurance Company of America

1242-03

Claimant Name: Betty W Bullard   Claim #: 1358453