

April 6, 2005

Betty Bullard



RE: Life Waiver of Premium Claim Number   1358879
    Long Term Disability Claim Number      1358453
    Policyholder                            Annuity Board of the Southern Baptist Convention

Dear Ms. Bullard:

We have completed our appellate review of the denial of your claim for Long-Term Disability benefits. After a thorough review of your file we have determined that the decision to deny your claim is appropriate and we have upheld it. This letter shall explain our rationale.

The policy for which you are covered defines disability as follows:

"You are disabled when UNUM determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injuries; and

- You have a 20 % or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

Regular occupation means the occupation that you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

Your file reflects that you have been claiming total disability since May 22, 2004, stating you are unable to perform the material and substantial duties of your occupation as a Secretary.

Page 2

The Attending Physician Statement completed by Dr. Daniel Thornbury dated April 9, 2004, indicated your restrictions (what the patient should not do) were, "none-activity as tolerated". Your limitations (what the patient cannot do) were indicated as, "activity as tolerated".

During the evaluation of your claim medical records were received from Dr. Daniel Thornbury, Dr. Ruben Richardson, and Dr. Albert Foy.

Upon receipt of the records from your treatment providers your file was reviewed by a Physician Board Certified in Aerospace and Occupational Medicine on August 17, 2004. The Physician's review concluded, in summary, that the information contained within your claim file does not provide support for a disability that would preclude you from working.

The records indicate that you have been diagnosed with Obstructive Sleep Apnea (OSA). You have reported a history of Narcolepsy, however the physician who conducted a Sleep Study did not identify Narcolepsy as a diagnosis. You have undergone surgery for OSA, and were prescribed a new CPAP regimen. Results of a repeat sleep study to assess the effectiveness of the CPAP regimen were not contained in the available documentation at the time of the Physician's review.

You have been reported to have Anxiety and Panic Attacks. Psychotropic medications (antidepressant and stimulants) are being prescribed. There is report of cognitive dysfunction but there has been no testing or evaluation of this complaint. The record does not document a referral for further evaluation, testing or treatment.

You have been diagnosed with Ulcerative Colitis (UC). The records do not document a change in your treatment or recommendation for additional evaluation or testing as might be expected if you were not responding to the recommended treatment plan.

In a letter from Brandon Estrada, Disability Benefits Specialist dated September 1, 2004, you were advised, in summary, that after completing a review of your claim for Long Term Disability Benefits cannot be approved. Although there are several conditions that seem to be affecting you, we do not see a disabling condition that would preclude you from performing the substantial and material duties of your occupation, therefore your claim has been closed. (please refer to Mr. Estrada's letter for a detailed explanation and rationale for the decision)

On November 2, 2004, a letter was submitted by Dr. Rachel McKinney dated October 25, 2004.

On November 3, 2004, we received your letter of appeal in our Quality Performance Support Unit.

On November 16, 2004, we received the additional medical records you submitted for our review consisting of; records from Dr. Roger Kemp, a sleep study dated July 18, 2004, a colonoscopy dated September 29, 2004, and progress notes from Dr. Donna Paul.

*Claimant Name: Betty W Bullard    Claim #: 1358453*

Page 3

On November 22, 2004, we requested records from your mental health therapist Allan Downs. The records were received from Mr. Downs on the same date.

On December 14, 2004, a review of the records from Allan Downs was completed by a Licensed Clinical Psychologist. The Psychologist's review noted that there is no basis for concluding that your psychiatric condition deteriorated around your identified date-of-disability or that psychological factors caused a loss of functional capacity -- compared with your recent level of performance. The medical records provided around your claimed date of disability and since reflect no substantial change of your psychiatric symptoms.

While it remains plausible that psychological factors -- or non-clinical issues -- could influence your clinical presentation the available records do not substantiate the claim that your ability to perform any specific occupational duties diminished around your identified date-of-disability nor has continued since.

On February 4, 2005, a review of your file was completed by a Physician Board Certified in Family Practice. The Physician's review noted that as of July 15, 2004, you were noted to be doing well on 10 cm CPAP for your sleep apnea.

The Physician noted that based on review of the records some functional loss is supported considering your multiple diagnoses.

Reasonable restrictions and limitations would consist of the following: avoid repetitive bending/twisting at the waist
- avoid prolong standing/walking
- change position as needed for comfort
- avoid above the shoulders work
- close and readily available restroom facilities
- occasional lifting up to 20 pounds
- frequent lifting up to 10 pounds
- no lifting above shoulders
- avoid lifting while bending at the waist
- avoid fine articulate movements of the hands when arthritis flares in hands

On February 7, 2005, our Board Certified Physician wrote to Dr. McKinney to have her address the restrictions and limitations identified in the Physician's review and to indicate if she felt the restrictions and limitations were reasonable based on her clinical observations.

On February 7, 2005, a Vocational Rehabilitation Consultant (VRC) reviewed your claim file and completed an analysis of your occupational duties. The VRC reviewed the job description for a Secretary provided by your employer.

