IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | |
| | § | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Defendants Unum Life and UnumProvident have filed a motion to strike certain exhibits submitted by plaintiff in opposition to defendants' motions for summary judgment. Plaintiff has filed an opposition to that motion. This is a reply to plaintiff's opposition.

Plaintiff seeks to rely on authority that the Court can consider evidence that can be reduced to an admissible form. Plaintiff, however, makes no showing that the evidence proposed can be reduced to admissible form. *See Macuba v. Deboer*, 193 F. 3d 1316, 1224-1225 (11th Cir. 1999) (excluding evidence that was hearsay and not within any exception to the hearsay rule as evidence that "could not be 'reducible to admissible form' at trial").

1. **The November 18, 2004 Report of the Targeted Multistate Market Conduct Examination, Plaintiff's Exhibit 16, is Clearly Inadmissible.**

1

a. **The Multistate Report is Not Admissible Under Rule 803(8)(C).**

Contrary to plaintiff's assertions, the Multistate Exam Report is not admissible pursuant to the hearsay exception found at Federal Rule of Evidence 803(8)(C). Plaintiff completely fails to address the language from the Multistate Report that makes it clear that the Report is tentative or interim, subject to additional investigation and review. As quoted in defendants' original motion, the Multistate Report explains that "this agreement obviated the need for additional investigation, review of a larger claim sample, specific claim findings, or reaching a formal conclusion concerning the examination objective." (Plaintiff's Exhibit 16, p. 10). Controlling Eleventh Circuit authority holds that Rule 803(8) does not provide an exception to the hearsay exclusion for tentative or interim reports subject to revision and review. *Toole v. McClintock*, 999 F. 2d 1430, 1434-1435 (11th Cir. 1993). The Multistate Exam Report is inadmissible on that basis alone.

Plaintiff further asserts, without any support or citation to any alleged "finding" in the Report, that the Report makes "findings of fact." To the contrary, the Report makes no specific "findings of fact" and, as noted above, the Report asserts on its face that the settlement agreement between the Lead States and the Companies "obviated the need for...specific claim findings or reaching a formal conclusion." (Multistate Report, p. 10).

Plaintiff's criticism of defendants' citation to *Ralston v. Suiza Dairy Group, L.P.*, 2006 WL 2917343 (N.D. Ind. October 10, 2006) is misplaced. While the *Ralston* court was considering a request to take judicial notice of the Multistate Report, it expressly held that "[t]he 'general areas of concern' expressed in the Report hardly rise to the level of findings of fact." *Ralston*, 2006 WL 2917343 at *10. That statement by the *Ralston* court is equally applicable to the consideration of the same Multistate Report in the present case.

2

Finally, defendants' statement that the claim is essentially a settlement agreement is not a blind assertion, but rather is reflected in the language on page 10 of the Multistate Report. Likewise, *Ralston* recognizes that the Report "appears in essence to be a settlement agreement." *Ralston*, 2006 WL 2917343 at *10. Given this fact, and the preliminary nature of the Report, it does indeed lack the trustworthiness required for Federal Rule of Evidence 803(8)(C).

    **b.**    **The Multistate Report is Not Admissible for Impeachment Purposes.**

Plaintiff next argues that the Multistate Report would be admissible for impeachment purposes. First, plaintiff offered the document as substantive evidence in opposition to defendants' motions for summary judgment - not for the purpose of impeaching any specific witness. Thus, plaintiff's argument that the Report could be admitted as impeachment evidence goes against the reality of plaintiff offering the Report as substantive evidence. Plaintiff has also failed to establish how evidence offered for "impeachment purposes" would be relevant at the summary judgment stage in this case. *See Wyant v. Burlington Northern Santa Fe Railroad*, 210 F. Supp. 2d 1263, 1276 (N.D. Ala. 2002) ("evidence is hearsay, except to the extent that it is offered for impeachment purposes, which is not relevant on a motion for summary judgment"). Furthermore, plaintiff has failed to point to the witness whose credibility is attacked by her citation to the Multistate Report. *See* 81 AM.JUR. 2D § 828 ("impeachment is an attack on the credibility of a witness. The purpose of impeachment is to destroy credibility not to prove the facts stated in the impeaching statement"). Plaintiff's impeachment argument is a thinly veiled attempt to improperly admit this hearsay evidence as proof of the truth of the statements that it alleges are in the Report regarding Unum Life and UnumProvident.

Plaintiff further asserts that she will establish through Requests for Admissions that the document is a "business record" of defendants.[1] Plaintiff has failed to provide any basis for concluding that the preliminary report of outside examiners specially retained by certain state insurance commissioners would qualify as a record of Unum Life's or UnumProvident's regularly conducted business activity within the scope of Federal Rule of Evidence 803(6). Clearly, it does not.

    c.    **The Report is inadmissible under Federal Rules of Evidence 401, 402, and 403.**

The Multistate Report identifies preliminary general areas of concern noted by the examiners from a review of 299 claim files out of the tens of thousands of claims handled on Unum Life, Provident Life, and Paul Revere policies.[2] The Multistate Report expressly does not make specific findings of fact or reach a formal conclusion concerning the examination objective. (Mulitstate Report, p. 10). There has been no showing that the specific claim files that caused the examiners to express preliminary areas of concern were substantially similar to the claim in the present case. Given the above, and the preliminary nature of the Report, the Report is not relevant to show "bad faith" or a pattern of practice for fraudulent conduct. In fact, the Report does not identify any "fraudulent conduct."

