IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BETTY BULLARD** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>) **CASE NO.**<br>**UNUMPROVIDENT CORPORATION;** )<br>**UNUM LIFE INSURANCE COMPANY** ) **2:05-cv-1217-MEF**<br>**OF AMERICA, et al.,** )<br>)<br>    **Defendants.** ) | |

## PLAINTIFF'S SECOND MOTION TO COMPEL

COMES NOW, Plaintiff Betty Bullard and respectfully requests this Court order the Defendants UnumProvident Corporation and Unum Life Insurance Company of America to " Produce all "relevant" documents regarding the Plaintiff's claim(s), as that term is defined within 29 C.F.R. § 2560.503-1." Attachment "A", Plaintiff's 30b(5) document request served on February 26, 2006. Defendants offered the following "Amended Objection" to this request on November 28, 2006, the day the 30(b)(6) deposition was to begin:

> An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis of the request itself is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant

1

>evidence to this action. *Moreover, this is not an ERISA case, so the reference to [sic] regulation and definition do not apply.* As discovery as ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

Attachment "B" Defendants' Amended Objection to Plaintiff's Notices of Depositions Duces Tecum served on November 28, 2006.

During the course of the deposition Counsel for Defendants addressed the production of the documents required by the 30(b)(5) request and stated that any production responsive to the request would be "subject to [the Defendant's] objection."

>Q. [to 30(b)(6) Deponent for the Defendants] : Okay. Are you familiar with the definition of "relevant" documents under 29 C.F.R. 2560.503-1?
>
>MR. MORRISSETTE [counsel for Defendants]: These requests are subject to our objections. A discovery request in a 30(b)(6) deposition is not answered by the 30(b)(6) deponent, but yet relates to the production by the company. We have either produced or objected to the documents listed in here. We've provided some documents yesterday that would be responsive to this request. We have previously produced documents. You can certainly ask her what she's familiar with, but I don't want there to be an implication that this witness was obligated to provide these documents. That would be a company obligation *subject to our objection*.

Attachment "C", Deposition of Defendants 30(b)(6) Representative page 173, line 18 to page 174, line 9.

## Basis for Requested Relief

1.   The Policy calls for the production.

Defendants' refusal to fully respond without objection to the Plaintiff's request is in violation of the terms of the insurance policy, which clearly states:

>"You will have access to all relevant documents (within the meaning of Lab. Reg. § 2560.503-1(m)(8)) upon written request."

Attachment "D" Long Term Disability Policy produced by Defendants and bates numbered UACL00532. 29 CFR 2560.503-1(m)(8) defines "relevant" as all documents,

records or other information which was "relied upon in the making of the benefit determination", or "was submitted, considered, or generated in the course of making the benefit determination, "*without regard to whether such document, record or other information was relied upon in making the benefit determination*", and "demonstrates compliance with the administrative processes and safeguards required."  UnumProvident promised Plaintiff access to all "relevant" documents in adopting this definition by including it in the policy; they should have to live by that promise now.

2. <u>This production has been requested on several occasions beginning more than one year ago.</u>

   **June 6, 2005:**

   > If it is your company's contention that the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq*. applies in this matter[1], *then please produce any and all "relevant" (as defined within 29 C.F.R. § 2560.503-1)* documents to include the policy, summary plan description, or any other documents specified within 29 U.S.C. § 1001 *et. seq* and 29 C.F.R. § 2560.503-1.

   Attachment "E" Prelitigation Request dated June 6, 2005 found in claim file produced Defendants and bates numbered UACL00587 to UACL00589.

   **February 26, 2006**

   > 1. Produce all "relevant" documents regarding the Plaintiff's claim(s), as that term is defined within 29 C.F.R. § 2560.503-1."

   Attachment "A", Plaintiff's 30b(5) document request served on February 26, 2006

3. <u>Defendants "Rolling" production continues to leave Plaintiff guessing as to what has or has not been produced</u>

---

[1] Defendants initially asserted that ERISA preempted Plaintiff's claims.  *See e.g.* Doc. No. 3, Defendants' Answer at page 22.

3

In July of 2005 Defendants produced 842 pages in response to the June 2005 pre-litigation request and Plaintiff bates numbered that production and sent a copy back to Defendants. Attachment "F" found in claim file produced Defendants and bates numbered UACL00596 and 597.

On March 13, 2006, April 7, 2006, April 18, 2006, April 20, 2006 and finally on November 28, 2006 the Defendants continued their "rolling production", each time on the heels of Plaintiff's threat to file a Motion to Compel.

4.  <u>Defendants document production AT the 30(b)(6) Deposition</u>

On November 28, 2006, the day the 30(b)(6) depositions were to begin, Defendants produced 163 pages of additional materials raising yet again the question of what has or has not been produced. Some of the materials are clearly "generated in the course of making [Plaintiff's] benefit determination" and should have been produced more than a year ago, or at the very least in response to Plaintiff's requests for production served with the complaint. 29 CFR 2560.503-1(m)(8). For example:

- Defendants medical personnel report on Plaintiff's medical conditions. Attachment "G" and "H";
- Emails from claims handlers on this file stating that they haven't performed well in handling this claim and "we are going to pay for the errors". Attachment "I".

CONCLUSION

The contract requires the Defendants provide "access to all relevant documents (within the meaning of Lab. Reg. § 2560.503-1(m)(8)) upon written request." The Defendants' games with the discovery process lack any good faith basis given the clear

4

terms of the policy. Defendants should be required to respond to the request, and have all their objections to this request stricken.

                                              Respectfully submitted,

                                              /s/ Thomas O. Sinclair
                                            Thomas O. Sinclair (SIN018)
                                            One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax:  (205).803-0053
E-mail:  tsinclair@cwp-law.com
E-mail:  jwallis@cwp-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2006, I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com
jjohnson@handarendall.com

                                             /s/Thomas O. Sinclair
                                            Thomas O. Sinclair (SIN018)