# ATTACHMENT

## "A"

ATTACHMENT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BETTY BULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | **2:05-1217-MEF** |
| | ) | |
| UNUMPROVIDENT CORPORATION; | ) | |
| and | | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA; | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE
## & 30(b)(5) DOCUMENT REQUEST

**TO:**    Unum Life Insurance Company of America
c/o:
DOUGLAS W. FINK
Attorney for Defendants
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
(251) 694-6375 Facsimile

## "MUTUALLY CONVENIENT" DEPOSITION NOTICE

This Notice intended to place Counsel on notice that the Plaintiff intends to depose the party or a representative of the party noted above. While this notice leaves open the date, time and location, these will not be left open indefinitely. We will send out a second notice twenty-one (21) days from the date this notice is served if the party fails to provide a mutually convenient date and time. The Notice requires within thirty (30) days from the date served the identification of the party who will be deposed as the representative of the party identified above.

## I. DEPOSITION NOTICE PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE THAT the Plaintiff, pursuant to Rule 30(b)(6) of the Rules of Civil Procedure, will take the deposition of the Designated Representative(s) of the Defendant beginning <u>at a time and place to be determined</u>, <u>at a location to be determined.</u> The Designated

Representative(s) Testimony will be taken by way of oral and videotape deposition, and will be used for evidence, or for any other purpose of discovery, and shall be taken before a court reporter authorized to administer oaths under the laws of the United States and shall continue from day to day until complete.

## A.     AREAS OF TESTIMONY

The Defendant is directed to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on [the defendant's] behalf," and furthermore provide designations as to the "matters on which the persons will testify." The person(s) designated for the following areas shall be those person(s) most knowledgeable and able to testify as to the following matters known or reasonably available to the Defendant. The following specific areas of testimony are included within this notice:

1.  The Defendant's document retention policy(ies) pertaining to the maintenance of claim files, and any other documents related to, referencing or pertaining to claim(s).
2.  The Defendant's policies and procedures pertaining to the production of documents pursuant to a pre litigation request for production by the claimant/Plaintiff.
3.  The Defendant's policies and procedures pertaining to the preparation of "administrative records" as that term is defined within Affidavits prepared and submitted by the Defendant.
4.  The name, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's claim(s), and a description of the activities undertaken by each individual with regard to the Plaintiff's claim(s) for benefits.
5.  The identity of all company personnel and subsidiary personnel who worked on this claim.
6.  The identity of all individual(s) who are responsible for the ultimate decision to deny the claim.
7.  The policies and procedures of the Defendant in making a determination as to entitlement to benefits.
8.  The Defendants policies and procedures with regard to payment of bonuses, awards, or other indices of recognition of job performance, and if any individual involved in the determination or the administration of the Plaintiff's claim(s) was eligible for said bonuses, awards or other indices of recognition, then the criteria under which said bonuses, awards or other indices of recognition were paid. This area of testimony is to include the policies and procedures in place with regard to the management incentive compensation program (MICP), the performance recognition program (PRP), and any other bonus system or incentive system in which the Defendants employees involved in the determination or the administration of the Plaintiff's claim(s) were entitled to participate.
9.  The business relationship, ownership relationship, stock sharing, stock swapping, general services agreement, or other business or contractual relationships between the Defendant and any other Defendant concerning the administration and claims handling procedures of the insurance policy(ies) at issue in this matter.
10. Any regulatory actions regarding the Defendant's claims handling practices.
11. The restrictions and limitations assigned the Plaintiff by the attending physicians, the assessment of the Plaintiff's restrictions and limitations by the Defendant's employees or consultants, the Plaintiff's job duties, and any vocational assessment of the Plaintiff.

2

12. The objective criteria by which the Defendant's employees job performance is assessed, whether through an informal process or through company-wide policy.

13. Identification and maintenance of records in any databases used, and / or maintained, by the Defendant in the management and administration of claims for benefits, to include any and all electronic databases used in the handling of the Plaintiff's claim(s) for benefits.

14. Identification of all documents (to include any documents on electronic databases) that were generated during the course of the Plaintiff's claim(s) but not placed in the Plaintiff's claim(s) file(s).

15. The Defendants policies and procedures regarding the document retention policy as to what documents are to be maintained with the claim file(s), what documents are to be maintained in other databases, other files, as well as the policies and procedures governing what documents are to be produced in response to pre litigation requests for production, and what documents are to be destroyed, to include documents maintained on the K-vault system regarding this case.

16. The documents produced by the Defendant in this matter, and identification of any documents in the possession, custody, or control of the Defendant (to include electronic databases) which reference or pertain to the Plaintiff's claim(s) for benefits but were not produced with the Defendant's initial disclosures or discovery responses.

17. The Defendants policies and procedures regarding the sale of "group" policies; the administration of "list billing accounts"; the company's instructions on how to establish "group" policies.

**B.    DESIGNATION PURSUANT TO RULE 30(b)(6)**

Pursuant to Rule 30(b)(6), you are hereby commanded to designate **ON OR BEFORE THIRTY (30) DAYS FROM THE DATE OF SERVICE NOTED BELOW**, the name, title, job description, and the area of testimony (as set forth above) that the officer, director, managing agent, or other person is expected to testify to on behalf of the Defendant.  The failure to provide said designations within the time period specified shall constitute the Defendant's consent to a two hour extension of the time provided for this deposition by the Rules of Civil Procedure or any applicable scheduling order.

**II.  PRODUCTION OF DOCUMENTS PURSUANT TO RULE 30(b)(5)**

In addition to those designations set forth above, and pursuant to Rule 30(b)(5) of the Rules of Civil Procedure, the deponent is hereby directed to produce the documents identified on exhibit "A" attached hereto **ON OR BEFORE THIRTY DAYS FROM THE DATE OF SERVICE SET FORTH BELOW**. The failure to produce the documents requested within the time period specified shall constitute the Defendant's consent to a two hour extension of the time provided for this deposition by the Rules of Civil Procedure or any applicable scheduling order.

_____
Thomas O. Sinclair

3

Thomas O. Sinclair
**CAMPBELL, WALLER & POER, LLC**
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
(205) 803-0051
(205) 803-0053, fax

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile and U. S. Mail, postage prepaid, properly addressed on February 1, 2006.

