# HAND ARENDALL L.L.C. ▪ LAWYERS

Henry T. Morrissette
Direct Dial (251) 694-6364
Direct Fax (251) 544-1625
hmorrissette@handarendall.com

3000 AMSOUTH BANK BUILDING ▪ 107 SAINT FRANCIS STREET ▪ MOBILE, ALABAMA 36602 ▪ (251) 432-5511
Post Office Box 123 ▪ Mobile, Alabama 36601 ▪ Facsimile (251) 694-6375

November 16, 2006

**VIA E-MAIL**
Thomas O. Sinclair, Esquire
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

    Re: Case No. : 2005-1217 (U.S. District Court, Middle District of AL, Northern Div)
          *Betty Bullard v. UnumProvident Corporation, et al.,*

Dear Tom:

    I want to get back to you regarding your letter of November 10, 2006. With regard to your inquiries, we have the following responses:

    With regard to Topic No. 1, we are willing to produce a witness who can testify as to the document retention policies that would have been applicable to plaintiff's claim file. Obviously, these document retention policies would be applicable to other similarly situated files. We will not be putting up a witness to testify about document retention policies that would not be applicable to plaintiff's claim file. To the extent that your topic requests testimony on document retention policies that would not be applicable to plaintiff's claim file, the request is clearly overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence in this case. Your topic was not limited as to time or in any other way, thus the reason for our objection.

    Your Topic No. 2 was similarly unlimited as to time or in any other way. We will be glad to produce a witness who can testify about any policies and procedures that exist regarding the production of documents pursuant to pre-litigation requests for production that would have applied to your client's claim. The way that I read Topic No. 2 in your deposition notice is that it is specific to your client's claim, using the words "the Claimant/Plaintiff."

    It is our understanding that you have withdrawn Topic No. 3.

    With regard to Topic Nos. 4 through 6, those topics are specific to your client's claim, and we will provide witnesses who can testify as to those items.

    With regard to Topic No. 7, we read this topic as specific to your client's claim. To the extent that it seeks policies and procedures regarding making a determination as to entitlement to benefits that would not have been applicable to your client's claim, the topic would obviously be

MOBILE ▪ BIRMINGHAM ▪ FOLEY
*Lawyers also admitted in Florida, Georgia, Louisiana, Mississippi, and the District of Columbia*


DEFENDANT'S EXHIBIT A

November 16, 2006
Page 2

overly broad and not reasonably calculated to lead to the discovery of admissible evidence in this case. We intended to point that out in our previous letter.

As to Topic No. 8, we have produced documents that would describe the procedures referenced in Topic No. 8. See Bates Stamp Nos. UNUM00185-00292, subject to our objections. We also indicated that you can ask the individual witnesses the extent to which they are eligible for incentive compensation or bonuses and the criteria for those awards. I do want to clarify that I do not intend to indicate by referencing compensation in my October 30, 2006 letter that we would permit you to ask the witnesses the amount of their compensation in general, as this question is completely irrelevant in the present case, and it also raises privacy concerns.

We stand by our previously communicated position as to Topic No. 9.

With regard to Topic No. 10, your topic is overly broad and vague and ambiguous as to exactly which regulatory actions you are referencing. It is also not limited as to time or in any other manner. To the extent that you are referencing the documents that you filed with your opposition to summary judgment, those documents are not relevant to your client's claim. Furthermore, while it is true that your client was offered reassessment, she rejected that opportunity; therefore, any reassessment proceedings are completely irrelevant to her case. You are certainly free to file a motion to compel on this issue; although, I must caution you that the statements that you make concerning the regulatory settlement agreement are false and are not supported by the documents.

I agree with your statements regarding Topic No. 11.

Regarding Topic No. 12, we have the same response that we had to Topic No. 8.

Topic Nos. 13 and 14 appear on their face to be specific to plaintiff's claim. Topic No. 15 relates to policies and procedures, which would necessarily be limited to plaintiff's claim, as any policies and procedures not applicable to plaintiff's claim, but applicable to other claims, would be completely unrelated to this case. Accordingly, we stand by our offer to produce a witness who can testify as to the topics identified in 13, 14, and 15, as they apply to plaintiff's claim. We will not be putting up a witness as to matters that do not apply to plaintiff's claim on a basis that any such topic would be overly broad and not reasonably calculated to the discovery of admissible evidence in this case.

I agree with your statement regarding Topic No. 16.

As to Topic No. 17, as extensively discussed in our summary judgment materials, your client could not identify any statement made to her by my client or made to her employer by defendants concerning her coverage during the sales process. Based on your client's own deposition testimony, there has certainly been no explanation as to why you would be entitled to testimony concerning the policies and procedures relating to the sale of group policies. If you have any further explanation regarding this request, I will be glad to consider it with my client.

November 16, 2006
Page 3

    Please call me if you have any questions concerning the above or if you would like to discuss these matters further.

                                    Very truly yours,

                                    Henry T. Morrissette
                                    For the Firm

HTM/joc

# HAND ARENDALL L.L.C. ◾ LAWYERS

Direct Dial (251) 694-6279
Direct Fax (251) 544-1613
dfink@handarendall.com

3000 AMSOUTH BANK BUILDING ◾ 107 SAINT FRANCIS STREET ◾ MOBILE, ALABAMA 36602 ◾ (251) 432-5511
Post Office Box 123 ◾ Mobile, Alabama 36601 ◾ Facsimile: (251) 694-6375

February 24, 2006

Thomas O. Sinclair, Esquire
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

Re:  Case No. : 2005-1217  (U.S. District Court, Middle District of AL, Northern Div)
     *Betty Bullard v. UnumProvident Corporation, et al.,*

Dear Tom:

Enclosed please find objections, pursuant to Rule 30(b)(5), to plaintiff's deposition duces tecum notices to UnumProvident Corporation and Unum Life Insurance Company of America.

In addition to those objections, my clients object to certain of the 30(b)(6) topics on which testimony is requested, including topics numbered 1, 2, 3, 7, 8, 9, 10, 12, 13, 15, and 17. The deposition topics are overly broad and encompass areas that are irrelevant and immaterial to the claims made the basis of the instant action. Please contact me at your earliest convenience so that we can discuss the list of topics and, hopefully, resolve these issues well in advance of the 30(b)(6) depositions.

I look forward to discussing these topics with you.

Very truly yours,

Douglas W. Fink
For the Firm

DWF.kb
Enclosures

MOBILE ◾ BIRMINGHAM ◾ FOLEY
*Lawyers also admitted in Florida, Georgia, Louisiana, Mississippi, and the District of Columbia*