# ATTACHMENT

## "E"

ATTACHMENT "E"

# INTERROGATORIES

**Interrogatory No. 4**.  As to the personnel disclosed within your response to the previous interrogatory which requested the names of individuals who worked on or consulted on the Plaintiff's claim, state each individual's employer, job title, length of employment with the Defendant or any of its related entities, and for the employment year(s) during which such individual provided the medical evaluation, assessment, or played any other role in the instant case, state the individuals rate of pay, bonuses paid, awards, or other indices of recognition for job performance, and if the individual is eligible for any bonuses, the criteria under which said bonuses were paid; if such person was paid under any status other than that of an employee, please fully explain how each such individual was paid.

### UnumProvident Corporation's General Objections

1.  UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2.  UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3.  UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4.  UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5.  UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

    UnumProvident incorporates each of the foregoing General Objections and Responses into each and every response below, and without waiving said objections and responses, responds to each specific Interrogatory as follows:

    **Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Interrogatory No. 4 to Unum Life.

    **Supplemental Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Interrogatory No. 4 to Unum Life.

**<u>Unum Life Insurance Company of America's General Objections</u>**:

1. Unum Life objects to Plaintiff's interrogatories to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's interrogatories to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's interrogatories to the extent they request information that contains or constitutes the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's interrogatories to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's interrogatories to Unum Life is accurate or complete.

**<u>Unum Life's Initial Response</u>**:  In addition to the General Objections above, Unum Life objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is not likely to lead to the discovery of admissible evidence. Unum Life further objects to the disclosure of compensation information of its current or former employees on the grounds that it is irrelevant, immaterial and neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims or defenses of any party to this litigation.  It is also against company policy to release personnel information of its employees.  The disclosure of the requested information would violate employees' rights of privacy, could subject them to potential risk or harm, and provides no probative value as to the issues involved in this lawsuit.

> **<u>Unum Life's Supplemental Response</u>**:  Without waiving and subject to Unum Life initial objections Unum Life states that they initially identified the employer and job titles of the individuals who were involved in the final claims decisions in Unum Life's response to interrogatory number 3.  Unum Life will supplement its response by providing the initial date of employment for each individual previously identified in Unum Life's response to interrogatory number 3.
>
> **<u>LTD Claim</u>**:

Bonita K. Connally
Current Title:  Lead Disability Benefits Specialist
Former Title:  Disability Benefits Consultant
UnumProvident Corporation
5455 North Dallas Parkway, Suite 700
Addison, TX  75001
Hire Date:  2/24/2003

**LWOP Claim**:
Carol A. Braley
Manager, Life Waiver Benefits
UnumProvident Corporation
2211 Congress Street
Portland, ME  04122
Hire Date:  2/3/1999

Teresa B. Ward
Appeals Consultant
UnumProvident Corporation
1 Fountain Square
Chattanooga, TN  37402
Hire Date:  8/26/1996

**Reason Response is Deficient:**  UnumProvident failed to provide specific information on the bonuses paid to these employees, awards to these employees, or other indices of recognition for job performance with regard to these individual employees who performed services on the plaintiff's claim.  UnumProvident also failed to provide information on the bonuses awarded and the criteria under which said bonuses were awarded to these employees.  This issue has been dealt with on numerous occasions by the United States District Court for the Eastern District of Tennessee, Chattanooga Division.  Attached hereto are those decisions, which set out that this particular interrogatory request is proper and appropriate and that UnumProvident should provide the information requested.  See Attachment "B".  That Order also notes that UnumProvident's objections based on the "privacy concerns" for its employees information is dealt with by the prior entry of a Protective Order.  See Attachment "B" at

4

page 11. An identical protective order has already been entered in this case.  See Doc.

No. 15.

**Interrogatory No. 6**.  Name the consultants and/or firms who were consulted on the best practice or practices to be utilized by the Defendants in the claims management process.

## UnumProvident Corporation's General Objections

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this interrogatory on the following grounds:  1) it is vague and ambiguous, particularly with regard to the phrases "best practice or practices" and "consultants and/or firms"; 2) it is overly broad, unduly burdensome and oppressive in that it is unlimited as to time and insufficiently limited as to scope; 3) it seeks information which constitutes or contains confidential, proprietary documents and/or trade secrets; and 4) it seeks information which is neither relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence in this case.

> **Supplemental Response**:  UnumProvident objects to this interrogatory on the following grounds:  1) it is vague and ambiguous, particularly with regard to the phrases "best practice or practices" and "consultants and/or firms"; 2) it is overly broad, unduly burdensome and oppressive in that it is unlimited as to time and insufficiently limited as to scope; 3) it seeks information which constitutes or contains confidential, proprietary documents and/or trade secrets; and 4) it seeks information which is neither relevant

to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence in this case.

**Reason Response is Deficient**:  The Defendant UnumProvident consulted with various outside firms in order to develop UnumProvident's current claims handling strategies. We already have a copy of one of those reports, which indicates that UnumProvident has substantially changed its claims handling strategy to go from a "claims paying" strategy to a "claims handling" strategy.  See Attachment "F".  The question of how the defendant set up its claims handling is one that can only be answered after we determine what the best practices, in the defendant's opinion, were at the time that they established those claims handling practices.  The question of whether or not the defendants are, in fact, meeting those best practices and standards will be an issue the jury would need to consider in order to determine whether or not defendants' denial of this claim was appropriate.

**Interrogatory No. 19**.          In responding to these interrogatories, if you have, by way of a general objection or a specific objection to any individual interrogatory, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

        (a)      The date of the document;

        (b)      The author(s) of the document;

        (c)      Each addressee or recipient of the document including carbon copy and blind copyholders;

        (d)      The factual basis for your privilege claimed;

        (e)      The specific privilege claimed; and

        (f)      The location of the document.

