IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| UNUMPROVIDENT CORPORATION; ) | |
| UNUM LIFE INSURANCE COMPANY ) | 2:05-cv-1217-MEF |
| OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## PARTIES' NOTICE OF COMPLIANCE WITH COURT ORDER (DOC. NO. 60)

COMES NOW the Plaintiff Betty Bullard, and the Defendants UnumProvident Corporation and Unum Life Insurance Company of America, and provide the following notice of compliance with the Court's Order of December 19, 2006 (Doc. No. 60).

On Friday December 22, 2006, the Parties held a conference[1] regarding the pending Motions to Compel. Unfortunately the parties were unable to resolve the issues encompassed within the pending Motions to Compel. Defendants are continuing to follow up on several discovery requests and will provide their final responses to these requests to the Plaintiff by January 12, 2007. Defendants will be providing a report on their efforts once they are allowed to file a response to Plaintiff's Third Motion to Compel (Defendant's have a Motion requesting the opportunity to respond pending with the Court, See .Doc. No. 55). For ease of reference, set forth below are the issues encompassed within the pending Motions to Compel.

---

[1] The parties held numerous (between 6 and 10) conferences concerning these issues prior to the filing of the Motions to Compel and have held several since the filing of the Motions to Compel.

1

**PLAINTIFF'S FIRST MOTION TO COMPEL:**

The Plaintiff's First Motion to Compel seeks to compel the Defendants to provide a 30(b)(6) representative for the following areas of testimony. A summary of each requested area of testimony, the Defendants objections and the Plaintiff's reasons for wanting the testimony is set forth in the text of the Plaintiff' First Motion to Compel (Doc. No. 54) and for ease of reference that Motion is attached hereto as Attachment "A".

8. The Defendants policies and procedures with regard to payment of bonuses, awards, or other indices of recognition of job performance, and if any individual involved in the determination or the administration of the Plaintiff's claim(s) was eligible for said bonuses, awards or other indices of recognition, then the criteria under which said bonuses, awards or other indices of recognition were paid. This area of testimony is to include the policies and procedures in place with regard to the management incentive compensation program (MICP), the performance recognition program (PRP), and any other bonus system or incentive system in which the Defendants employees involved in the determination or the administration of the Plaintiff's claim(s) were entitled to participate.

10. Any regulatory actions regarding the Defendant's claims handling practices.

12. The objective criteria by which the Defendant's employees job performance is assessed, whether through an informal process or through company-wide policy.

17. The Defendants policies and procedures regarding the sale of "group" policies; the administration of "list billing accounts"; the company's instructions on how to establish "group"policies.

**PLAINTIFF'S THIRD MOTION TO COMPEL:**

The Plaintiff's Third Motion to Compel seeks to compel the Defendants to provide responses to the following interrogatories and requests for production. A summary of each request, the Defendants responses and the Plaintiff's claimed deficiencies in those responses was filed with the Court as Attachment E to Plaintiff's Third Motion to Compel (Doc. No. 54) and for ease of reference is attached hereto as

Attachment "B". The parties conducted numerous (more than half a dozen) conferences prior to the filing of the Motion and Plaintiff provided Defendants with a rough draft of the Motion several weeks prior to filing the Motion. The Defendants then provided Plaintiff additional responses, objections and and some proposals for resolving certain discovery disputes. See Attachment "C". Plaintiff then responded to Defendants' proposals by accepting some of Defendants proposals and filing the Motion on the remaining disputes the parties were unable to resolve. See Attachment "D"

## INTERROGATORIES

**Interrogatory No. 4**.  As to the personnel disclosed within your response to the previous interrogatory which requested the names of individuals who worked on or consulted on the Plaintiff's claim, state each individual's employer, job title, length of employment with the Defendant or any of its related entities, and for the employment year(s) during which such individual provided the medical evaluation, assessment, or played any other role in the instant case, state the individuals rate of pay, bonuses paid, awards, or other indices of recognition for job performance, and if the individual is eligible for any bonuses, the criteria under which said bonuses were paid; if such person was paid under any status other than that of an employee, please fully explain how each such individual was paid.

**Interrogatory No. 6**.  Name the consultants and/or firms who were consulted on the best practice or practices to be utilized by the Defendants in the claims management process.

**Interrogatory No. 19**.        In responding to these interrogatories, if you have, by way of a general objection or a specific objection to any individual interrogatory, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law,

please state the following with respect to each such document for which said privilege is asserted:

      (a)    The date of the document;

      (b)    The author(s) of the document;

      (c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

      (d)    The factual basis for your privilege claimed;

      (e)    The specific privilege claimed; and

      (f)    The location of the document.

