IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| UNUMPROVIDENT CORPORATION; ) | |
| UNUM LIFE INSURANCE COMPANY ) | 2:05-cv-1217-MEF |
| OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S FIRST MOTION TO COMPEL**

COMES NOW the Plaintiff, Betty Bullard, and provides the following reply to the defendants' response to the plaintiff's first motion to compel.

Plaintiff will address the defendants' responses in the order used by the defendant.

A.  **30(b)(6) Area of No. 8/Employee Incentives.**

Defendants assert that the topics of 1) employee incentives and 2) the objective and subjective criteria by which employee performance is measured are not relevant to this matter. This issue is addressed extensively in the Plaintiff's Third Motion to Compel and the plaintiff adopts and incorporates by reference the arguments contained in that motion.

Other courts have extensively discussed this area of testimony. In *Saldi v. UnumProvident, Paul Revere Life Insurance Co., et al.,* 224 F.R.D. 169 (E.D. Penn. 2004), the United States District Court for the Eastern District of Pennsylvania specifically found that the manner in which UnumProvident incentivizes its employees is an area appropriate for discovery. In *Saldi*, the court ordered the production of

1

documentation on "employee incentives" (*Id*. at 182), "personnel files and performance reviews of the employees who handled the plaintiff's claim . . . goal setting documents, and disciplining or rewarding documents, as well as information regarding participation in incentive plans" (224 F.R.D. at 184), and "information about the awards and financial programs for which the claims personnel could qualify, as well as information about specific awards that plaintiff learned about in other litigation." *Id*. at 185. This area of testimony is necessary to document the employee incentives, objective and subjective criteria, and other measures of performance that plaintiff alleges led to the bad faith handling of her disability claim.

Finally, as to the defendants' argument that there are "privacy concerns" that preclude production of this information, the Court is respectfully directed to Judge Collier's opinion attached to the Plaintiff's Third Motion to Compel. In that opinion Judge Collier orders the documentation of these incentives to be produced and dismisses this very same "privacy concerns" argument by noting that UnumProvident's concern has been addressed by the entry of a protective order. <u>An identical protective order has been entered in this matter</u>. In fact, UnumProvident raises this same argument in the *Saldi* case, and in that case the Court held the entry of a protective order would be sufficient to address defendant's "objections". *Saldi*, 224 F.R.D. at 184.

    **B.**    **30(b)(6) Area of Testimony No. 10/Regulatory Actions.**

Defendants argue that the plaintiff's request to depose the defendants on the regulatory actions regarding defendants' claims handling practices is not reasonably calculated to lead to the discovery of admissible evidence. As an initial matter the defendants argue that the plaintiff fails to limit the scope of the deposition to a particular

time or regulatory action. In correspondence to defense counsel dated November 21, 2006, Plaintiff offered to limit this area of testimony to the multi-state regulatory action. This offer was refused. As a preliminary matter, plaintiff is not opposed to limiting this area of testimony to the multi-state regulatory action, which the plaintiff received notice of, and apparently has rights as a result of the investigation conducted by those 47 jurisdictions and regulatory agencies. See Attachment "A".

Defendants argue that the plaintiff's receipt of notice that she had, as a result of that multi-state examination and investigation, the right to have her claim reconsidered is irrelevant to this matter. In the course of the multi-state examination, forty-seven states and/or regulatory agencies investigated UnumProvident's claims handling practices. A result of this multi-state examination is that the defendant UnumProvident agreed to "reassess" some 200,000 claims, some of which were initially submitted as early as 1997. Additionally, UnumProvident was forced to pay millions of dollars in fines, set up a new reassessment department within the company, and send out notices of a right to reassessment to 200,000 of its insureds. The fact that the defendant was punished for improper claims management and as a result sent a notice to the plaintiff stating she had additional rights as a result of the investigation is a matter that is clearly discoverable and the defendants should have to put up a deponent on this topic. See Attachment "A".

In fact, the defendants' own arguments on the topic highlight the importance of why we have to have a 30(b)(6) deponent on this topic. The defendants argue that the plaintiff's submission of the multi-state report is inadmissible hearsay. To address this objection Plaintiff requires a deponent to testify about the matter during the discovery process. The defendants spent a great deal of time talking about the admissibility of the

document.  The defendants' arguments miss the mark.  The plaintiff has not submitted the document for admission into evidence.  The plaintiff is seeking to have a deponent testify about the topics within that investigation.

