IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD             ) | |
|                                         ) | |
|    Plaintiff,              ) | |
|                                         ) | |
| v.                                     ) | |
|                                         ) | CASE NO. |
| UNUMPROVIDENT CORPORATION;   ) | |
| UNUM LIFE INSURANCE COMPANY ) | CV-2:05-cv-1217-MEF |
| OF AMERICA, et al.,            ) | |
|                                         ) | |
|    Defendants.           ) | |

**SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Betty Bullard, and files this Supplement based on the deposition testimony of Bonita Connally, Defendant's Lead Disability Specialist (Lead DBS) who handled Plaintiff's claim for disability benefits and on the newly discovered evidence produced at Ms. Connally's deposition.

In her deposition, Connally admits that she had the sole authority to approve Plaintiff's claim for benefits, that insufficient information was obtained prior to Defendants' denial of Plaintiff's claim for benefits, and that additional medical records were necessary to properly assess Plaintiffs condition but that despite these deficiencies, she went ahead and denied Plaintiff's claim for benefits.

**DISCUSSION**

Bonita Connally was the Lead Disability Specialist (Lead DBS) who worked on the disability claim Bullard submitted to Defendant. *See* Attachment "A" Connally Depo at pg. 36. Connally stated in her deposition testimony that additional records should have

been obtained before the Defendant decided not to pay Bullard's disability claim. *See* Attachment "A" Connally Depo pgs. 67-68, 95, 109, 157. Connally also testified that more effort should have been taken to assess the restrictions and limitations assigned by Bullard's attending physicians. *See* Attachment "A" Connally Depo pg. 134. Connally testified that although it is her responsibility, as Lead DBS, to order the Disability Specialist (DBS) working on the claim to investigate further, she did not do so with Bullard's claim. *See* Attachment "A" Connally Depo pg. 108.

Connally further testified that although it is the Defendant's responsibility to ensure that every medical condition attributed to a claimant should be investigated, all of Bullard's indicated medical conditions were not investigated or even identified prior to the denial of her claim. *See* Attachment "A" Connally Depo pgs. 82-84. Connally testified that despite her request to the DBS handling Bullard's claim to request the medical information from Bullard's medical providers, such a request was never made prior to the Defendant's denial of her claim. *See* Attachment "A" Connally Depo pgs. 191-192, 211.

The above-cited testimony provides evidence of the Defendant's bad faith denial of Plaintiff's claim for disability. Defendant did not fully investigate Plaintiff's claim prior to its denial, rather it arbitrarily and in bad faith refused to pay Plaintiff's disability claim. This testimony also provides evidence of Defendant's intent to not give Plaintiff's claim a good faith review and decision, as well as evidence of conspiracy amongst all of Defendant's employees who reviewed Plaintiff's claim.

Lastly, Connally admitted that the Defendant and Bullard's employer, the Annuity Board, had entered into a performance agreement regarding the Defendant's handling of

the Annuity Board's employee's claims. *See* Attachment "A" Connally Depo pgs. 208-209. This performance agreement applied stringent standards to the time allowed for the Defendant to review claims submitted by the Annuity Board employees. *Id.* Connally testified that the Defendant was over these mandated time standards in its review of Bullard's claim and that this tardiness would require the Defendant to refund a portion of the Annuity Board's paid premiums. *Id.* Additionally on November 28, 2006, the day Ms. Connally's deposition was to begin (and a month after Plaintiff was required to provide her response to the Motion for Summary Judgment), Defendants produced 163 pages of additional materials including an e-mail from Ms. Connally stating that the Defendants haven't performed well in handling Plaintiff's claim and "we [UnumProvident] are going to pay for the errors". *See* Attachment "B".

Connally's testimony and the emails regarding the performance agreement provides evidence of Defendant's fraud. Defendant had no intent to honor its duty to provide Plaintiff with a good faith review of any future disability claims when it issued her disability policy. Defendant's intent, rather, was to honor the terms of its performance agreement with Plaintiff's employer, as is evidenced by its hasty denial of her claim, rather than a good faith review, in an effort to meet the time standards imposed by the performance agreement.

## **CONCLUSION**

In light of this newly discovered evidence, summary judgment is clearly inappropriate in this case. Plaintiff has asserted claims of breach of contract, bad faith, fraud, suppression, misrepresentation, and conspiracy against Defendants. Connally's deposition and emails provide evidence of each of these claims. Connally's testimony

3

presents evidence of breach of contract and bad faith by outlining the numerous ways that Defendant denied Plaintiff's claim for benefits without conducting the good faith investigation required by an insurer.  Connally's testimony further presents evidence of Defendant's fraud by disclosing its practice and manner of its bad faith denial of claims without proper investigation in an effort to meet time standards imposed by its performance agreements.  Connally's testimony outlines the suppression and misrepresentation the Defendant engaged in by failing to inform Plaintiff that if it fell behind time standards in its evaluation of her claim, it would be arbitrarily denied without adequate information in an effort to meet its contractual time standards.  Finally, Connally's deposition provides evidence of conspiracy, in that two UnumProvident employees (who claim to be acting on behalf of both Defendants) entered false information in Plaintiff's claim file in an effort to give the appearance that a good faith investigation of her claim was conducted when, in fact, it was not.

Plaintiff therefore respectfully requests this Court DENY Defendants' Motions for Summary Judgment.

Respectfully submitted,

 /s/ Thomas O. Sinclair
Thomas O. Sinclair (SIN018)
One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax:  (205).803-0053
E-mail:  tsinclair@cwp-law.com
E-mail:  jwallis@cwp-law.com

5

CERTIFICATE OF SERVICE

   I hereby certify that on January 10, 2007 I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com
jjohnson@handarendall.com


                 /s/Thomas O. Sinclair
                 Thomas O. Sinclair (SIN018)