Page 4

The job description provided by your employer indicated a job title of secretary. The job summary stated, "The office secretary is classified as Missions Support Personnel. The principle job assignment includes the fulfillment of assigned responsibilities with a positive attitude."

The Essential Duties And Responsibilities were reported as follows:
- Prepare office correspondence as directed by the Office Director and Associate.
- Prepare for conferences related to the office that includes material preparation and promotion.
- Prepare weekly requisitions in keeping with Accounting Office guidelines and maintain financial records for the office.
- Serve as a point of contact for guests entering the office by telephone or in person.
- Assist in preparing materials for meetings that are office related.
- Maintain a database of those relating to the work of the office.
- Attend, with prior Executive Director approval, office conferences/events where assistance is needed

Your employer indicated that the job is performed seated at a desk using a computer up to 80% of the work day.

The VRC concluded that the job duties are consistent with the occupation of Secretary (201.362-030) and would be expected to require sedentary capacity (exerting up to 10 pounds of force occasionally, brief periods of walking and standing). The occupation is performed within a work environment that would allow one to change positions as needed and work can be organized as desk level. OSHA requires that toilet facilities be available to employees. The proximity of the bathroom to a work area is a factor of a work environment and not of any specific occupations. The work environment would be expected to have reasonable access to toilet facilities. There would not be any expectations for lifting above the shoulders given that the work environment would allow for organization of work below the shoulders. The occupation would not require bending or twisting in performing the material duties of the occupations. The occupation would be expected to require fingering on a frequent basis.

On February 22, 2005, Dr. McKinney responded to our Physician's letter and indicated that, "I am writing you regarding Betty Bullard. I feel that you have adequately listed her limitation form her ulcerative colitis and her rheumatoid arthritis. Ms. Bullard states that her fatigue from her narcolepsy is such that she is unable to stay awake at work even for a part time job. As this is not my area of expertise, I am unable to give an opinion on her true limitation from these diagnoses..."

On March 4, 2005, we spoke to you and you indicated that you had been treating with Dr. Donna Paul since July 2004. You stated that you did not think we had all the pertinent records from Dr. Paul that would help us in evaluating your claim.

Upon completion of our discussion we agreed that we would write to Dr. Paul to request all your treatment notes from the time you began seeing her up thorough the present date.

Page 5

On March 7, 2005, we sent a written request to Dr. Paul to obtain all your treatment notes form July 2004 through the present date.

On March 14, 2005, the records we requested from Dr. Paul were received in our office. Upon receipt of the records your file was referred back to our medical department for further evaluation.

On March 29, 2005, a review of your file was completed by a Physician Board Certified in Family Practice. The Physician's review concluded that in review of the additional records it appears that you have been having a rheumatoid flare with a sed rate slightly elevated at 21 and an elevated CRP of 11. Swelling and tenderness of the hand joints was noted along with 6 stools a day. There has been reported improvement with your treatment regimen as of the March 3, 2005, office note, but flare symptoms are still noted.

Based on these findings reasonable restrictions and limitations would be:
- avoid repetitive bending/twisting at the waist
- avoid prolong standing/walking
- change position as needed for comfort
- avoid above the shoulders work
- close and readily available restroom facilities
- occasional lifting up to 20 pounds
- frequent lifting up to 10 pounds
- no lifting above shoulders
- avoid lifting while bending at the waist
- avoid fine articulate movements of the hands during this arthritis flares of the hands

These restrictions and limitations appear to remain consistent with the Physician's prior review of February 4, 2005.

We have now had the opportunity to complete a thorough and comprehensive appellate review of the documentation contained in your claim file. We regret to advise you that our appellate review of the entire contents of your file does not support an impairment that would preclude your from performing the material and substantial duties of your regular occupation, and therefore you do not satisfy the definition of disability within your contract. At this time, we have no other alternative but to uphold the denial of your claim for Long Term Disability benefits.

Furthermore, a review of your claim for Life Waiver of Premium has also been conducted.

Your policy states:

If you become totally disabled prior to age 60, and have been unable to work for nine (9) months you may be eligible for continuation of coverage provided by The Annuity Board of the Southern Baptist Convention. Life Insurance coverage would be continued during the period of total disability without const to you.

*Claimant Name: Betty W Bullard     Claim #: 1358453*

Page 6

Total Disability for you, means that you are prevented from performing the usual tasks of any occupation for which you are reasonable suited by training and education in such a way as to procure and retain employment."

Since our appellate review has found you not to be medically disabled from performing your own occupation, the denial of your claim for Life Waiver of Premium must also be upheld.

We regret that our decision could not be more favorable. This now concludes our appellate review. If you should have any questions or concerns you may contact me at 1-800-451-8464, extension 48086.

Sincerely,


Teresa Ward, ALHC
Lead Appeals Specialist
Unum Life Insurance Company of America

Claimant Name: Betty W Bullard    Claim #: 1358453