Certainly, any probative value that the Multistate Report might have is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury such that it should be excluded under Federal Rule of Evidence 403. This is particularly true since the specific claims reviewed by the examiners and the facts of the particular claims that lead them to

---

[1] Plaintiff makes numerous references, in plaintiff's opposition to defendants' summary judgment motions and in plaintiff's opposition to the motion to strike, to plaintiff's intent to develop evidence in the future; however, plaintiff has failed to file a timely motion under Federal Rule of Civil Procedure 56(f), which is the mechanism to allow for additional evidence to be gathered and presented concerning summary judgment. *See* Fed. R. Civ. 56(f).

[2] The examiners reviewed an additional 75 claim files after identifying the preliminary areas of concern.

identify preliminary general areas of concern are not identified in the Report. There is, therefore, no way for defendants to rebut or otherwise test the credibility and trustworthiness of the Report through cross-examination.

For the above reasons and those in defendants' original motion, this Court should strike the Multistate Exam Report from the record in this case.

2.  **The Letter from Alabama Department of Rehabilitation Services to Plaintiff, Attached as Plaintiff's Exhibit 12, is Inadmissible.**

Contrary to plaintiff's assertion, defendants do not assert that Exhibit 12 was not produced in discovery, because it was attached to documents relating to Ms. Bullard's unsuccessful 2005 application for Social Security Disability Benefits. The document was not, however, presented to defendants during the handling of plaintiff's claim. More significantly, the author of the document was not disclosed as an expert in this case pursuant to the Court's Scheduling Order. The letter is offered as expert opinion since it purports to opine as to plaintiff's ability to work. For that reason alone, the Court should strike the document from the record.

Furthermore, the document is inadmissible hearsay. It appears to be a statement of opinion in a letter submitted by plaintiff to the Social Security Administration in conjunction with her Social Security claim. It was never a part of the claim in this case. Plaintiff's statement that the letter is not offered for the truth of the matters asserted in the letter is simply not credible. This Court should reject that assertion and should strike the evidence from the record as inadmissible hearsay.

Plaintiff's assertion that it plans to depose Don Stephens, and possibly call him as a witness at trial, is similarly ineffective. Don Stephens was not identified as a potential witness in the plaintiff's initial disclosures and, as noted above, was not identified as an expert in this case.

Because Stephens had no involvement in the claim at issue in this case, his testimony would be inadmissible because he was not properly disclosed as an expert.

3.  **"The LeBoeuf Report" Submitted as Plaintiff's Exhibit 13 is Inadmissible.**

As established in defendants' original motion, the LeBoeuf Report, a document prepared by an outside law firm that is not a participant in this case, is not admissible in this case.

In an attempt to excuse plaintiff's failure to comply with the requirements of the Scheduling Order requiring specific citations to evidence, plaintiff asserts that the entire 95 page document is evidence of defendants' bad faith practices and procedures. In addition to disregarding the Court's requirements for opposing summary judgment, plaintiff provides absolutely no support for that contention. Furthermore, the two portions of the report that plaintiff does cite in opposition to the motion to strike: an alleged recommendation that the company involved attorneys in the claims denial process in order to invoke the attorney-client privilege and the alleged recommendation that the company engaged in a strategy of implementing a mandatory rehabilitation program, have absolutely no bearing on the present case. Defendants have not claimed attorney-client privilege as to any document relating to the claim file. Moreover, there is no issue in this case relating to a mandatory rehabilitation program. Thus, plaintiff's statement in the brief that "plaintiff has presented evidence that defendants engaged in these bad faith behaviors in its review of her claim for benefits" is false. Plaintiff has failed to provide any basis for tying the LeBoeuf Report to the present case.

Furthermore, the LeBoeuf Report purports to address the Provident Life and Accident Insurance Company's "individual disability line of business." It is undisputed in this case that plaintiff's claim was made on a group policy, which is not a part of Unum Life's individual disability line of business. The LeBoeuf Report is irrelevant in this case for that reason as well.

Furthermore, plaintiff completely fails to address the order regarding the LeBoeuf Report from the United States District Court for the Northern District of Alabama in *Wharton v. UnumProvident Corporation*, holding that the LeBoeuf Report was not even discoverable based on the attorney-client privilege and the lack of relevance to the issues in that breach of contract and bad faith lawsuit.