DOUGLAS W. FINK
Attorney for Defendants
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
(251) 432-5511
(251) 694-6375 Facsimile

OF COUNSEL

4

### Exhibit "A"

1.  Produce all "relevant" documents regarding the Plaintiff's claim(s), as that term is defined within 29 C.F.R. § 2560.503-1.

2.  Produce all documents pertaining to the receipt of any management incentive compensation program bonus or award received by any employee or consultant of the Defendant during the time period that the Plaintiff's claim(s) was pending, as to each employee or consultant who participated in any way in the management and administration of the Plaintiff's claim(s).

3.  Produce all documents pertaining to the receipt of any performance recognition program bonus or award received by any employee or consultant of the Defendant during the time period that the Plaintiff's claim(s) was pending, as to each employee or consultant who participated in any way in the management and administration of the Plaintiff's claim(s).

4.  Produce all documentation regarding the objective criteria by which employee performance is measured (whether "used" or not in employee assessments) for all the Defendant's employees and or consultants who participated in any way in this claim for the time period from the date the claim was first submitted through the date of the deposition.

5.  Produce all documents detailing the Defendants organizational structure of the claims handling department to include the departments, investigational departments, reference departments, medical departments, or any other departments which played any role in the management and administration of the Plaintiff's claim(s), investigation of the Plaintiff's claim(s), or provided any services in relation to the management and administration of the Plaintiff's claim(s). These documents should identify, among others, those persons who are involved in the adjudication and / or administration of the Plaintiff's claims, and those individual supervisors and consultants who are involved in the management and administration of the Plaintiff's claim(s).

6.  Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the Plaintiff.

7.  Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the Plaintiff.

8.  Produce a list of all cases in which the deponent produced in response to this deposition notice has offered testimony whether in trial, in deposition, or in affidavit form. Include in this list the style of the case, the name of the attorneys for the company and any opposing attorney along with their contact information.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **BETTY BULLARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:05-1217-MEF** |
| | ) | |
| **UNUMPROVIDENT CORPORATION;** | ) | |
| **and** | | |
| **UNUM LIFE INSURANCE COMPANY** | ) | |
| **OF AMERICA;** | ) | |
| | ) | |
| **Defendants** | ) | |

<u>**PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE**</u>
<u>**& 30(b)(5) DOCUMENT REQUEST**</u>

**TO**:     UnumProvident Corporation
c/o:
DOUGLAS W. FINK
Attorney for Defendants
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
(251) 694-6375 Facsimile

**"MUTUALLY CONVENIENT" DEPOSITION NOTICE**

This Notice intended to place Counsel on notice that the Plaintiff intends to depose the party or a representative of the party noted above. While this notice leaves open the date, time and location, these will not be left open indefinitely. We will send out a second notice twenty-one (21) days from the date this notice is served if the party fails to provide a mutually convenient date and time. The Notice requires within thirty (30) days from the date served the identification of the party who will be deposed as the representative of the party identified above.

**I. DEPOSITION NOTICE PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE THAT the Plaintiff, pursuant to Rule 30(b)(6) of the Rules of Civil Procedure, will take the deposition of the Designated Representative(s) of the Defendant beginning <u>at a time and place to be determined, at a location to be determined.</u> The Designated

Representative(s) Testimony will be taken by way of oral and videotape deposition, and will be used for evidence, or for any other purpose of discovery, and shall be taken before a court reporter authorized to administer oaths under the laws of the United States and shall continue from day to day until complete.

## A.    AREAS OF TESTIMONY

The Defendant is directed to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on [the defendant's] behalf," and furthermore provide designations as to the "matters on which the persons will testify." The person(s) designated for the following areas shall be those person(s) most knowledgeable and able to testify as to the following matters known or reasonably available to the Defendant. The following specific areas of testimony are included within this notice:

1. The Defendant's document retention policy(ies) pertaining to the maintenance of claim files, and any other documents related to, referencing or pertaining to claim(s).
2. The Defendant's policies and procedures pertaining to the production of documents pursuant to a pre litigation request for production by the claimant/Plaintiff.
3. The Defendant's policies and procedures pertaining to the preparation of "administrative records" as that term is defined within Affidavits prepared and submitted by the Defendant.
4. The name, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's claim(s), and a description of the activities undertaken by each individual with regard to the Plaintiff's claim(s) for benefits.
5. The identity of all company personnel and subsidiary personnel who worked on this claim.
6. The identity of all individual(s) who are responsible for the ultimate decision to deny the claim.
7. The policies and procedures of the Defendant in making a determination as to entitlement to benefits.
8. The Defendants policies and procedures with regard to payment of bonuses, awards, or other indices of recognition of job performance, and if any individual involved in the determination or the administration of the Plaintiff's claim(s) was eligible for said bonuses, awards or other indices of recognition, then the criteria under which said bonuses, awards or other indices of recognition were paid. This area of testimony is to include the policies and procedures in place with regard to the management incentive compensation program (MICP), the performance recognition program (PRP), and any other bonus system or incentive system in which the Defendants employees involved in the determination or the administration of the Plaintiff's claim(s) were entitled to participate.
9. The business relationship, ownership relationship, stock sharing, stock swapping, general services agreement, or other business or contractual relationships between the Defendant and any other Defendant concerning the administration and claims handling procedures of the insurance policy(ies) at issue in this matter.
10. Any regulatory actions regarding the Defendant's claims handling practices.
11. The restrictions and limitations assigned the Plaintiff by the attending physicians, the assessment of the Plaintiff's restrictions and limitations by the Defendant's employees or consultants, the Plaintiff's job duties, and any vocational assessment of the Plaintiff.

12. The objective criteria by which the Defendant's employees job performance is assessed, whether through an informal process or through company-wide policy.

13. Identification and maintenance of records in any databases used, and / or maintained, by the Defendant in the management and administration of claims for benefits, to include any and all electronic databases used in the handling of the Plaintiff's claim(s) for benefits.

14. Identification of all documents (to include any documents on electronic databases) that were generated during the course of the Plaintiff's claim(s) but not placed in the Plaintiff's claim(s) file(s).

15. The Defendants policies and procedures regarding the document retention policy as to what documents are to be maintained with the claim file(s), what documents are to be maintained in other databases, other files, as well as the policies and procedures governing what documents are to be produced in response to pre litigation requests for production, and what documents are to be destroyed, to include documents maintained on the K-vault system regarding this case.