**UnumProvident Corporation's General Objections**

1.    UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2.    UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3.    UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4.    UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call

for information that is in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5.      UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this interrogatory as overly broad and unduly burdensome.  Without waiving these objections or its General Responses and Objections set forth above, UnumProvident states that it is presently aware of no privileged documents aside from those generated after the filing of this lawsuit.  However, discovery is ongoing and, to the extent that pre-lawsuit documents were withheld from production on grounds of privilege or work product protection, they will be appropriately identified in a privilege log.

**Supplemental Response**:  UnumProvident objects to this interrogatory as overly broad and unduly burdensome.  Without waiving these objections or its General Responses and Objections set forth above, UnumProvident states that it is presently aware of no privileged documents aside from those generated after the filing of this lawsuit.  However, discovery is ongoing and, to the extent that pre-lawsuit documents were withheld from production on grounds of privilege or work product protection, they will be appropriately identified in a privilege log.

**Reason Response is Deficient:**  It's impossible to tell if the defendant's response indicates that they have withheld documents on the basis of privilege.  Defendants should be required to state that they are withholding documents on the basis of privilege and provide a privilege log or state that they are not withholding documents on the basis of privilege.  The defendant's use of general objections and specific objections within these responses makes it impossible to determine what documents have not been produced.

# REQUESTS FOR PRODUCTION

**Request No. 21**.        Produce all policy statements, bulletins, documents, directives, letters, emails, interoffice networking programs, computer material of any kind directed to managers, supervisors, claims personnel that refer or relate in any way to the Defendants' practices or policies regarding: Handling, processing and investigating claims for disability benefits that were in effect or were utilized by the Defendants from the year in which the Plaintiff's policy was issued up to present; Approving or denying a claim for disability benefits; Selecting or using independent medical examiners, and; determining whether to request the claimant to undergo FCE; What is the appropriate care for the condition causing the disability; All documents relating or reflecting company guidelines for the administration, management, objectification, verification, validation of the disability claim gained from the date of the issuance of the policy to the present; All handout, seminar materials made available to Defendants' employees handling disability claims at any time from date of issuance of the Plaintiff's policy to the present.

**UnumProvident Corporation's General Objections and Responses:**
1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.
3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.
4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the

discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5.  UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this request on the following grounds: 1) it is compound and actually seems to be several requests for production grouped into one request; 2) it is vague and ambiguous as to the information sought; 3) it is overly broad and unduly burdensome in that it is not reasonably limited in any way, particularly as to time and scope; 4) it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in this case; 5) to the extent it seeks information which constitutes or contains confidential, proprietary documents and/or trade secrets; and 6) it seeks information that may be protected by the attorney-client and work product privileges.  Without waiving and subject to said objections, UnumProvident adopts and incorporated Unum Life's objections and response to Plaintiff's Document Request No. 1 to Unum Life and to Plaintiff's Document Request No. 2 to Unum Life.

> **Supplemental Response**:  UnumProvident's response and objections are appropriate.  By way of further response UnumProvident adopted and incorporated Unum Life's responses to Plaintiff's Document Request Nos. 1 and 2 in which Unum Life stated that RIMARE was no longer in effect as of 8/2/00 and was not in effect at the time that decisions were made on the claims made the basis of Plaintiff's lawsuit and also referred the Plaintiff to the Customer Care Center Claims Manual produced in response to Plaintiff's Request No. 2.

**Unum Life Insurance Company of America's General Objections**:

1.  Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2.  Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3.  Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

11

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No.1**:  Unum Life objects to this request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties nor to the subject of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Unum Life further objects to this request on grounds that it seeks documents which constitute or contain confidential, proprietary information and/or trade secrets.  Without waiving and subject to these objections, Unum Life states that RIMARE was no longer in effect as of 8/2/00 and was not in effect at the time that decisions were made on the claims made the basis of Plaintiff's lawsuit.

**Unum Life's Initial Response to No. 2:**  Unum Life objects to this request on grounds that it is overly broad and seeks information which s immaterial and irrelevant to the extent it seeks versions of the Customer Care Claims Manual which were not used during the handling of the claims at issue in this lawsuit.  Unum Life further objects to this request on grounds that it seeks documents which constitute or contain confidential, proprietary information and/or trade secrets.  Without waiving and subject to these objections, Unum Life states that the "Knowledge.net customer care manual" is simply an on-line version of the Customer Care Center Claims Manual.  Unum Life will produce a copy of the version of the Customer Care Center Claims Manual that was available to claims handling personnel when Plaintiff's claims were adjudicated. Such version is identical to the claims manual that would have been available on-line via the "knowledge.net."

**Reason Response is Deficient**:  The defendant has directives, bulletins and other programs, which are designed to instruct or "guide" claims handlers on how to administer a claim.  Whether or not the defendant followed it's own internal policies and procedures is an issue for the jury to determine and as such this request is reasonably calculated to

lead to the discovery of admissible evidence. The question of whether or not those procedures will be produced is a question that is now before the Court. The defendant UnumProvident should be required to produce those documents that dictate the manner in which its claims handlers are to administer claims. The production of the most recent version of the claim's manual is not the only document that governs the administration of the plaintiff's claim. In fact, the defendant's 30(b)(6) deponent stated that the claims manual was just <u>one</u> guideline available to claims handlers.

> Q.    Are all of the policies and procedures contained in the [claims] manual?
>
> A.    The claims manual is, you know, definitely a guideline and a reference that's utilized in administering a claim, but it may not be, you know, the sole form of documentation.