## REQUESTS FOR PRODUCTION

**Request No. 21**.   Produce all policy statements, bulletins, documents, directives, letters, emails, interoffice networking programs, computer material of any kind directed to managers, supervisors, claims personnel that refer or relate in any way to the Defendants' practices or policies regarding: Handling, processing and investigating claims for disability benefits that were in effect or were utilized by the Defendants from the year in which the Plaintiff's policy was issued up to present; Approving or denying a claim for disability benefits; Selecting or using independent medical examiners, and; determining whether to request the claimant to undergo FCE; What is the appropriate care for the condition causing the disability; All documents relating or reflecting company guidelines for the administration, management, objectification, verification, validation of the disability claim gained from the date of the issuance of the policy to the present; All handout, seminar materials made available to Defendants' employees handling disability claims at any time from date of issuance of the Plaintiff's policy to the present.

**Request No. 23**.  Produce documents that in any way refer, reflect, or relate to the proper method of handling claims involving those conditions specified within the Plaintiff's claim, or those conditions assessed by the Defendants or the Defendants' employees or consultants.  This response should include those documents used by the Defendants' employees to evaluate the Plaintiff's disability(ies); studies the Defendants have undertaken with respect to the nature, treatment and care of the Plaintiff's disability(ies).

**Request No. 26**.  Produce the closure reports for the time period beginning one year from the date of the Plaintiff's claim up and through the date of this response.

**Request No. 31**.  Produce any return to work reports or weekly reports generated by the employees of the Defendants who handled in any way the Plaintiff's claim to include projected closure rates for each employee.

**Request No. 34**.  Produce the deposition of Ralph Mahoney taken on January 28, 2002, in the <u>Hangarter</u> case in California, and further produce the deposition of Ralph Mahoney taken on March 27, 2003, in the <u>Ceimo</u> case in Arizona.

**Request No. 35**.  Produce the depositions provided by Susan Roth, UnumProvident general counsel.

**Request No. 36**.  Produce any and all recorded statements, writings, or documentation indicating the company's use of the Lebouef report, to include any documents generated by or taken at the behest of Mahoney and Chandler.

**Request No. 39**.  Produce and identify by Bates numbers those documents within your possession, custody or control that pertain to the Plaintiff's claim for benefits, the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file pertaining to the

Plaintiff's claim or claims for benefits. This request includes any files pertaining to any other policies purchased by the Plaintiff.

**Request No. 40**.   Produce and identify by Bates number every medical report (to include any generic medical reports not specifically pertaining to the Plaintiff but used in referencing the restrictions and limitations pertaining to the Plaintiff's disability) considered in your process of evaluating the Plaintiff's application for benefits. This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

**Request No. 47**.   Produce, and reference by Bates number, each and every policy ever purchased by the Plaintiff from you or any of your subsidiaries.

**Request No. 49**.   Produce any and all "Magic" database documents pertaining to the Plaintiff's policy or policies. This request for production includes, but it not limited to, any and all "Magic" documents provided to any and all of your employees regarding the Plaintiff's policy or policies.

**Request No. 62**.   Produce all documents reflecting financial bonuses, incentives, stock options, honors, awards, or any other type of compensation or program available to company personnel working with the departments directly responsible for the adjudication or assessment of the Plaintiff's claims.

**Request No. 63**.   Produce all documents relating to rewards, bonuses, awards, incentives, or remuneration, whether financial or not, given to any company employee who supervised those employees who handled the plan's claims.

**Request No. 64**.   Produce all documents relating to rewards, bonuses, awards, incentives, or remuneration, whether financial or not, given to any of the Defendants' employees who handled the Plaintiff's claims.

**Request No. 68**.   Produce any tapes or recordings in unedited format, by whatever media, including any surveillance tapes, of the Plaintiff.

**Request No.70**.   Produce all documents concerning the Defendant's conduct of a "round table review", of the Plaintiff's claim at any time, to include "mini reviews", "mini round tables", or "walk-in reviews".

**Request No.75**.   Produce the customer profiles/account management database documents referring or relating in any way to the Plaintiff's claim or group policy.

**Request No.79**.   In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

    (a)   The date of the document;

    (b)   The author(s) of the document;

    (c)   Each addressee or recipient of the document including carbon copy and blind copyholders;

    (d)   The factual basis for your privilege claimed;

    (e)   The specific privilege claimed; and

    (f)   The location of the document.

Respectfully submitted,

| | |
|---|---|
| */s Thomas O. Sinclair* | */s Henry T. Morrissette* |
| Thomas O. Sinclair | (by T. Sinclair w/express permission) |
| One of the Attorneys for Plaintiff | Henry T. Morrissette |
| | Attorney for Defendants |
| | |
| Thomas O. Sinclair (SIN018) | Douglas W. Fink |
| Jenifer Champ Wallis (WAL191) | Henry T. Morrissette |
| **Campbell, Waller & Poer, LLC** | **HAND ARENDALL, L.L.C.** |
| 2100-A SouthBridge Parkway, Suite 450 | Post Office Box 123 |
| Birmingham, AL 35209 | Mobile, Alabama 36601 |
| (205) 803-0051 | |
| Fax: (205) 803-0053 | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

Douglas W. Fink
Henry T. Morrissette
Attorney for Defendants
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

John S. Johnson
HAND ARENDAL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203


*/s Thomas O. Sinclair*