    **C.**    **30(b)(6) Area of Testimony No. 12/Employee Incentives and Performance Criteria.**

The Defendants' arguments with regard to the area of testimony are the same as raised by the defendants with regards to Area of Testimony No. 8.  This issue was dealt with extensively in Plaintiff's Third Motion to Compel and the plaintiff adopts and incorporates by reference her arguments within the Plaintiff's Third Motion to Compel on this topic.

    **D.**    **30(b)(6) Area of Testimony No. 17/Selling a Group Policy.**

In this case the defendants "sold" a "group policy" to the Annuity Board of the Southern Baptist Convention.  Under that "group policy", which provided no coverage to the Annuity Board, individual employees of the various state conventions could purchase long-term disability insurance coverage.  Ms. Bullard testified that she met with a representative who discussed and presented information on the long-term disability policy.  Plaintiff asserts that this information was gathered from UnumProvident, UnumProvident's agents, UnumProvident's brochures, materials and other information submitted to the Annuity Board in order to entice the Annuity Board to solicit its employees in various state Baptist Conventions to purchase insurance coverage.  Plaintiff can only obtain documentation regarding the manner in which UnumProvident discussed its proposed insurance coverage and the representations made about such coverage with her employer is to have the corporate representative testify about how group policies are established.

The defendants have propounded a carefully worded argument that no UnumProvident employee ever spoke with plaintiff. Without the information requested for this area of testimony, Plaintiff cannot present evidence of what UnumProvident said to her employer to entice the employer into selecting this particular type of coverage. In fact, the plaintiff succinctly stated the basis for this discovery in her deposition.

> **Question**: [By defendants' attorney] Instead, you heard, based on what you've told me, representations [about coverage] from folks at the state convention or the annuity board: right?
>
> **Answer**: Because it's the annuity board that is the one that communicated with Unum. Not us personally. They did it for us on our behalf.

Deposition of plaintiff Betty Bullard taken March 8, 2006, Page 319, Line 18, to Page 320, Line 6. (See Attachment "B").

At this point UnumProvident is attempting to foreclose discovery on the representations UnumProvident and its subsidiaries made to persons acting on Ms. Bullard's behalf. Ms. Bullard spelled out additional grounds for the discovery sought by this area of testimony in her deposition, testifying that it was represented to her that if her physician determines she was disabled, she would receive benefits under the policy. Id. Page 327, Line 3, to Page 329, Line 23. See Attachment "B".

In a separate Motion to Compel the plaintiff has sought prior versions of the long-term disability policy at issue. The need for that discovery is interlocked with the need for the area of testimony discovery set out in the 30(b)(6) deposition notice. For example, it is believed that UnumProvident Corporation began issuing insurance policies to Ms. Bullard either through individual policies or group policies as far back as 1993. They have only produced the 2002 and 2001 version in their document production. In that version Unum Life Insurance Company of America issued the policies. However,

5

Ms. Bullard made it clear in her deposition that misrepresentations concerning the amount of coverage provided her, and the type of coverage provided under this contract, as well as the terms of the contract, were made as far back as 1993. Id. Page 335, Line 7, to Page 336, Line 4. See Attachment "B". Clearly, the area of testimony is an appropriate topic for a corporate representative.

## CONCLUSION

For the aforementioned reasons and the reasons set forth in the Plaintiff's First Motion to Compel, Plaintiff respectfully requests that the Court order the defendants to produce a witness for the areas of testimony set forth above.

Respectfully submitted,

/s Thomas O. Sinclair
Thomas O. Sinclair
One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
**Campbell, Waller & Poer, LLC**
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053
tsinclair@cwp-law.com
jwallis@cwp-law.com

CERTIFICATE OF SERVICE

     I hereby certify that on January 5, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

Douglas W. Fink
Henry T. Morrissette
Attorney for Defendants
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601

John S. Johnson
HAND ARENDAL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203

                           /s Thomas O. Sinclair
                           Of  Counsel