Instead, plaintiff cites to a decision in *Saldi v. Paul Revere Life Insurance Co.*, 224 F.R.D. 169 (E.D. Pa 2004). Contrary to plaintiff's assertion, the *Saldi* case is not applicable. *Saldi* involved a claim that was first made in 1996, and in which benefits were terminated in 1998. The court simply held that defendants had failed to meet their burden in that case that the LeBoeuf

Report was protected by the attorney-client privilege. This result is contrary to the conclusion by Magistrate Judge Putnam, who actually reviewed the LeBoeuf Report *in camera* and noted that a review of the document reflects on its face that the Report is protected by the attorney-client privilege. Out of an abundance of caution, defendants are attaching a copy of the Declaration of Jeff McCall that was filed with the opposition to plaintiff's motion to compel in the *Wharton* case, which clearly establishes that the Report is attorney-client communication that is protected by the attorney-client privilege. *See* Declaration of Jeff McCall, attached hereto as Exhibit A.

The *Saldi* decision and the McCall Declaration indicate that the LeBoeuf Report was prepared for Provident Life in 1994, approximately ten years before plaintiff's claim in this case was even filed and more than ten years before the final decision on plaintiff's claim. The fact that the Report was apparently prepared approximately ten years before the claim in this case

was even filed establishes that the Report is too remote to be admitted as relevant evidence in this case.

In sum, plaintiff has failed to establish any basis for concluding that the LeBoeuf Report has any relation to defendants' procedures for handling group disability claims at the time that plaintiff's claim was submitted. Furthermore, the Report is protected by the attorney-client privilege, and it has no relevance to the present case. For those reasons, the Court should strike the LeBoeuf Report from the record.

### 4. Position Statements and Guidelines Regarding Fibromyalgia, is Not Admissible in This Case.

Plaintiff's Exhibit 14 is only cited in plaintiff's brief as support of plaintiff's promissory fraud claim. It is not cited or referenced in conjunction with plaintiff's breach of contract claim or bad faith claim. As pointed out in defendants' motion to strike, plaintiff failed to comply with the Scheduling Order by citing any portion of this document that plaintiff claims is relevant to plaintiff's promissory fraud claim.

The authority that the court can consider evidence which can be reduced to admissible form does not allow plaintiff to oppose summary judgment simply by attaching documents with defendants' name on them, without further explanation as to the evidentiary context of the document, any connection that the document may have with the present case, or how the document would be relevant.

Plaintiff disingenuously states that the entire document is relevant to plaintiff's fraud claim. Plaintiff then quotes a statement in the document that indicates that "the vast majority of individuals labeled with fibromyalgia have no physical impairment [and] are on a physical basis able to return to work[.]" (Plaintiff's Opposition, p. 9). This citation by plaintiff, which plaintiff says is relevant to plaintiff's state of mind on the fraud claim, is in no way probative to show that

defendants did not intend to perform in accordance with any representation to plaintiff concerning her policy coverage, particularly when plaintiff has presented no evidence that any such representation was made and plaintiff has testified that she received no such representations. (*See* discussion and evidence cited in Unum Life's Summary Judgment Brief, pp. 21-23 and Unum Life's Summary Judgment Reply Brief, pp. 14-17).

### 5. The Document Entitled State of California Decision and Order Upon Settlement, Plaintiff's Exhibit 15, is Inadmissible.

Plaintiff's Exhibit 15 is a document titled Decision and Order of the California Insurance Commissioner Upon Settlement, and is also only cited as support for plaintiff's promissory fraud claim and not as support for plaintiff's contract or bad faith claim. Plaintiff seeks to escape the obvious hearsay nature of this document by asserting that it is submitted as evidence of defendants' state of mind. This assertion, however, misses the mark. The document was prepared by the State of California - not UnumProvident or Unum Life. Since plaintiff is obviously arguing that the statements of the third-party in the document establish that defendants had a fraudulent state of mind because of their alleged claim handling practices, the statements in document are necessarily being offered for the truth of the matters asserted.

Moreover, plaintiff ignores the fact that the express language in the report demonstrates that the statements in the document are tentative and would be subject to review, but for the settlement. (Plaintiff's Exhibit 15, pp. 1-2). Under controlling Eleventh Circuit authority, they are inadmissible hearsay for that reason alone. *Toole v. McClintock*, 999 F. 2d at 1434-1435. In short, this report is inadmissible for all of the same reasons that the above-referenced Multistate Report is inadmissible.

Furthermore, even if not inadmissible as hearsay, it is difficult to see how the document, which is dated approximately eighteen months after plaintiff submitted her claim for benefits,

9

could show that Unum Life or UnumProvident had the requisite intent not to perform and to deceive plaintiff at the time of any alleged representations before she filed her claim.

Clearly, this document is inadmissible hearsay and is not relevant to plaintiff's fraud claim.

6.  **Conclusion.**

For the reasons set forth above and in defendants' original motions, the exhibits discussed above are inadmissible, and this Court should strike them from the record and should not consider them in deciding defendants' motions for summary judgment.

Respectfully submitted,

*s/Henry T. Morrissette*
HENRY T. MORRISSETTE (MORRH7622)
DOUGLAS W. FINK        (FINKD3798)
Attorneys for Defendant
UnumProvident Corporation


OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:   (251) 694-6375


**CERTIFICATE OF SERVICE**

I hereby certify that on this day, December 4, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

tsinclair@cwl-law.com


*s/Henry T. Morrissette*