16. The documents produced by the Defendant in this matter, and identification of any documents in the possession, custody, or control of the Defendant (to include electronic databases) which reference or pertain to the Plaintiff's claim(s) for benefits but were not produced with the Defendant's initial disclosures or discovery responses.

17. The Defendants policies and procedures regarding the sale of "group" policies; the administration of "list billing accounts"; the company's instructions on how to establish "group" policies.

**B.    DESIGNATION PURSUANT TO RULE 30(b)(6)**

Pursuant to Rule 30(b)(6), you are hereby commanded to designate **ON OR BEFORE THIRTY (30) DAYS FROM THE DATE OF SERVICE NOTED BELOW**, the name, title, job description, and the area of testimony (as set forth above) that the officer, director, managing agent, or other person is expected to testify to on behalf of the Defendant. The failure to provide said designations within the time period specified shall constitute the Defendant's consent to a two hour extension of the time provided for this deposition by the Rules of Civil Procedure or any applicable scheduling order.

**II. PRODUCTION OF DOCUMENTS PURSUANT TO RULE 30(b)(5)**

In addition to those designations set forth above, and pursuant to Rule 30(b)(5) of the Rules of Civil Procedure, the deponent is hereby directed to produce the documents identified on exhibit "A" attached hereto **ON OR BEFORE THIRTY DAYS FROM THE DATE OF SERVICE SET FORTH BELOW**. The failure to produce the documents requested within the time period specified shall constitute the Defendant's consent to a two hour extension of the time provided for this deposition by the Rules of Civil Procedure or any applicable scheduling order.

Thomas O. Sinclair

3

Thomas O. Sinclair
**CAMPBELL, WALLER & POER, LLC**
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
(205) 803-0051
(205) 803-0053, fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile and U. S. Mail, postage prepaid, properly addressed on February 1, 2006.

DOUGLAS W. FINK
Attorney for Defendants
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
(251) 432-5511
(251) 694-6375 Facsimile

OF COUNSEL

4

<u>**Exhibit "A"**</u>

1.  Produce all "relevant" documents regarding the Plaintiff's claim(s), as that term is defined within 29 C.F.R. § 2560.503-1.

2.  Produce all documents pertaining to the receipt of any management incentive compensation program bonus or award received by any employee or consultant of the Defendant during the time period that the Plaintiff's claim(s) was pending, as to each employee or consultant who participated in any way in the management and administration of the Plaintiff's claim(s).

3.  Produce all documents pertaining to the receipt of any performance recognition program bonus or award received by any employee or consultant of the Defendant during the time period that the Plaintiff's claim(s) was pending, as to each employee or consultant who participated in any way in the management and administration of the Plaintiff's claim(s).

4.  Produce all documentation regarding the objective criteria by which employee performance is measured (whether "used" or not in employee assessments) for all the Defendant's employees and or consultants who participated in any way in this claim for the time period from the date the claim was first submitted through the date of the deposition.

5.  Produce all documents detailing the Defendants organizational structure of the claims handling department to include the departments, investigational departments, reference departments, medical departments, or any other departments which played any role in the management and administration of the Plaintiff's claim(s), investigation of the Plaintiff's claim(s), or provided any services in relation to the management and administration of the Plaintiff's claim(s). These documents should identify, among others, those persons who are involved in the adjudication and / or administration of the Plaintiff's claims, and those individual supervisors and consultants who are involved in the management and administration of the Plaintiff's claim(s).

6.  Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the Plaintiff.

7.  Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the Plaintiff.

8.  Produce a list of all cases in which the deponent produced in response to this deposition notice has offered testimony whether in trial, in deposition, or in affidavit form.  Include in this list the style of the case, the name of the attorneys for the company and any opposing attorney along with their contact information.

# ATTACHMENT

# "B"

ATTACHMENT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | |
| | | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; | § | |
| UNUM LIFE INSURANCE COMPANY | | |
| OF AMERICA, et al., | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' AMENDED OBJECTION TO PLAINTIFF'S
## NOTICES OF DEPOSITIONS DUCES TECUM

Come now UnumProvident Corporation and Unum Life Insurance Company of America and serve their amended objections to the numbered requests for production of documents in Exhibits marked "A" to their deposition notices as follows:

1.    Produce all "relevant" documents regarding the plaintiff's claim(s), as that term is defined within 29 C.F.R. § 2560.503-1.

An objection is offered to this document request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. Moreover, this is not an ERISA case, so the reference to regulation and definition do not apply. As discovery is

- 1 -

ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

2.     Produce all documents pertaining to the receipt of any management incentive compensation program bonus or award received by any employee or consultant of the defendant during the time period that the plaintiff's claim(s) was pending, as to each employee or consultant who participated in any way in the management and administration of the plaintiff's claim(s).

An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, vague and ambiguous and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. Furthermore, defendants adopt and incorporate Unum Life's objections and responses to Request for Production Nos. 6, 7, & 8 of Plaintiff's First Request for Production. As discovery is ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

3.     Produce all documents pertaining to the receipt of any performance recognition program bonus or award received by any employee or consultant of the defendant during the time period that the plaintiff's claim(s) was pending, as to each employee or consultant who participated in any way in the management and administration of the plaintiff's claim(s).

An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. Furthermore, defendants adopt and incorporate Unum Life's objections and responses to Request for Production Nos. 6, 7, & 8 of Plaintiff's First Request for Production. As discovery is ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

- 2 -

4.     Produce all documentation regarding the objective criteria by which employee performance is measured (whether "used" or not in employee assessments) for all the defendant's employees and or consultants who participated in any way in this claim for the time period from the date the claim was first submitted through the date of the deposition.

An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. Furthermore, defendants adopt and incorporate Unum Life's objections and responses to Request for Production No. 11 of Plaintiff's First Request for Production. As discovery is ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

5.     Produce all documents detailing the defendants organizational structure of the claims handling department to include the departments, investigational departments, reference departments, medical departments, or any other departments which played any role in the management and administration of the plaintiff's claim(s), investigation of the plaintiff's claim(s), or provided any services in relation to the management and administration of the plaintiff's claim(s). These documents should identify, among others, those persons who are involved in the adjudication and/or administration of the plaintiff's claims, and administration of the plaintiff's claim(s).

An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. As discovery is ongoing, this response will be

supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

      6.    Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the plaintiff.