Attachment "H", Deposition of T. Ward taken November 30, 2006 at page 135 line 23 to page 136 line 5.

Ms. Ward was the defendant's designated representative on the topic of the "policies and procedures of UnumProvident and Unum Life in making a determination as to entitlement to benefits". <u>Id.</u> at page 135 line 15 to line 21. Clearly the defendant should produce <u>all</u> of the defendant's policies and procedures in place when Plaintiff's claim was decided.

**Request No. 23**.        Produce documents that in any way refer, reflect, or relate to the

proper method of handling claims involving those conditions specified within the

Plaintiff's claim, or those conditions assessed by the Defendants or the Defendants'

employees or consultants.  This response should include those documents used by the

Defendants' employees to evaluate the Plaintiff's disability(ies); studies the Defendants

have undertaken with respect to the nature, treatment and care of the Plaintiff's

disability(ies).

**UnumProvident Corporation's General Objections and Responses**:

1.  UnumProvident objects to Plaintiff's discovery requests to the extent
    they impose on UnumProvident any obligations that are greater or
    more burdensome than those permitted under the *Federal Rules of
    Civil Procedure* or any other applicable rule of this Court.
2.  UnumProvident objects to Plaintiff's discovery to the extent they
    request information that is exempt from discovery on the basis of the
    attorney-client privilege, the work product doctrine, or any other
    privilege or exemption from discovery.
3.  UnumProvident objects to Plaintiff's discovery to the extent they
    request information that contains or constitutes the proprietary
    business information of UnumProvident.
4.  UnumProvident objects to Plaintiff's discovery requests to the extent
    they request information that is duplicative; to the extent they seek
    information either relevant nor reasonably calculated to lead to the
    discovery of relevant or admissible evidence; to the extent that they
    are overly broad or unduly burdensome; to the extent that they are
    vague and/or ambiguous; to the extent they are not reasonably limited
    in time and/or scope; to the extent they call for information that is in
    the public domain or is easily accessible to Plaintiff as to
    UnumProvident, and to the extent they seek confidential information
    related to third parties.
5.  UnumProvident's responses shall not be deemed as an admission that
    any statement or characterization in the Plaintiff's discovery requests
    to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this request on the following
grounds:  1) it is compound; 2) it is vague and ambiguous and
unintelligible as to the information sought; 3) it is also overly broad and
unduly burdensome to the extent it seeks information that is not specific to
plaintiff's claim; and 4) it seeks documents which constitu8te or contain
confidential, proprietary documents and/or trade secrets.  Without waiving
and subject to said objections, UnumProvident adopts and incorporates

Unum Life's objections and response to Plaintiff's Document Request No. 47 to Unum Life.

> **Supplemental Response**:  UnumProvident's response and objections are appropriate.  By way of further response UnumProvident adopted and incorporated Unum Life's response to Plaintiff's Document Request No. 47 in which Unum Life referred Plaintiff to the Customer Care Center Claims Manual produced in response to Plaintiff's Request No. 2.

**Unum Life Insurance Company of America's General Objections**:

1.  Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2.  Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3.  Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4.  Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5.  Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 47**:  Unum Life objects to this request on the following grounds:  1) it is compound; 2) it is vague and ambiguous and unintelligible as to the information sought; 3) it is also overly broad and unduly burdensome to the extent it seeks information that is not specific to plaintiff's claim; 4) it seeks documents which constitute or contain confidential; proprietary documents and/or trade secrets; and 5) it is potentially violative of the work produce and attorney-client privileges.   Without waiving and subject to these objections, Unum Life states that responsive information concerning Plaintiff's specific claims may be in the documents produced herewith.  Unum Life also further refers Plaintiff to the Customer Care Center Claims Manual that has been offered for production in response to these requests, including Request No. 2 above.

**<u>Reason Response is Deficient</u>:**  The defendant has internal guidelines on how to administer certain types of disability claims.  For example, attached hereto is Attachment "G" is a fibromyalgia guideline that the defendant had drafted in order to instruct its claims personnel and medical personnel on how to assess claims for disability based upon a diagnosis of fibromyalgia.  See Attachment "G".  The defendant should have to produce those documents that provide guidance to defendant's employees on how plaintiff's medical conditions are to be assessed.

**Request No. 26**.        Produce the closure reports for the time period beginning one year

from the date of the Plaintiff's claim up and through the date of this response.

**UnumProvident Corporation's General Objections and Responses**:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this request on the following grounds:  1) it is vague and ambiguous; particularly as to the phrase "closure reports" 2) it seeks information which constitutes or contains confidential, proprietary documents and/or trade secrets; 3) it is overly broad, unduly burdensome and oppressive, particularly with regard to time and the fact that it is not limited in any other way or in any way tied to the subject matter of plaintiff's claim or any other aspect of plaintiff's claim; 4) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of the admissible evidence.

**Supplemental Response**:  UnumProvident's objections are appropriate.

**Reason Response is Deficient:**  Closure reports is a terms that defendants use internally.

It provides information on how many claims are coming in on a monthly basis versus

how many claims are being "terminated".  It is anticipated that the defendants will argue that they pay a certain percentage of all claims.  What the defendants fail to provide to the jury is information revealing that they only pay some claims for a month or two in order to be able to claim that they pay 95% of the claims submitted.  The closure reports will reveal that more than half of the claims submitted are never paid to term and majority of claimants had their claims denied.  If the defendants failed to produce the closure reports, then the defendants should not be permitted to provide testimony to the jury regarding the number of claims that they pay on either as a number or percentage of the total.

**Request No. 31**.    Produce any return to work reports or weekly reports generated by the employees of the Defendants who handled in any way the Plaintiff's claim to include projected closure rates for each employee.