An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. As discovery is ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

      7.    Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the plaintiff.

An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. As discovery is ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

      8.    Produce a list of all cases in which the deponent produced in response to this deposition notice has offered testimony, whether in trial, in deposition, or in affidavit form. Include in this list the style of the case, the name of the attorneys for the company and any opposing attorney along with their contact information.

An objection is offered to this discovery request to the extent it seeks production of information and/or documents protected from disclosure by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law. Objection is offered to this discovery request to the extent it seeks production of information and/or documents not in the possession, custody or control of this party and as such this request should be directed to other parties who are in possession, custody or control of the information and/or documents sought by the production request. Objection is offered to this discovery request on the basis that the request itself is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this action. Defendants also object to the extent that the request seeks to require the creation of a document not in existence, which is beyond the scope of Federal Rules of Civil Procedure 34 and 30(b)(5). As discovery is ongoing, this response will be supplemented as required by the rules of civil procedure and any discovery orders issued by the Court.

<br>

HENRY T. MORRISSETTE        (MORRH7622)
DOUGLAS W. FINK             (FINKD3798)
Attorneys for Defendants
Unum Life Insurance Company of America,
UnumProvident Corporation


OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, November 28, 2006, served a copy of the foregoing pleading on the following listed counsel of record by mailing the same by United States mail, property addressed and first class postage prepaid.

COUNSEL OF RECORD:

Thomas O. Sinclair, Esquire
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

557791

# ATTACHMENT

# "C"

ATTACHMENT "C"

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


BETTY BULLARD,                    )
                                  )
          Plaintiff,              )
                                  )
     vs.                          ) CIVIL ACTION FILE
                                  ) NO. 2:05-cv-1217-MEF
UNUMPROVIDENT CORPORATION;        )
UNUM LIFE INSURANCE               )
COMPANY OF AMERICA; GENEX         )
SERVICES, INC.,                   )
                                  )
          Defendants.             )


NOVEMBER 30, 2006

DEPOSITION OF TERESA B. WARD

30(b)(6) DEPOSITION

APPEARING FOR THE PLAINTIFF:

THOMAS O. SINCLAIR, ESQUIRE
JENIFER WALLIS, ESQUIRE
CAMPBELL, WALLER & POWER
2100-A SOUTH BRIDGE PARKWAY
SUITE 450
BIRMINGHAM, ALABAMA  35209

APPEARING FOR THE DEFENDANTS:

HENRY T. MORRISSETTE, ESQUIRE
HAND ARENDALL
3000 AMSOUTH BANK BUILDING
107 ST. FRANCIS STREET
MOBILE, ALABAMA 36602


CATHY H. KERLEY, RPR
HALL AND ASSOCIATES
1010 MARKET STREET, SUITE 402
CHATTANOOGA, TENNESSEE  37402
423-267-4328

Page 2

1                        I N D E X
                                                    Page
2 Deposition of TERESA B. WARD
          Direct Examination by Mr. Sinclair        4
3         Cross Examination by Mr. Morrissette      175

4                        EXHIBITS

5 No.          Description                           Page

6  1           Plaintiff's 30(b)(6) Deposition
               Notice and 30(b)(5) Document
7              Request                              5

8  2           Defendants' Objection of
               Plaintiff's Notices of
9              Depositions                          14

10 3           General Services Agreement          16

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1          The deposition of TERESA B. WARD, called

2 as a witness at the instance of the Plaintiff, for

3 use pursuant to the Federal Rules of Civil

4 Procedure and Alabama Rules of Civil Procedure,

5 taken by notice on the 30th day of November 2006,

6 at the offices of Hall & Associates, 1010 Market

7 Street, Suite 402, Chattanooga, Tennessee.

8                S T I P U L A T I O N S

9          Deposition is being taken by agreement

10 of counsel for the plaintiff and the defendants.

11 It is agreed that the deposition shall be taken in

12 machine shorthand by Cathy H. Kerley, Notary

13 Public and Court Reporter, that the signature of

14 the witness to the completed deposition is not

15 waived, and that the witness may be sworn by the

16 said Notary Public.

17          It is further agreed that all

18 formalities as to caption, notice, certificate and

19 mode of transmission are waived, and that the

20 deposition is taken subject to the usual

21 exceptions as to irrelevancy, incompetency and

22 immateriality, which are reserved to the hearing

23 of the cause, except as to the form of the

24 question.

25

Page 4

```
 1                TERESA B. WARD,

 2 called as a witness at the instance of the

 3 Plaintiff, having been first duly sworn, was

 4 examined and deposed as follows:

 5                DIRECT EXAMINATION

 6 BY MR. SINCLAIR:                              08:02:42

 7 Q          Good morning.                      08:02:42

 8 A          Good morning.                      08:02:44

 9 Q          Would you please state your name for  08:02:44

10 the record.                                   08:02:46

11 A          Yes   It's Teresa Ward.            08:02:46

12 Q          Is that with an H?                 08:02:48

13 A          No H.                              08:02:52

14 Q          Okay.  Is it Ms. or Mrs.?          08:02:52

15 A          Mrs.                               08:02:54

16 Q          All right.  All right.  What do you  08:02:56

17 do with UnumProvident?                        08:03:02

18 A          I'm an appeals consultant.         08:03:02

19 Q          Are you in QPS?                    08:03:06

20 A          Yes.                               08:03:10

21 Q          Do they still call it QPS?         08:03:10

22 A          No.  It is actually called the     08:03:14

23 benefit center compliance department.         08:03:14

24 Q          Okay.  Is it still called appeals  08:03:18

25 consultant?                                   08:03:26
```