**UnumProvident Corporation's General Objections and Responses**:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous as to the terms "return to work reports" and "projected closure rates"; (2) it is overly broad, and potentially unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim and (3) it seeks documents that are not relevant to any of the claims or defenses of any party to this litigation nor is it reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No 28 to Unum Life.

**Supplemental Response**:  UnumProvident's response and objections are appropriate.  By way of further response UnumProvident adopted and incorporated Unum Life's response to Plaintiff's Document Request No. 28 in which Unum Life stated

that an expected resolution date was never established. Therefore, there are no documents in Defendant's possession that would be responsive to this request.

**Unum Life Insurance Company of America's General Objections**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 28**:  Unum Life objects to this request on grounds that it is vague, ambiguous, and overly broad. Notwithstanding these objections, Defendant states that an expected resolution date was never established. Therefore, there are no documents in Defendant's possession that would be responsive to this request.

**Reason Response is Deficient:**  The defendants have reports generated by management personnel detailing the return to work or closure rates of claims for the various employees who handled the plaintiff's claim. Basically, these reports detail the specific matrix used to measure employee performance. The defendants incentivize their employees to deny claims by setting these goals for the employees. Producing that information with regard to those employees who handled the plaintiff's claim during the time period the

plaintiff's claim was pending will provide the jury with information regarding that

incentive to deny claims.

**Request No. 34**.        Produce the deposition of Ralph Mahoney taken on January 28,

2002, in the <u>Hangarter</u> case in California, and further produce the deposition of Ralph

Mahoney taken on March 27, 2003, in the <u>Ceimo</u> case in Arizona.

### UnumProvident Corporation's General Objections and Responses:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.
3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.
4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.
5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident has no such responsive documents.  To the extent that this request inadvertently used the wrong last name and meant Ralph Mohney, UnumProvident objects to this request on the following grounds 1) it seeks documents that are not relevant to any of the claims or defenses of any party to this litigation nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) to the extent it seeks information protected by third parties' rights of privacy; and (3) under the authority of *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the requested discovery is improper to the extent it seeks documents regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

**Supplemental Response**:  UnumProvident's objections are appropriate.

**<u>Reason Response is Deficient</u>:**  Specific requests for the deposition testimony of former upper echelon management personnel of the defendants who were part of changing the claims paying structure of the defendants to a claims handling structure is directly relevant to plaintiff's claim that defendants have denied her claim in bad faith.  Mr. Mohney's deposition testimony set forth the manner in which the defendants' claim handling structures changed.  Those changes were still in place when the plaintiff's claim for benefits were first submitted and subsequently denied.  Mr. Mohney is no longer with UnumProvident and as such the production of these depositions will make available testimony not otherwise readily attainable.

**Request No. 35**.        Produce the depositions provided by Susan Roth, UnumProvident

general counsel.

**UnumProvident Corporation's General Objections and Responses**:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this request in its inaccurate characterization of Susan Roth as "General Counsel".  UnumProvident further objects to this request on the following grounds:  1) it seeks documents that are not relevant to any of the claims or defenses of any party to this litigation or is it reasonably calculated to lead to the discovery of admissible evidence; (2) to the extent it seeks information and/or documents protected by third parties' rights of privacy; and (3) under the authority of *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the requested discovery is improper to the extent it seeks documents regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

**Supplemental Response**:  UnumProvident's objections are appropriate.

**<u>Reason Response is Deficient</u>:**  Ms. Roth has provided affidavits to this Court regarding this case in which she makes representations that are contrary to the representations set out in those depositions.  Production of her prior deposition testimony will clarify the issues that UnumProvident has now raised before this Court.

**Request No. 36**.        Produce any and all recorded statements, writings, or

documentation indicating the company's use of the Lebouef report, to include any

documents generated by or taken at the behest of Mahoney and Chandler.

### UnumProvident Corporation's General Objections and Responses:

1.  UnumProvident objects to Plaintiff's discovery requests to the extent
    they impose on UnumProvident any obligations that are greater or
    more burdensome than those permitted under the *Federal Rules of
    Civil Procedure* or any other applicable rule of this Court.
2.  UnumProvident objects to Plaintiff's discovery to the extent they
    request information that is exempt from discovery on the basis of the
    attorney-client privilege, the work product doctrine, or any other
    privilege or exemption from discovery.
3.  UnumProvident objects to Plaintiff's discovery to the extent they
    request information that contains or constitutes the proprietary
    business information of UnumProvident.
4.  UnumProvident objects to Plaintiff's discovery requests to the extent
    they request information that is duplicative; to the extent they seek
    information either relevant nor reasonably calculated to lead to the
    discovery of relevant or admissible evidence; to the extent that they
    are overly broad or unduly burdensome; to the extent that they are
    vague and/or ambiguous; to the extent they are not reasonably limited
    in time and/or scope; to the extent they call for information that is in
    the public domain or is easily accessible to Plaintiff as to
    UnumProvident, and to the extent they seek confidential information
    related to third parties.
5.  UnumProvident's responses shall not be deemed as an admission that
    any statement or characterization in the Plaintiff's discovery requests
    to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this request on grounds that
it is vague and ambiguous in its reference to "Mahoney and Chandler."
To the extent the request intends to refer to Ralph Mohney and Harold
Chandler, UnumProvident further objects to the request on the following
grounds or to the extent that:  1) it is overly broad, unduly burdensome
and oppressive, and particularly with regard to time and scope and that
such documents would contain material unrelated to this claim; 2) it seeks
documents that are not relevant to any of the claims or defenses of any
party to this litigation nor is it reasonably calculated to lead to the
discovery of admissible evidence; 3) it seeks documents which constitute
or contain confidential, proprietary information and/or trade secrets; and
4) to the extent it seeks documents protected by the attorney-client
privilege.