Page 171

1 this point?                                             12:34:02

2            MR. MORRISSETTE:  Because there are          12:34:02

3 probably records relating to Betty Bullard that         12:34:04

4 don't relate to the management of her claim where       12:34:06

5 her name may appear.                                    12:34:08

6            MR. SINCLAIR:  That's the problem.           12:34:10

7 I can't -- in the -- I can't find anything in the       12:34:12

8 claims manual or the file that says -- defines          12:34:14

9 the term you're using there.  I don't know that         12:34:16

10 that means all the documents.  We define what          12:34:18

11 management is.  See, that's the thing.                 12:34:22

12            MR. MORRISSETTE:  Well, we --               12:34:26

13            MR. SINCLAIR:  Under the terms of           12:34:26

14 the claims manual, it's defined as relevant and        12:34:28

15 relevant is then later in the claims manual            12:34:30

16 defined as documents we relied upon in our             12:34:34

17 determination.  That would mean documents --           12:34:36

18            MR. MORRISSETTE:  I think that a            12:34:38

19 request for production or a request for testimony      12:34:40

20 on documents that reference Betty Bullard is           12:34:42

21 overly broad and we're objecting on that basis.        12:34:44

22            MR. SINCLAIR:  Documents in the             12:34:56

23 possession, custody, or control of the defendant,      12:34:58

24 to include electronic databases, which reference       12:35:02

25 or pertain to plaintiff's claim or claims for          12:35:06

Page 172

1 benefits, but were not produced in discovery    12:35:10

2 responses or initial disclosures.  She's not here    12:35:14

3 to testify to that area of testimony?  She's here    12:35:16

4 to testify as to --    12:35:18

5             MR. MORRISSETTE:  To the extent    12:35:20

6 they're related to the handling and management of    12:35:22

7 Betty Bullard's claim, yes, she is.    12:35:24

8             MR. SINCLAIR:  Okay.  Were any    12:35:26

9 documents --    12:35:28

10            MR. MORRISSETTE:  To the extent    12:35:28

11 Betty Bullard's name and the policy number or any    12:35:30

12 claim number may appear somewhere else in the    12:35:32

13 system, she's not here to testify about every    12:35:34

14 instance that may occur.    12:35:38

15            MR. SINCLAIR:  Then she's not here    12:35:40

16 to testify as to number 16.    12:35:48

17            MR. MORRISSETTE:  She is subject to    12:35:48

18 our objection.    12:35:50

19            MR. SINCLAIR:  Well, I don't have    12:35:54

20 the ability to understand at this point what    12:35:56

21 you're defining those terms as.  And it may be    12:35:58

22 just -- let's be off the record for this.    12:36:04

23            (Thereupon, an off-the-record    12:36:06

24 discussion was held.)

25 BY MR. SINCLAIR:    12:38:12

Page 173

| | | |
|---|---|---|
| 1 Q | All right.  Number 16.  All right. | 12:38:12 |

2 Ms. Ward, what documents have not been given to    12:38:20

3 us at this point that have Betty Bullard's name    12:38:26

4 on them?    12:38:28

5 A         I don't know of any.    12:38:30

6         MR. SINCLAIR:  Number 17, is that    12:38:38

7 another area that we've got a motion to compel    12:38:42

8 topic on?    12:38:44

9         MR. MORRISSETTE:  Yes.    12:38:46

10 BY MR. SINCLAIR:    12:38:46

11 Q         Okay.  So you're not here for number    12:38:46

12 17; right?    12:38:48

13 A         No.    12:38:48

14 Q         Okay.  All right.  Flip on back to    12:38:50

15 Exhibit A.  Did you bring any documents with you    12:38:54

16 today in response to Exhibit A?    12:39:02

17 A         No.    12:39:04

18 Q         Okay.  Are you familiar with the    12:39:04

19 definition of relevant documents under 29 C.F.R.    12:39:12

20 ° 2560.503-1?    12:39:16

21         MR. MORRISSETTE:  These requests are    12:39:18

22 subject to our objections.  A discovery request    12:39:20

23 in a 30(b)(6) deposition is not answered by the    12:39:22

24 30(b)(6) deponent, but yet relates to the    12:39:24

25 production by the company.  We have either    12:39:26

Page 174

1  produced or objected to the documents listed in          12:39:30

2  here.  We've provided some documents yesterday          12:39:32

3  that would be responsive to this request.  We          12:39:34

4  have previously produced documents.          12:39:36

5          You can certainly ask her what she's          12:39:40

6  familiar with, but I don't want there to be an          12:39:42

7  implication that this witness was obligated to          12:39:44

8  provide these documents.  That would be a company          12:39:46

9  obligation subject to our objection.          12:39:50

10          MR. SINCLAIR:  I think that's wrong,          12:39:52

11  too, but we don't need to talk about it.          12:39:54

12  BY MR. SINCLAIR:

13  Q          And what he just said was          12:39:56

14  essentially an objection to the form, but he says          12:39:56

15  it really long sometimes.          12:40:00

16          All right.  Are you familiar with          12:40:02

17  that definition under the C.F.R.?          12:40:04

18  A          No.          12:40:06

19  Q          Okay.  Do you handle ERISA cases?          12:40:06

20  A          Yes, I do.          12:40:10

21  Q          Have you looked at the C.F.R. with          12:40:12

22  regard to Department of Labor regulations under          12:40:14

23  ERISA guidelines?          12:40:18

24          MR. MORRISSETTE:  Object to the          12:40:18

25  form.          12:40:18

# ATTACHMENT

# "D"

ATTACHMENT "D"

## WHAT IF YOUR CLAIM IS DENIED?

In the event that your claim is denied, either in full or in part, Unum will notify you in writing and you will have 45 days from the date you receive the claim denial to submit additional information for administrative reconsideration.

## WHAT DO YOU DO TO APPEAL?

If your claim is denied after administrative reconsideration, you may file an appeal. Your appeal must be submitted within 180 days from the date you receive the claim denial and it should be sent in writing to the address specified in the claim denial.

A final decision on review will be made no later than 45 days following receipt of the written request for review. If Unum determines that special circumstances require an extension of time for a final decision on review, the review period may be extended by an additional 45 days (90 days in total). Unum will notify you in writing if an additional 45 day extension is needed.

You will have the opportunity to submit written comments, documents, or other information in support of your appeal. You will have access to all relevant documents (within the meaning of Lab. Reg. § 2560.503-1 (m) (8)) upon written request. The review of the adverse benefit determination will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.

The review will be conducted by Unum and will be made by a person different from the person who made the initial determination. This person shall also be a person different from the person who made the administrative reconsideration, if requested, and such person will not be the original decision maker's subordinate (or the subordinate of the person who made the administrative reconsideration, if requested). In the case of a claim denied on the grounds of medical necessity or experimental treatment, Unum will consult with a health professional with appropriate training. The health care professional who is consulted on appeal will not be the individual who was consulted during the initial determination or his subordinate.

## WHAT HAPPENS IF UNUM OVERPAYS YOUR CLAIM?

Unum has the right to recover any overpayments due to:

- fraud;
- any error Unum makes in processing a claim; and
- your receipt of deductible sources of income.