**Supplemental Response**:  UnumProvident's objections are
appropriate.  By way of further response UnumProvident states

that the LeBoeuf report dates to the 1994 - 1995 time period and related to Provident Life and Accident's IDI business. Plaintiff's claim for benefits was presented and initially denied in 2004, so the requested report and/or information regarding same are not relevant to this Unum LTD claim.

**Reason Response is Deficient:**   These two individuals are upper level management personnel responsible for changing UnumProvident's claim paying structure to a claims handling structure. These two gentlemen, Mr. Mohney and Mr. Chandler, took notes and had others take notes regarding the implementation of the LeBoeuf Report (see Attachment "F"). UnumProvident's argument that the LeBoeuf Report is irrelevant to the plaintiff's claim raises the very issue that this request attempts to address. The manner in which the LeBoeuf Report recommendations are incorporated into UnumProvident's claim handling structures and practices is directly relevant to the plaintiff's claim in this case. The notes and documentation on how those recommendations from the LeBoeuf Report were incorporated will be an issue that the jury should be made aware of so the jury can see that UnumProvident's claims handling structure changed substantially as a result of those recommendations within the report.

**Request No. 39**.    Produce and identify by Bates numbers those documents within your possession, custody or control that pertain to the Plaintiff's claim for benefits, the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file pertaining to the Plaintiff's claim or claims for benefits.  This request includes any files pertaining to any other policies purchased by the Plaintiff.

**UnumProvident Corporation's General Objections and Responses**:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.
3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.
4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.
5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 16 to Unum Life.

**Supplemental Response**:  UnumProvident objects to this request on grounds that it is overly broad and unduly burdensome and seeks information that is irrelevant and immaterial to the claims in this lawsuit.  Without waiving and subject to these objections, this Defendant states that the files/documents in its possession that pertain to the Plaintiff include the following, which have been

produced; LTD claim file, LWOP claim file, LTD policy and
certificate booklet, Life policy and certificate booklet, electronic
documents regarding the respective claims, and appeal data base
sheets

**Unum Life Insurance Company of America's General Objections**:

1.  Unum Life objects to Plaintiff's document requests to the extent they
    impose on Unum Life any obligations that are greater or more
    burdensome than those permitted under the *Federal Rules of Civil
    Procedure* or any other applicable rule of this Court.

2.  Unum Life object to Plaintiff's document requests to the extent they
    request documents exempt from discovery on the basis of the attorney-
    client privilege, the work product doctrine, or any other privilege or
    exemption from discovery.

3.  Unum Life objects to Plaintiff's document requests to the extent they
    request documents containing or constituting the proprietary business
    information of Unum Life.

4.  Unum Life objects to Plaintiff's document requests to the extent they
    are duplicative; to the extent they seek information either relevant nor
    reasonably calculated to lead to the discovery of relevant or admissible
    evidence; to the extent that they are overly broad or unduly
    burdensome; to the extent that they are overly broad or unduly
    burdensome; to the extent that they are vague and/or ambiguous; to the
    extent they are not reasonably limited in time and/or scope; to the
    extent they call for documents in the public domain or is easily
    accessible to Plaintiff as to Unum Life; and to the extent they seek
    confidential information related to third parties.

5.  Unum Life's responses shall not be deemed as an admission that any
    statement or characterization in the Plaintiff's request for production to
    Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 16:**    Unum Life objects to this
request on grounds that it is overly broad and unduly burdensome and
seeks information that is irrelevant and immaterial to the claims in this
lawsuit. Without waiving and subject to these objections, this Defendant
states that the files/documents in its possession that pertain to the Plaintiff
include the following:  which will be produced:  LTD claim file, LWOP
claim file, LTD policy and certificate booklet, Life policy and certificate
booklet, electronic documents regarding the respective claims, and appeal
database sheets.

**Reason Response is Deficient:**  UnumProvident has failed to produce all of the files

regarding the polices at issue.  UnumProvident is in possession of documents that it has

not produced, responsive to this request.  Specifically, UnumProvident has not produced

all of the files related to this claim, all of the documents related to this claim (for example, documents generated by the independent in-house medical personnel which are files maintained separate and apart from the claim files) and UnumProvident has failed to produce all of the documents related to the issuance of these policies.  For example, these are group policies, which have been issued at various times by various subsidiaries and/or predecessor corporations of UnumProvident.  The defendants have not produced all of the versions of this policy.

**Request No. 40**.        Produce and identify by Bates number every medical report (to

include any generic medical reports not specifically pertaining to the Plaintiff but used in

referencing the restrictions and limitations pertaining to the Plaintiff's disability)

considered in your process of evaluating the Plaintiff's application for benefits.  This

response should include any internal memorandum regarding the Plaintiff's claims, to

include any documentation generated by your agents or employees reviewing information

pertaining to the Plaintiff's application for benefits.

> **UnumProvident Corporation's General Objections and Responses**:
> 1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
> 2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.
> 3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.
> 4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.
> 5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.
>
> **Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 17 to Unum Life.
>
> > **Supplemental Response**:  UnumProvident objects to this request on grounds that it is vague, ambiguous, and overly broad. Notwithstanding these objections, Defendant states that the requested documents would be contained within the LTD and/or

LWOP claim files for Plaintiff, copies of which have been produced.

**Unum Life Insurance Company of America's General Objections**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No.17**: Unum Life objects to this request on grounds that it is vague, ambiguous, and overly broad. Notwithstanding these objections, Defendant states that the requested documents would be contained within the LTD and/or LWOP claim files for Plaintiff, copies of which will be produced.