You must reimburse us in full. We will determine the method by which the repayment is to be made.

Unum will not recover more money than the amount we paid you.

LTD-CLM-2  (5/1/2004)

# ATTACHMENT

# "E"

ATTACHMENT "E"



2100-A Southbridge Parkway • Suite 450
Birmingham • Alabama 35209
205 803-0051 • FX 205 803-0053

THOMAS O. SINCLAIR
tsinclair@cwp-law.com



June 6, 2005

**CERTIFIED MAIL** 7004 2890 0002 8292 0045

UnumProvident Corporation
**Quality Performance Support Unit**
P.O. Box 180136
Chattanooga, TN 37402

    **Re: Betty Bullard**

Dear Teresa Ward:

    **PLEASE CONTACT LEGAL AND REQUEST A <u>RECORDS HOLD ORDER</u> ON ANY AND ALL DOCUMENTS PERTAINING TO THIS CLAIM AND CLAIMANT WHETHER THE RECORDS ARE ON-SITE OR OFF-SITE, IMAGED, PAPER, OR OTHERWISE.**

    If it is your company's contention that the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.* applies in this matter, then please produce any and all "relevant" (as defined within 29 C.F.R. § 2560.503-1) documents to include the policy, summary plan description, or any other documents specified within 29 U.S.C. § 1001 *et. seq* and 29 C.F.R. § 2560.503-1. These documents should include any and all documents upon which you based your decision regarding the claimant's claim for benefits.

    These documents are requested pursuant to the rights specified within 29 U.S.C. § 1132 (c). Your response should include any "relevant" ERISA documents, plan documents, claim file documents, any manuals, disability guidelines, or any other documents pertaining to the guidelines under which the claim was determined, to include the following:

1.  Any and all documents pertaining in any way to the claimant's claim for benefits contained on the **Navilink System**;
2.  Any and all documents pertaining in any way to the claimant's claim for benefits maintained on the **Individual PACE system**;
3.  Any and all documents pertaining in any way to the claimant's claim for benefits maintained on the **Group PACE system**;
4.  Any and all documents pertaining in any way to the claimant's claim for benefits maintained on the **CAPS system**;
5.  Any and all documentation created in and used by the **IA Network**;
6.  The claims manual, or as it is referred to the "Benefit Center Claims Manual" referred to in the determination of the claim;

Claimant Name: Betty W Bullard    Claim #: 1358453

UnumProvident Corporation
June 6, 2005
Page 2

7. If you did not use the claims manual, but rather referred to the **knowledgenet (Knet)** system, please produce those documents which were referred to in the determination of the claim;

8. Produce full and complete copies of documents/records/requests maintained on the **Benefits Intellect Applications** system pertaining in any way the claimant's claim for benefits

9. The **Polaris, Lotus notes, BAS, and BAS/PC** screen prints regarding the claimant's claim for benefits;

10. Any and all information maintained on the **BEST, Merlin, Opal, PAALM (or PALLM)**, and **PRISM** systems;

11. The **Genesis** work flow sheets pertaining to this claim;

12. The **Magic NT** documents providing summaries of pertinent policy provisions;

13. Internal emails concerning this claim from the **VERITAS Enterprise Vault** (KVS or K Vault Services) system;

14. Round table, mini round table, and walk-in review notes; and

15. The claim file, application file, any functional capacity exam file, or any other related files (to include life premium waiver files or files pertaining to other policies) that refer or relate to the claimant's claim for benefits.

The above requests are for all files whether imaged or paper, an original signed authorization from the claimant allowing the release of these documents to this firm is enclosed.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Thomas O. Sinclair, Esq.

TOS/syc
Enclosure
cc:     Betty Bullard

Ms. Betty Bullard
May 23, 2005
Page 2

I, <u>Betty Bullard</u>, give my express permission to **UnumProvident Corporation** to produce a
copy of my claim file to Thomas O. Sinclair of Campbell, Waller, & Poer, 2100-A Southbridge
Parkway, Suite 450, Birmingham, Alabama 35209.


_Betty Bullard_

Ms. Betty Bullard
4001 Tiffany Drive
Montgomery, AL 36110
Social Security Number: ██████████
Date of Birth: ████████
Policyholder: Annuity Board of the Southern Baptist Convention

# ATTACHMENT

## "F"

ATTACHMENT "F"



CAMPBELL
WALLER &
POER, L.L.C.

2100-A Southbridge Parkway • Suite 450
Birmingham • Alabama 35209
205 803-0051 • FX 205 803-0053

THOMAS O. SINCLAIR

August 4, 2005

S.B. Evans
Unum Life Insurance Company of America
Quality Performance Support – Appeals
1 Fountain Square
Chattanooga, TN 37402

Re:    Betty Bullard v. UnumProvident Corporation, et. al.
       Circuit Court for Montgomery County Alabama
       Civil Action No.:

Dear Ms. Evans:

        Thank you for providing me with a copy of Ms. Bullard's claim file. I am enclosing a copy of the documents we requested be produced as they are kept in the normal course of business. We bates numbered your submission BULL0001 through BULL0842 for production to you.

        Again, many thanks and I look forward to working with you in this matter.

                                              Sincerely,

                                              Thomas O. Sinclair

TOS/syc
Enclosures

**Betty Bullard**

**v.**

**UnumProvident Corporation , *et al.***

**CV**

**FILE # 4109**

# PRODUCTION OF DOCUMENTS INDEX

| | Document Type | Document Bates Number |
|---|---|---|
| 1. | UnumProvident Corporation Claim File | BULL0001-0842 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |

# ATTACHMENT

# "G"

ATTACHMENT "G"

### UNUMPROVIDENT

**Medical Response**

---

**Claimant: Betty Bullard**
SS#: ████████
Referral date: 3/15/05
Date Completed: 3/25/05

## CLINICAL DATA REVIEWED:

 I have reviewed all medical and clinical evidence provided to me by Company personnel bearing on the impairments which I am by training and experience capable to assess.