**Reason Response is Deficient:** The defendants have internal medical reports generated in order to provide guidelines for its employees on how to assess certain medical conditions. Plaintiff already obtained one of those reports detailing the defendant's assessment of fibromyalgia, one of Plaintiff's many medical conditions. Attachment "G". Plaintiff requires all of the defendant's internal reports related to the medical

conditions suffered by the plaintiff so that we can assess how the plaintiff's claim was reviewed in light of those internal guidelines.

**Request No. 47**.        Produce, and reference by Bates number, each and every policy

ever purchased by the Plaintiff from you or any of your subsidiaries.

**UnumProvident Corporation's General Objections and Responses**:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 24 to Unum Life.

**Supplemental Response**:  UnumProvident objects to this request on grounds that it is vague, ambiguous, overly broad and unduly burdensome.  Notwithstanding these objections, Defendant states that it will produce copies of ht LTD policy and certificate booklet, as well as copies of the Life policy and certificate booklet, that were issued to the Annuity Board of the Southern Baptist Convention, under which the Plaintiff claims coverage.

**Unum Life Insurance Company of America's General Objections**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-

client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 24**: Unum Life objects to this request on grounds that it is vague, ambiguous, overly broad and unduly burdensome. Notwithstanding these objections, Defendant states that it will produce copies of the LTD policy and certificate booklet, as well as copies of the Life policy and certificate booklet, that were issued to the Annuity Board of the Southern Baptist Convention, under which the Plaintiff claims coverage.

**Reason Response is Deficient:** Once again the defendants refuse to produce documents, that are directly responsive by offering numerous general objections and specific objections within each response to make it impossible to determine if the defendants have produced all of the documents pertaining to the policies at issue. For example, the group policy in force at the time of Plaintiff's claim has prior versions and predecessor policies issued by this same defendant and its various subsidiaries. The terms of those policies that were initially purchased by the plaintiff during her tenure at the Southern Baptist Convention are directly relevant to her claims of fraud, both in the issuance and in the administration of her claims. Plaintiff specified that she purchased policies based upon certain representations in those policies and the defendant's failure to produce the very

policies that are a subject of those claims is clearly not appropriate at this stage of the

proceedings.  This request is reasonably calculated to lead to the discovery of the terms of

those policies, which the plaintiff initially purchased and the manner in which those terms

were changed by the defendants over the course of the intervening years up to the time

the plaintiff filed a claim for benefits.

**Request No. 49**.        Produce any and all "Magic" database documents pertaining to the

Plaintiff's policy or policies.  This request for production includes, but it not limited to,

any and all "Magic" documents provided to any and all of your employees regarding the

Plaintiff's policy or policies.

### UnumProvident Corporation's General Objections and Responses:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 26 to Unum Life.

> **Supplemental Response**:  UnumProvident objects to this request on grounds that it is vague, ambiguous, and overly broad. Defendant further objects to this request on grounds that it seeks documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections, Defendant states that it has previously produced copies of the LTD policy and certificate booklet, as well as the Life policy and certificate booklet, which are at issue in this litigation.

**Unum Life Insurance Company of America's General Objections**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No.26**:  Unum Life objects to this request on grounds that it is vague, ambiguous, and overly broad. Defendant further objects to this request on grounds that it seeks documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections, Defendant states that it will produce copies of the LTD policy and certificate booklet, as well as the Life policy and certificate booklet, which are at issue in this litigation.

**Reason Response is Deficient**:  "Magic" is the name given by the defendant to a database used by the defendant that provides common everyday terms to interpret policy language.  The manner in which the defendant's employees are to interpret the policy is a topic clearly relevant and certainly the appropriate subject of discovery at this stage.

**Request No. 62**.        Produce all documents reflecting financial bonuses, incentives, stock options, honors, awards, or any other type of compensation or program available to company personnel working with the departments directly responsible for the adjudication or assessment of the Plaintiff's claims.

### UnumProvident Corporation's General Objections and Responses:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.
3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.
4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.
5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 6 to Unum Life.

**Supplemental Response**:  UnumProvident's response and objections are appropriate.  By way of further response UnumProvident adopted and incorporated Unum Life's response to Plaintiff's Document Request No. 6 in which Unum Life produced under appropriate protective order, the following documents:

- 2004 Management Incentive Compensation Plan and Performance Management Plan, Summary Explanation for Participants;
- Performance Recognition Program documents;
- Broad Based Stock Plan;

- Employee Stock Option Plan;
- Employee Stock Purchase Plan; and
- Summary Brochure of The Benefits Center Recognition Programs.

**<u>Unum Life Insurance Company of America's General Objections</u>**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**<u>Unum Life's Initial Response to No. 6</u>**:  Unum Life objects to this request on the following grounds:  1) it is vague and ambiguous, particularly with regard to the phrase "working with the departments"; 2) it seeks documents which constitute or contain confidential, proprietary information and/or trade secrets; 3) it is overly broad, unduly burdensome and oppressive, particularly with regard to time and scope; 4) it seeks information which is neither relevant nor material to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and 5: it seeks information that may be protected by the attorney-client privilege and by third parties' rights of privacy. Notwithstanding and without waiving the foregoing objections, Unum Life states that it will produce, under appropriate protective order, the following documents:

- 2004 Management Incentive Compensation Plan and Performance Management Plan, Summary Explanation for Participants;
- Performance Recognition Program documents;

- Broad Based Stock Plan;
- Employee Stock Option Plan;
- Employee Stock Purchase Plan; and
- Summary Brochure of The Benefits Center Recognition Programs.