## CLINICAL SUMMARY:

**Dr. Donna Paul – Rheumatology:**
6/1/04 – Initial visit – Reported history with many years of pain, diagnosed with ulcerative colitis in 2003. Little response to therapies. Exam found abdominal tenderness, tremulousness and telangiectasis to the face. Bilateral TMJ pain and crepitus, MCP I with 1+ swelling bilaterally, PIP II with swelling at 2, PIP III at 2 and PIP IV at 2. Bilateral knee crepitus with mild deformity, R>L and halux valgus on right foot. Apparent listing of tender points to multiple locations. Impressions of inflammatory polyarthritis, ulcerative colitis, fibromyalgia, telangiectasis, OA of knees and low back pain status post back surgery. CRP elevated at 11 (0-4.9) and sed rate elevated at 21 (0-20).
9/2/04 – Continued to report 2 hours of AM stiffness, several diarrhea stools a day, fatigue, fever, chills and mucosal ulcers. Tenderness and swelling to both hands and wrists on exam. Multiple tender points named. Begin Remicade therapy. Neutrophil cytoplasmic Ab, IgG 1:32 (<1:16).
10/14/04 – Pain all over, stiffness in AM, swelling in feet, knees and hands. Exam with tender trochanters – full range.
1/14/05 – First Remicade treatment on 1/10. Right fingers with swelling and tenderness, shoulder pain with full range. Decreased cervical rotation, spinal tenderness.
3/3/05 – Pain severe to point of tears to arm, backs and joints. Some response to Remicide. Hand swelling. Diarrhea and abdominal pain improved. Ulcerative colitis responded "beautifully". Exam with tenderness and swelling to fingers, wrists, toes, valgus knees, tenderness lateral/medial epicondyles. Multiple tender points. Increase Durabac and begin Neurontin. Back brace and TENS.

## RESTRICTIONS AND LIMITATIONS:

9/3/04 – Dr. Paul – rheumatology – "No gripping, grasping, bending, pushing, pulling, climbing, standing > 30 minutes at a time or sitting > 45 minutes at a time. No lifting > 5-10 pounds". Diagnoses of ulcerative colitis, inflammatory arthritis and right shoulder arthritis. 5'5"1/2 inches and 230 pounds.

UAMSSUPP001:32

**CONCLUSIONS:**
I will defer conclusions and answers to Dr. Vergot, who has reviewed this file on two previous occasions.

**SIGNATURE BLOCK:**
Laura Godwin RN
Senior Clinical Consultant
3/25/05

As of 3/29/05, I have reviewed all medical and clinical evidence provided to me by Company personnel bearing on the impairment(s) which I am by training and experience capable to assess  Please see other reviews.  This is an appeal review including additional records.

Please see the 3/25/05 clinical review from Missy Godwin,RN.  After reviewing the file, I find this review an accuarate summary of the medical records.

**QUESTIONS:  Does the clinical data support a loss of functional capacity that would impose R/L's?**

Yes.  Please see my 2/2/05 review.  **Ms. Bullard** is having a flare with a sed rate slightly elevated at 21 and an elevated CRP of 11.  Swelling and tenderness of the hand joints is noted along with 6 stoold a day.
   **Reasonable R/L's** for the above noted diagnses/conditions would be:
- **avoid repetitive bending/twisting at the waist**
- **avoid prolong standing/walking**
- **change position as needed for comfort**
- **avoid above the shoulders work**
- **close and readily available restroom facilities**
- **occasional lifting up to 20 pounds**
- **frequent lifting up to 10 pounds**
- **no lifting above shoulders**
- **avoid lifting while bending at the waist**
- **avoid fine articulate movements of the hands during this arthritis flares of the hands**

There has been improvement with new treatment regime as of the 3/3/05 notes, but flare symptoms are still noted.

Susy L. L. Vergot, DO
VP Medical Director
Board Certified Family Practice
Licensed in TN., GA.
Unum Provident Corp.

UAMSSUPP00131

2

**From:**        Godwin, Missy
**Sent:**        Tuesday, March 29, 2005 3:43 PM
**To:**          Vergot, Susy L
**Subject:**     Betty Bullard review

**Attachments:**      Bullard, Betty.doc

Bullard, Betty.doc
(40 KB)

      Here she is. The NL activity is in your name so you'll have to complete the activity when your finished. I can image the review in the file if you like - just send it back to me like you mentioned. M

UAMSSUPP00130



## UNUMPROVIDENT

### Medical Response

---

**Claimant: Betty Bullard**
**SS#:**
**Referral date: 3/15/05**
**Date Completed: 3/25/05**

### CLINICAL DATA REVIEWED:

I have reviewed all medical and clinical evidence provided to me by Company personnel bearing on the impairments which I am by training and experience capable to assess.

### CLINICAL SUMMARY:

**Dr. Donna Paul – Rheumatology:**

6/1/04 – Initial visit – Reported history with many years of pain, diagnosed with ulcerative colitis in 2003. Little response to therapies. Exam found abdominal tenderness, tremulousness and telangiectasis to the face. Bilateral TMJ pain and crepitus, MCP I with 1+ swelling bilaterally, PIP II with swelling at 2, PIP III at 2 and PIP IV at 2. Bilateral knee crepitus with mild deformity, R>L and halux valgus on right foot. Apparent listing of tender points to multiple locations. Impressions of inflammatory polyarthritis, ulcerative colitis, fibromyalgia, telangiectasis, OA of knees and low back pain status post back surgery. CRP elevated at 11 (0-4.9) and sed rate elevated at 21 (0-20).

9/2/04 – Continued to report 2 hours of AM stiffness, several diarrhea stools a day, fatigue, fever, chills and mucosal ulcers. Tenderness and swelling to both hands and wrists on exam. Multiple tender points named. Begin Remicade therapy. Neutrophil cytoplasmic Ab, IgG 1:32 (<1:16).

10/14/04 – Pain all over, stiffness in AM, swelling in feet, knees and hands. Exam with tender trochanters – full range.

1/14/05 – First Remicade treatment on 1/10. Right fingers with swelling and tenderness, shoulder pain with full range. Decreased cervical rotation, spinal tenderness.

3/3/05 – Pain severe to point of tears to arm, backs and joints. Some response to Remicide. Hand swelling. Diarrhea and abdominal pain improved. Ulcerative colitis responded "beautifully". Exam with tenderness and swelling to fingers, wrists, toes, valgus knees, tenderness lateral/medial epicondyles. Multiple tender points. Increase Durabac and begin Neurontin. Back brace and TENS.