**<u>Reason Response is Deficient</u>:** The defendants have failed to produce all the documents reflecting the bonuses paid to the employees, failed to produce all the documents showing the incentives given to employees, failed to produce all the documents detailing the types of compensation and programs available to company personnel, which would incentivized them to deny claims or perform their occupational duties in a certain manner which is detrimental to the claimant, in this case, the plaintiff. This is clearly a topic, which is appropriate for discovery, and the defendants have failed to produce the documents specific enough so that the plaintiff can provide that evidence to the jury. The defendants have instead produced documents which detail in a general manner the nature of only a select handful of incentive programs.

This topic has been the subject of several motions to compel and several orders issued by the United States District Court for the Eastern District of Tennessee, Chattanooga Division, which is UnumProvident's headquarters. (See Attachment "B").

**Request No. 63**.        Produce all documents relating to rewards, bonuses, awards,

incentives, or remuneration, whether financial or not, given to any company employee

who supervised those employees who handled the plan's claims.

**UnumProvident Corporation's General Objections and Responses**:
1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.
3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.
4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.
5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 7 to Unum Life.

**Supplemental Response**:  UnumProvident's response and objections are appropriate.

**Unum Life Insurance Company of America's General Objections**:
1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 7**:  Unum Life objects to this request on grounds that it is vague and ambiguous, particularly with regard to its reference to "the plan's claims."  Unum Life further objects on the grounds that the request is overly broad, unduly burdensome and seeks information that is irrelevant, immaterial and neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims or defenses of any party of this litigation.  Without waiving and subject to these objections, this Defendant states that it is against company policy to release personal or personnel information of its employees and disclosure of such information would violate their rights of privacy, could subject them to potential risk or harm and would provide no probative value regarding the issues in this lawsuit.

**Reason Response is Deficient:**  Once again, this is, for the same reasons set out in the request directly above, a topic that is appropriate for discovery and one, which the defendants have litigated on numerous occasions before the district court at their headquarters.  That same district court has directed them on several occasions to produce these documents (See Attachment "B").

**Request No. 64**.        Produce all documents relating to rewards, bonuses, awards,

incentives, or remuneration, whether financial or not, given to any of the Defendants'

employees who handled the Plaintiff's claims.

**UnumProvident Corporation's General Objections and Responses**:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.
3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.
4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.
5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 8 to Unum Life.

**Supplemental Response**:  UnumProvident's response and objections are appropriate.

**Unum Life Insurance Company of America's General Objections**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.
2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 8**:  Unum Life objects to this request on grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is irrelevant, immaterial and neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims or defenses of any party to this litigation.  Without waiving and subject to these objections, this Defendant states that it is against company policy to release personal or personnel information of its employees and disclosure of such information would violate their rights of privacy, could subject them to potential risk or harm and would provide no probative value regarding the issues in this lawsuit.

**Reason Response is Deficient**:  Once again, this is, for the same reasons set out in the request directly above, a topic that is appropriate for discovery and one, which the defendants have litigated on numerous occasions before the district court at their headquarters.  That same district court has directed them on several occasions to produce these documents (See Attachment "B").

**Request No. 68**.        Produce any tapes or recordings in unedited format, by whatever

media, including any surveillance tapes, of the Plaintiff.

**UnumProvident Corporation's General Objections and Responses**:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 42 to Unum Life.

**Supplemental Response**:  As previously indicated, there is no surveillance.  Tape recordings would be reflected in the claim files, copies of which have been produced.

**Unum Life Insurance Company of America's General Objections**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 42**:  Unum Life objects to this request on the grounds that it is vague, ambiguous, overly broad and violative of the work product and attorney client privileges. Notwithstanding these objections, Defendant states that surveillance was not performed of Plaintiff.

**Reason Response is Deficient**:  The defendants *seem to indicate* that there have been tape recordings made of the plaintiff, but fail to produce anything other than the memo of phone calls to the plaintiff.  The claim handlers draft memos of their recollection of what was said during the conversation.  Clearly, if there are tape recordings, the defendants should produce them.

**Request No.70**.        Produce all documents concerning the Defendant's conduct of a

"round table review", of the Plaintiff's claim at any time, to include "mini reviews",

"mini round tables", or "walk-in reviews".

### UnumProvident Corporation's General Objections and Responses:

1. UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4. UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 45 to Unum Life.

**Supplemental Response**:  UnumProvident objects to this request on grounds that it is vague, ambiguous, and overly broad. Notwithstanding these objections, Defendant refers Plaintiff to reviews in the claim files, which include, but are not limit4ed to, a review with Bonita Connally, Pam McMillan and Barbara Burke on July 23, 2004 (see Bates number UACL00080); a review with Bonita Connally and Pam McMillan, RN, on August 12, 2004 (see Bates number UACL00164); a review with Brandon Estrada and Pam McMillan, RN, on July 30, 2004 (see Bates number UACL0129); a review with Brandon Estrada and Pam McMillan, RN, on August 4, 2004 (see Bates number UACL00143); and a review with Teresa Ward, Tom Pendergrass, PhD, Laura Godwin,

RN, and Susy Vergot, DO, on March 14, 2005 (see Bates number UACL00499).

**Unum Life Insurance Company of America's General Objections**:

1. Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2. Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 45**: Unum Life objects to this request on grounds that it is vague, ambiguous, and overly broad. Notwithstanding these objections, Defendant refers Plaintiff to reviews in the claim files, which include, but are not limited to, a review with Bonita Connally, Pa. McMillan and Barbara Burke on July 23, 2004 (see Bates number UACL00080); a review with Bonita Connally and Pam McMillan, RN, on August 12, 2004 (see Bates number UACL00164); a review with Brandon Estrada and Pam McMillan, RN, on August 4, 2004 (see Bates number UACL00143); and a review with Teresa Ward, Tom Pendergrass, Ph.D., Laura Godwin, RN, and Susy Vergot, DO, on March 14, 2005 (see Bates number UACL00499).