### RESTRICTIONS AND LIMITATIONS:

9/3/04 – Dr. Paul – rheumatology – "No gripping, grasping, bending, pushing, pulling, climbing, standing > 30 minutes at a time or sitting > 45 minutes at a time. No lifting > 5-10 pounds". Diagnoses of ulcerative colitis, inflammatory arthritis and right shoulder arthritis. 5'5"1/2 inches and 230 pounds.

UAMSSUPP00129

**CONCLUSIONS:**
I will defer conclusions and answers to Dr. Vergot, who has reviewed this file on two previous occasions.

**QUESTIONS:**

**SIGNATURE BLOCK:**
Laura Godwin RN
Senior Clinical Consultant
3/25/05

UAMSSUPP00128

2

# ATTACHMENT

# "H"

ATTACHMENT "H"

**From:**        Vergot, Susy L
**Sent:**        Friday, February 04, 2005 5:01 PM
**To:**          McClure, Valerie J; Pendergrass, Thomas M; Floyd, Eve H; Ward, Teresa B
**Subject:**     completed

**Attachments:**     bettybullard.doc

Just need # to call AP



bettybullard.doc (1
MB)

Suzy LL Ergot, DO.
VP. Medical Director
Ext. 43341

UAMSSUPP00121

As of 2/2/05, **"I have reviewed all medical and clinical evidence provided to me by Company personnel bearing on the impairment(s) which I am by training and experience capable to assess** Please see other reviews. This is an appeal review including additional records.

**Betty Bullard** is a **49** year old **secretary** with a **DOD** of 5/22/04 for **ankle and foot pain, cataplexy and narcolepsy, hypersomnia and sleep apnea.**

> **Restrictions Per AP(s): 04-09-04 APS completed by Dr. Thornbury indicated R & L's as none, activity as tolerated. No R & L's provided by Dr. Richardson, Sleep disorder specialist. 03-29-04 APS completed by Dr. Foy, Orthodontics indicated R & L's as none. 04-01-04 APS completed by Dr. McKinney, Family Medicine, indicated R & L's as unable to adequately do her job secondary to extreme fatigue, ulcerative colitis and anxiety with panic attacks.**

ANALYSIS:

Ms. Bullard is noted to be 5' 6" tall, weghing 170 pounds, and historically having an anterior fusion of the C-spine. The claimant has the **current co-morbid conditions:**

**COLITIS:** Ms. Bullard's Colitis as of 5/17/04 was noted to be slightly worse though being treated with Asaco. A 9/04 colonosclpy was interpreted as having erythema, edema, and mulrple erosion in the sigmoid colon and Diverticulosis.

**ARTHRITIS:** AC degenerative arthritis of the right shoulder is noted by ortho Dr. Well's on 5/12/04. C-spine ROM is decreased. Swelling and tenderness were noted in the small joints of the hands in 9/04. By 10/04, Remicade was suggested as further arthritic medication.-

**LUMBAR DEGENERATION:** Ms. Bullard has underwent facet blocks MRI of the Lumbar Spine had the following positive findings:
- L2-3 mild dehydration, mild paracentral disc buldge with out significant stenosis
- L3-4 mild dehydration, fissure in the disc annulus, and a central disc buldge without signifigant stenosis
- L4-5 disc dehydration, tiny fissures and buldge in the disc annulus with very mild lateral stenosis bilaterally
- L5-S1 disc dehydration, central buldge without stenosis

**SLEEP APNEA:** As of 7/15/04 was doing well on 10 cm CPAP for her sleep apnea.

**FOOT/ANKLE PAIN:** claimant reports having screws put in her feet. Record note 2/04 improving swelling and ankle pain and nalleolar trains to replace a boot brace on the left ankle.

UAMSSUPP00120

Normal testing includes:
1   Chest CT
2   Stress test
3   9/10/04 bilateral hip MRI

**Referral Questions:**

**1) Does the clinical data support a loss of functional capacity that would impose restrictions and limitations?**

**2) If so, what are appropriate restrictions and limitations?**

**3) Please provide a clinical basis for your conclusions.**

ANSWERS/CONCLUSIONS:

1. Yes. Some functional loss is supported with the individual conditions above and the co-morbid diagnosis considered together as a whole person.

2. **Reasonable R/L's for the above noted diagnses/conditions would be:**
- **avoid repetative bending/twisting at the waist**
- **avoid prolong standing/walking**
- **change position as needed for comfort**
- **avoid above the shoulders work**
- **close and readily available restroom facilities**
- **occasional lifitn up to 20 pounds**
- **frequent lifting up to 10 pounds**
- **no lifitng above shoulders**
- **avoid lifting while bending at the waist**
- **avoid fine articulate movements of the hands when arthritis flares in hands**

**Susy L.L. Vergot. DO**
**VP MEDICAL DIRECTOR**
**BOARD CERTIFIED FAMILY PRACTICE**

UAMSSUPP00119

# ATTACHMENT

## "I"

ATTACHMENT "I"

| | |
|---|---|
| **From:** | Estrada, Brandon R |
| **Sent:** | Monday, July 26, 2004 3:54 PM |
| **To:** | Connally, Bonita K |
| **Subject:** | RE: Priority activity for the annuity board |

I will have it completed by the end of the day.

-----Original Message-----

| | |
|---|---|
| **From:** | Connally, Bonita K |
| **Sent:** | Monday, July 26, 2004 3:53 PM |
| **To:** | Estrada, Brandon R |
| **Cc:** | Parker, Terri L |
| **Subject:** | Priority activity for the annuity board |

Good afternoon. On Friday morning, I reviewed the AB claim for Betty Bullard with Pam and Barbara. There is multiple APS forms in the file. However, we do not have sufficient medical documentation to support any type of disability.

In review of this file, I can tell you now that we are going to pay for the errors under the performance agreement. The initial letter was sent in June, but there has been no action taken on the file until my review on Friday. We have missed our 30 day compliance letter as the activity was cancelled and the 45 day activity for IL or tolling letter is still pending and past due.

Please ensure that before you leave today you have requested the medical information from all the providers through medical records. You should also call Lou at the Annuity Board and let her know you are awaiting additional medical information as this claim is 50 days old and she will be calling you soon. It is also imperative that you call and make contact with the cx. The only physician indicating that she is unable to work is her PCP.

Bonita Connally
Disability Benefits Consultant
Chattanooga, TN
Phone: 423-294-2332

UAMSSUPF00009