**Reason Response is Deficient:** It may be that the defendants have produced all documents responsive to this request. However, it is impossible to determine given their objections. If the defendants have produced all documents responsive to this request,

then they should simply so state.  If there are documents maintained outside of the claim

file detailing the review of the plaintiff's claim, those documents should be produced.

**Request No.75**.        Produce the customer profiles/account management database

documents referring or relating in any way to the Plaintiff's claim or group policy.

**UnumProvident Corporation's General Objections and Responses**:

1.  UnumProvident objects to Plaintiff's discovery requests to the extent they impose on UnumProvident any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2.  UnumProvident objects to Plaintiff's discovery to the extent they request information that is exempt from discovery on the basis of the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3.  UnumProvident objects to Plaintiff's discovery to the extent they request information that contains or constitutes the proprietary business information of UnumProvident.

4.  UnumProvident objects to Plaintiff's discovery requests to the extent they request information that is duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for information that is in the public domain or is easily accessible to Plaintiff as to UnumProvident, and to the extent they seek confidential information related to third parties.

5.  UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident adopts and incorporates Unum Life's objections and response to Plaintiff's Document Request No. 12 to Unum Life.

> **Supplemental Response**:  UnumProvident objects to this request on grounds that it is vague, ambiguous, and overly broad. Notwithstanding these objections, Defendant states that any documents responsive to this Request would be contained in the subject claim files, copies of which have been previously produced.

**Unum Life Insurance Company of America's General Objections**:

1.  Unum Life objects to Plaintiff's document requests to the extent they impose on Unum Life any obligations that are greater or more burdensome than those permitted under the *Federal Rules of Civil Procedure* or any other applicable rule of this Court.

2.  Unum Life object to Plaintiff's document requests to the extent they request documents exempt from discovery on the basis of the attorney-

client privilege, the work product doctrine, or any other privilege or exemption from discovery.

3. Unum Life objects to Plaintiff's document requests to the extent they request documents containing or constituting the proprietary business information of Unum Life.

4. Unum Life objects to Plaintiff's document requests to the extent they are duplicative; to the extent they seek information either relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence; to the extent that they are overly broad or unduly burdensome; to the extent that they are overly broad or unduly burdensome; to the extent that they are vague and/or ambiguous; to the extent they are not reasonably limited in time and/or scope; to the extent they call for documents in the public domain or is easily accessible to Plaintiff as to Unum Life; and to the extent they seek confidential information related to third parties.

5. Unum Life's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's request for production to Unum Life is accurate or complete.

**Unum Life's Initial Response to No. 12**: Unum Life objects to this request as vague, overly broad and unduly burdensome. Without waiving and subject to these objections, this Defendant states that if such documents relating to Plaintiff's specific claims exist, they may be in the documents produced herewith, including the subject LTD and LWOP claim files being produced herewith. Unum Life reserves the right to supplement this answer if discovery and investigation yields additional information.

**Reason Response is Deficient**: This request is narrow enough so that it identifies by

particular database that plaintiff is seeking documents pertaining to the plaintiff's claim

from those databases. The defendant's objections make it impossible to determine if

those documents have been produced. If the documents have been produced, the

defendants should so state. If there are documents, which are being withheld, the

defendants should so state.

**Request No.79**.        In responding to these requests for production, if you have, by way

of reference to a general objection or by offering a specific objection to any individual

request, claimed a right to protection from discovery of certain documents by operation

of the attorney-client privilege, the work product doctrine, or any other privilege afforded

under law, please state the following with respect to each such document for which said

privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy

and blind copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

**UnumProvident Corporation's General Objections and Responses**:
1.  UnumProvident objects to Plaintiff's discovery requests to the extent
they impose on UnumProvident any obligations that are greater or
more burdensome than those permitted under the *Federal Rules of
Civil Procedure* or any other applicable rule of this Court.
2.  UnumProvident objects to Plaintiff's discovery to the extent they
request information that is exempt from discovery on the basis of the
attorney-client privilege, the work product doctrine, or any other
privilege or exemption from discovery.
3.  UnumProvident objects to Plaintiff's discovery to the extent they
request information that contains or constitutes the proprietary
business information of UnumProvident.
4.  UnumProvident objects to Plaintiff's discovery requests to the extent
they request information that is duplicative; to the extent they seek
information either relevant nor reasonably calculated to lead to the
discovery of relevant or admissible evidence; to the extent that they
are overly broad or unduly burdensome; to the extent that they are
vague and/or ambiguous; to the extent they are not reasonably limited
in time and/or scope; to the extent they call for information that is in
the public domain or is easily accessible to Plaintiff as to

53

UnumProvident, and to the extent they seek confidential information related to third parties.

5. UnumProvident's responses shall not be deemed as an admission that any statement or characterization in the Plaintiff's discovery requests to UnumProvident is accurate or complete.

**Initial Response**:  UnumProvident objects to this request as overly broad and unduly burdensome.  Without waiving these objections or its General Objections and Responses set forth above, UnumProvident states that it is presently aware of no privileged documents aside from those generated after the filing of this lawsuit.  However, discovery is ongoing and, to the extent that pre-lawsuit documents were withheld from production on grounds of privilege or work product protection, they will be appropriately identified in a privilege log.

**Supplemental Response**:  UnumProvident's response and objections are appropriate.

**Reason Response is Deficient:**  The defendant should produce a privilege log if documents are being withheld and for those documents that the defendant redacted.  The defendant has used so many general objections and objections on the basis of privilege that it is impossible to tell if the defendants are withholding or redacting documents.  If they are, they should have to produce a privilege log.