IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| vs. | § | CASE NO. |
| | § | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; | § | |
| UNUM LIFE INSURANCE COMPANY | | |
| OF AMERICA, et al., | § | |
| Defendants. | § | |

## RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL

Defendant, UnumProvident Corporation files the following response to Plaintiff's Third Motion to Compel.

### I.    INTRODUCTION

Plaintiff has filed a motion to compel certain additional responses to Interrogatories and Requests for Production. Plaintiff's motion lists a number of requested items of relief; however, plaintiff's argument in the motion itself only addresses the requests that seek information on performance criteria for employees and bonus and incentive compensation programs. Plaintiff's remaining requests for relief are addressed in a 54 page document plaintiff filed as "Attachment E." With regard to the first request for relief seeking personnel file information on individual employees, plaintiff adopts a shotgun approach by attaching an approximately four inch thick stack of documents that have absolutely nothing to do with the matters at issue in this case. Plaintiff's submissions cannot overcome the strong public policy against the discovery of personnel file information. In addition, the remainder of plaintiff's requests for relief should be denied for the reasons set forth below.

1

## II.    FACTUAL BACKGROUND

This case involves a disability benefits claim by Betty Bullard, a 51 year old secretary. Her claim was filed in June 2004, and her claim was finally decided after appeal in April 2005. Bullard's claim was on a group disability policy and a group life insurance policy issued by Unum Life to the Annuity Board for the Southern Baptist Convention, which provided coverage to thousands of participants through various entities and organizations that provided employee benefits through the Annuity Board for the Southern Baptist Convention. Plaintiff actually worked for the Alabama Baptist State Board of Missions, which was one of the entities that provided disability insurance coverage to its employees through the Annuity Board. Plaintiff's lawsuit claims breach of contract, bad faith, fraud, suppression, misrepresentation, and conspiracy.

## III.    ARGUMENT

Plaintiff's motion fails to attach defendants' counsel's correspondence with plaintiff's counsel concerning the requested information sent before the filing of the motion to compel. A copy of that December 7, 2006 letter is attached hereto as Exhibit A. Also, after participating in the Court ordered conference regarding the pending motions, defendants provided plaintiff with further correspondence concerning a few of the discovery requests that were discussed at the conference. That correspondence is attached hereto as Exhibit B.

Defendants will address plaintiff's third motion to compel by addressing each one of the sixteen requests for relief individually.

1.    **Request for Relief No. 1 Seeks an Order Requiring that UnumProvident Provide Personnel File Information on Employees Who Performed Services on Plaintiff's Claim.**

In request for relief number 1, plaintiff seeks an Order directing UnumProvident to provide information available on the bonuses paid to the employees who performed services on

plaintiff's claim, provide all information related to any awards given to these employees, and provide all information detailing the objective and subjective indices of recognition for job performance with regard to those individual employees who performed services on the plaintiff's claim. It further seeks an order that the defendants be ordered to produce all documents reflecting financial bonuses, incentives, stock options, awards or any other compensation or type of compensatory program available to the company personnel who were working on or supervising the plaintiff's claim. This request is based on Interrogatory No. 4 and Request for Production Nos. 62, 63, and 64, which seek information and documents concerning awards and incentive compensation provided to the individual UnumProvident employees who performed services on plaintiff's claim.

Plaintiff asserts that these documents will lead to evidence that employees were incentivized to deny claims and that, because they received compensation based in part on company profitability, they would be biased. In an effort to compromise on those discovery requests, defendants produced the following documents:

- 2004 Management Incentive Compensation Plan and Performance Management Plan, Summary Explanation for Participants;

- Performance Recognition Program documents;

- Broad Based Stock Plan;

- Employee Stock Option Plan;

- Employee Stock Purchase Plan; and

- Summary Brochure of the Benefits Center Recognition Programs.

Defendants also supplied job descriptions for each of the positions of the individuals who were involved in the handling of plaintiff's claim.

The information sought by plaintiff can be generally described as personnel file information. Magistrate Judge Carroll recognized in *Coker v. Duke & Company, Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998), that there is a strong public policy against the discovery of personnel file information. Moreover, there is no evidence in plaintiff's brief or in the above documents that there is any basis for claiming that there is any incentive compensation that is based on whether a claim is determined to be payable or whether it is determined not to be payable under an insurance policy.

Furthermore, plaintiff's argument that the information requested is reasonably calculated to lead to the discovery of admissible evidence concerning the bias of Unum Life officers and medical personnel because part of their incentive compensation was based on overall company profitability is not valid. If this is the reason that plaintiff is seeking this material, then plaintiff has not shown a need for this discovery because the materials already provided to plaintiff disclose that a portion of the bonuses paid to employees are based on company profitability. Plaintiff does not need any additional information from employee personnel files to establish this fact. This is particularly true of plaintiff's attempt to obtain information concerning the actual payment of compensation and bonuses to UnumProvident employees and information from the employees' personnel files. Such a request should also be denied because of privacy implications. *Haynes v. Shoney's, Inc.*, 1991 WL 354933 (N.D. Fla. 1991) (denying plaintiff's request for information relating to salaries, stock options, special ownership opportunities, and bonuses for defendant's employees on the basis that these records would be insufficient to demonstrate bias and that defendants are entitled to privacy concerning this compensation information).

It is critical that this case is not an employment discrimination case where disparate treatment of employees places personnel file information at issue, instead this is a breach of contract case involving an insurance claim. Plaintiff is also claiming bad faith, fraud, and conspiracy[1].

Plaintiff argues that she is entitled to this information because the MICP Program, which is available for certain management employees, references "goals" for personal performance and that bonuses paid under the MICP Program will be based on those goals and on employee evaluations and assessments. This argument is clearly not sufficient to allow the discovery of this information. To hold otherwise would turn the "strong public policy against the discovery of personnel files" on its head. In any case where wrongful conduct is alleged on the part of a corporation, the plaintiff could assert that personnel file materials, such as employee evaluations and bonus information, are discoverable because they could show that the corporation incentivized the alleged wrongful conduct. As explained in *Coker*, "discovery of personnel files is permissible only if material sought is clearly relevant and the need for discovery is compelling because the information sought is not otherwise readily obtainable." *Coker*, 177 F.R.D. at 685. In *Coker*, the claims were fraud, suppression, deceit, conversion, and breach of fiduciary duty. *Id*. Clearly, plaintiff's argument is insufficient to merit an exception to the strong public policy protecting this information from disclosure.

In an attempt to support her discovery requests, plaintiff submits hundreds of pages of documents. She acknowledges that she presents these documents "not as evidence that UnumProvident has engaged in improper procedures, but in order to show the Court that plaintiff

---

[1] There is no claim that any of the individuals who were involved in the handling of plaintiff's claim made any representations that are the subject of the fraud claim. In fact, plaintiff has acknowledged that she cannot identify any representations made by employees of defendants. (Bullard Depo at 319, excerpts of Bullard's deposition are attached hereto as Exhibit C).

has a reasonable basis to seek the discovery and that she is not on a 'fishing expedition'." Plaintiff then proceeds to cite testimony and documents from a 41 page "summary" that she claims support her discovery. The "summary" and the attached materials contain numerous statements that are hearsay, remote in time, irrelevant, and otherwise not sufficiently trustworthy to be admissible. Since plaintiff herself states that she is not offering these as evidence and for the sake of avoiding another voluminous filing at this time, defendants will not address the reasons that these documents are inadmissible in this case. Defendants further assert that, since these documents are not being offered as evidence, they should be excluded from any record of evidence in this case. If they are to be submitted by plaintiff as evidence, defendants request the right to address their admissibility at that time. In any event, the documents do not support plaintiff's argument. For example, plaintiff cites testimony from Dr. William Fiest. Dr. Fiest was employed with Provident Life & Accident Insurance Company up through February 1996. He had no involvement with the company after that time, and he has testified that he has no knowledge concerning any company practice or policy and procedure after February 1996. See attached Exhibit D. Plaintiff's approach is an attempt to create confusion in the record through offering these materials. This documentation is insufficient to support her requests for the private information from the personnel files of the individuals involved in the handling of plaintiff's claim, and should be rejected.

2.  **Plaintiff is Not Entitled to the Identity of Consultants or Firms that Defendant Consulted with in Order to Establish Defendant's Claim Handling Practices.**

In the second request for relief in her motion to compel, plaintiff seeks, in conjunction with Interrogatory No. 6, an order requiring UnumProvident to identify those consultants and/or firms with whom defendant consulted in order to establish defendant's claim handling practices.

In this case, UnumProvident has provided plaintiff with UnumProvident's Benefit Center Claims Manual in place at the time of the initial handling of plaintiff's claim and any changes to that manual during the time that plaintiff's claim was pending.  Teresa Ward testified in her 30(b)(6) deposition that the claim manual would contain policies and procedures referenced in administering the claim, although these procedures are guidelines that may not apply depending on the facts of any particular individual claim and the applicable policy. (30(b)(6) Depo. of Teresa Ward pp. 135-139, portions attached hereto as Exhibit E).  In response to other discovery requests, UnumProvident has also agreed to produce its training materials that would have been in use at the time of plaintiff's claim, although these would not necessarily be "claim handling policies and procedures."  In short, plaintiff already has the documents constituting defendant's claim handling practices in effect at the time of plaintiff's claim.

Despite this production and despite the fact that plaintiff has this information, plaintiff seeks, without limitation as to time or in any other manner, the identity of consultants or firms who were consultants on the best practices "to be utilized by defendants in the claims management process."  As pointed out in UnumProvident's objections, this request is vague and ambiguous, oppressive, it is overlybroad in that it is not limited in any way, it seeks trade secret information, and, finally, it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Even if plaintiff had the identity of individuals and companies

that consulted with UnumProvident, this would not provide her with any additional information on defendant's claim handling practices; because the actual claim handling practices themselves are incorporated in the Benefit Center Claims Manual, which has been produced. Plaintiff simply has no reasonable basis for seeking this additional information.

In support of this request for relief, plaintiff references Attachment F, which is a report prepared in 1994 by an outside law firm concerning Provident Life & Accident Insurance Company's individual disability business. The report was prepared some five years before Unum Life Insurance Company merged with Provident Companies, Inc. to create UnumProvident Corporation. As more fully addressed below under the section on request for relief number 10, United States Magistrate Judge T. Michael Putnum from the Northern District of Alabama has held that this document is not even discoverable. See attached Exhibit F. There is simply no basis for concluding that this document, in which an outstanding law firm addresses Provident Life's individual disability policies and which was created in 1994, has any bearing on UnumProvident's claim practices for group policies under Unum Life in 2004, when this claim was submitted and evaluated.

Plaintiff's attempt to obtain the information requested in plaintiff's request for relief number 2 should be rejected by this Court.

### 3.    The Privilege Log Information Requested in Paragraph 3 of Plaintiff's Request for Relief Has Been Provided.

The response quoted by plaintiff on pages 8 and 9 of Attachment E, the information requested in Paragraph 3 of plaintiff's requested relief, has been provided. This is further indicated in UnumProvident's December 7, 2006 letter to plaintiff's counsel. Plaintiff's motion to compel should be denied as moot on this point.

4.    **Request for Relief No. 4 Requests that UnumProvident be Ordered to Produce All Directives, Bulletins, and Other Materials that Instruct or Offer Guidance to Claim Handlers on How to Administer a Claim.**

Request for relief number 4 is based on Request for Production No. 21. A review of Request for Production No. 21 reveals that it is about the broadest discovery request that could be conceived concerning claims handling. The phrase "documents that refer or relate in any way to defendants' practices and proceedings" could conceivably cover any document that would be contained in all of defendants' claim files. The request is not reasonably limited as to time or in any other way that would be remotely specific to the facts of this case.

In responding to this request, UnumProvident has produced its Benefits Center Claims Manual, which would contain UnumProvident's claim handling practices that were applicable at the time plaintiff's claim was handled in this case. This production and the documents that defendants produced showing all alterations to the claim manual during the time period in which plaintiff's claim was pending consists of 2,191 pages of documents. In a further effort to resolve the dispute over this request, and others, defendants have agreed to produce the training documents that would have been in use at the time that plaintiff's claim was filed, although the information in those materials would not necessarily be practices and procedures of defendants.

Plaintiff's request for "all the directives, bulletins, and other materials that instruct or are offered as guidance to claim handlers on how to administer a claim" is overlybroad and is also vague and ambiguous. The above-referenced materials should contain any applicable claim handling policies or procedures. Defendants do not maintain any collection or central repository of documents containing instructions on claim handling other than the above materials. While it is possible that individual claim files may contain instructions from a manager or supervisor concerning the handling of a particular claim or that there might be a specific communication

between a manager or supervisor and a claim handling employee concerning an inquiry regarding claim handling, a request for such information is clearly overlybroad and it would be unduly burdensome to ask defendants to search every individual disability file and to question every employee as to the existence of any additional information. Such a request is so broad that a response cannot be reasonably made beyond the documents that have already been produced or which defendants have agreed to produce.

Plaintiff's citation to the deposition testimony of Teresa Ward is misleading. In her testimony on pages 136 and 137 of her deposition, Ward clarified that in addition to the claims manual, she would look at the policy itself and the specific claim itself. She testified on pages 137 and 138 that "the claims manual is definitely a guideline which contains any type of policy and procedure that we utilize in administering the claim." (See Exhibit E, Ward Depo, pp. 137-142). Ward testified that there are procedures in the claims manual that may not be applicable to each claim, depending on the facts of that particular claim. (*Id*, p. 142). Ward gave no indication that there were any materials beyond the claims manual that she would consider policies and procedures regarding claim handling. Accordingly, plaintiff's quote of Ward's deposition is misleading at best.

5. **Request for Relief No. 5 Requests that UnumProvident be Ordered to Produce All Internal Guidelines Detailing How the Defendant Administers Claims for Claimants Who Have Conditions Such as those Suffered by the Plaintiff in This Case.**

As with the previous request, this request is completely unlimited as to time and is objectionable for that basis. Certainly, any guidelines that were not applicable at the time of plaintiff's claim would not be relevant to plaintiff's claim or reasonably calculated to lead to the discovery of admissible evidence on her claim. Furthermore, as reflected in defendants' December 7, 2006 letter to plaintiff's counsel, there are no additional documents that would meet

the description as being "guidelines detailing how the defendant administers claims for claimants who have conditions such as those suffered by the plaintiff in this case that would have been applicable or in effect at the time of plaintiff's claim handling." Defendants have produced presentations concerning fibromyalgia, although there is no indication that these presentations were reviewed or referenced in the handling of plaintiff's claim, and the presentation does not constitute an internal guideline utilized by defendant at the time of the handling of plaintiff's claim.

Plaintiff's reference to the "fibromyalgia memo" attached as "Attachment G" to plaintiff's motion is irrelevant to plaintiff's request. The document referenced by plaintiff was never adopted or implemented by UnumProvident as a guideline for claims or medical personnel on how to assess claims for disability based on a diagnosis of fibromyalgia.

6.   **This Court Should Deny Request for Relief No. 6 on the Basis that Defendant UnumProvident Does Not Have a Document that It Identifies as a "Closure Report."**

Request for relief number 6 seeks an order for UnumProvident to produce "closure reports" for the time period beginning the date that plaintiff's claim was filed to the present. This request for relief is based on Request for Production No. 26. UnumProvident objected to the phrase "closure reports" as being vague and ambiguous. As indicated in defendant's previous responses to plaintiff in defendant's December 7, 2006 correspondence, defendant does not have a report that it would identify or describe as a "closure report" for the time period within plaintiff's request. As with most businesses, defendant does generate a number of reports, including reports relating to management of its claims areas. As UnumProvident does not have a document that UnumProvident identifies or describes as the "closure report" specifically identified by plaintiff in her request, defendants should not have to guess or speculate as to what

information plaintiff is possibly seeking beyond that described in her request. Plaintiff's motion to compel should be denied as moot in light of defendant's response.

### 7. Requests that UnumProvident be Required to Produce its Return to Work Reports Generated by Claim Handlers Who Worked on Plaintiff's Claim.

Request No. 31 seeks return to work reports or weekly reports generated by the employees of defendant who handled in any way plaintiff's claim to include projected closure rates for each employee. As reflected in UnumProvident's response to Request No. 31 set forth in Exhibit E, UnumProvident objected to the request on several grounds, including that the request was vague and ambiguous as to the information sought, was overlybroad, and was not reasonably limited as to time. Defendants further objected to this request on the basis that a return to work date or an expected resolution date was never established for plaintiff's claim.

Plaintiff's request for relief restricts the time period to the time period during which plaintiff's claim was pending with defendants, which would be June 2004 through April 2005. Defendants have responded that there are no documents meeting the description of "return to work reports or weekly return to work reports generated by claim handlers who worked on plaintiff's claim." Thus, in addition, to referencing the description in the reason for deficiency submitted by plaintiff in Attachment E, defendants do not have reports generated by management personnel detailing return to work or closure rates of claims for the employees who handled plaintiff's claim. In addition to being invalid because of the objections asserted, plaintiff's request should be denied as moot based on defendants' response.

8.    **Plaintiff's Request for Relief No. 8 Seeks to Have the Court Order Defendants to Produce the Deposition of Ralph Mohney Taken on January 28, 2003 and March 27, 2003.**

Plaintiff seeks the deposition of Ralph Mohney "taken on January 28, 2002 in the *Hangarter* case." First, there is no deposition of Ralph Mohney taken on January 28, 2002. Moreover, *Hangarter* was a California case which involved a claim on an individual disability policy issued by the Paul Revere Life Insurance Company. Hangarter filed her claim on the Paul Revere individual policy in May 1997. Paul Revere ceased paying plaintiff's benefits after determining that she was no longer eligible for benefits in May 1999.

In contrast, the Bullard case involves a long-term disability claim and a life insurance waiver of premium on group policies issued by Unum Life Insurance Company of America. Plaintiff's claim was not filed until June 2004. Moreover, this case involves a claim on a Unum Life group policy filed five years after the Paul Revere Life claim in *Hangarter* was denied. Accordingly, his testimony in the *Hangarter* case is simply not relevant to the present case and is not reasonably calculated to lead to the discovery of admissible evidence.

Ralph Mohney was not deposed in the *Ceimo* case referenced by plaintiff in her request. Accordingly, while UnumProvident stands on its objections to the request for the *Ceimo* deposition, there is no deposition to produce.

For the above reasons, plaintiff's motion to compel a response to request for relief number 8, referenced in Request for Production No. 24, should be denied.

9.    **Plaintiff's Request for Relief No. 9 Seeks to Have the Court Order Defendants to Produce the depositions of Ms. Susan Roth, UnumProvident's In-House Counsel, Who Submitted the Affidavit in this Case.**

Plaintiff has requested, without limitation, the transcripts of the depositions of Susan Roth. Defendants object to the production of depositions by Roth in other cases on the basis that those depositions are not reasonably calculated to lead to the discovery of admissible evidence in this case. Moreover, to the extent that the request seeks deposition of Susan Roth in cases involving UnumProvident subsidiaries other than Unum Life, the request is overlybroad. Reserving those objections and the objections in UnumProvident's earlier responses, after further inquiry, UnumProvident has located a transcript of a deposition of Susan Roth in a case involving a Unum Life policy. UnumProvident will agree to provide that deposition transcript to plaintiff in an effort to compromise on this request.

10.    **Plaintiff's Request for Relief No. 10 Seeks to Have the Court Order Defendants to Produce all Documents Detailing the Implementation of the LeBoeuf Report Recommendations.**

The LeBoeuf Report, which is the subject of defendant's pending motion to strike, is a report prepared by the outside law firm of LeBoeuf, Lamb, Greene, & McRae in 1994 concerning Provident Life & Accident Insurance Company's individual disability business. This report was prepared five years before Unum Life had any affiliation with Provident Life & Accident Insurance Company. Moreover, this case involves a Unum Life policy and a claim made on that policy in 2004, some ten years after the LeBoeuf Report was prepared. This policy is also a group policy whereas the LeBoeuf Report was specific to Provident Life's individual disability policies. Therefore, in addition to being not reasonably limited as to time or in any other manner that would have any relation to plaintiff's claim, the request seeks information that

is not reasonably calculated to lead to the discovery of admissible evidence in this case. In sum, the LeBoeuf Report concerns a different company, which at the time the report was prepared had absolutely no affiliation with Unum Life, and the Report was prepared before UnumProvident even existed. The Report also concerns a different type of disability insurance policy. Plaintiff has provided absolutely no basis for any connection between the 2004 Unum Life claim in this case and the 1994 LeBoeuf Report prepared by an outside law firm to address Provident Life & Accident Insurance Company's individual disability business.

This conclusion is supported by the Magistrate Judge T. Michael Putnam in *Wharton v. Provident Life & Accident Insurance Company and UnumProvident Corporation*, Order Slip Op. 2001-7195 (N.D. Ala. 2002), in which the Court addressed a claim for bad faith denial occurring in 2000 on a Provident Life individual disability policy. In addition to privilege issues, that document was held not to be discoverable on the basis that the information it contained was not relevant to plaintiff's claim. The Court's discussion on page five of the opinion, after reviewing that report *in camera*, is instructive.

> [T]here is very little in the Report relevant or even arguably
> relevant to those issues in this lawsuit. While it is extensive,
> it deals with internal business structures and procedures, training,
> the realignment of departments and personnel, and rewriting
> policy language. Although the Report deals with how to
> organize a claims department and how to utilize personnel proficiently
> to process claims, there is little specific information about claims
> procedures or philosophies, and what little there is involves legal
> advice within the privilege.

*Wharton*, p. 5, attached hereto as Exhibit F.

Plaintiff has provided absolutely no basis for concluding that this 1994 report or his request for documents detailing the implementation of this 1994 report would be in any way

reasonably calculated to lead to the discovery of admissible evidence in this case. Accordingly, this Court should deny plaintiff's motion to compel.

### 11.    Request for Relief No. 11 Requests that UnumProvident be Ordered to Produce All Files Regarding the Policies at Issue in this Case.

This Request for Relief Differs Materially from the original Request. The original Request number 39 seeks the following:

> Produce and identify by Bates numbers those documents within your possession, custody, or control pertaining to plaintiff's claim for benefits, the plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related filed pertaining to the plaintiff's claim or claims for benefits. This request includes and files pertaining to any other policies purchased by the plaintiff.

Defendants have produced all files pertaining to the handling of plaintiff's claim, including any documents generated by in-house medical personnel. To the extent that plaintiff's request seeks all documents which relate, in the broadest sense possible, to plaintiff's claim, the request is overlybroad. It is certainly possible, if not probable, that there are references to plaintiff's claim within the various computer systems employed by UnumProvident for tracking claims. These documents would not contain information concerning the handling of plaintiff's claim or the making of a determination as to whether plaintiff's claim was payable. Plaintiff asserts that UnumProvident has not produced all files related to the handling of this claim. That is not the case. There are no documents generated by in-house medical personnel that have not been produced, and defendants have agreed to produce all policies previously issued to the Annuity Board that would have covered plaintiff, although these documents have no relevance in this case[2].

---

[2] While plaintiff has alleged fraud claims, plaintiff has testified that there were no misrepresentations made to her. None of the fraud claims alleged in the complaint would make prior policies reasonably calculated to lead to the discovery of admissible evidence in this case.

As for plaintiff's request for files pertaining to "any other policies purchased by the plaintiff," this is a group policy issued to the Annuity Board of the Southern Baptist Convention, not to plaintiff. Furthermore, the evidence is clear in this case that plaintiff did not pay any portion of the premiums for this policy. Instead, the coverage under the group policy was provided to plaintiff as a benefit of her employment and was purchased and paid by her employer. See, Personnel Manual for Missions Support Personnel of The State Board of Missions, Alabama Baptist Convention, p. 8, attached as Exhibit G. Accordingly, unlike the request for relief, the actual request for production does not call for the production of all files regarding the polices at issue in this case. Moreover, the group policies insure literally thousands of individuals through the Annuity Board. To produce all files regarding the policies at issue in this case is overlybroad and would include thousands of documents that are completely unrelated to plaintiff's claim. Accordingly, plaintiff's request should be denied by this Court.

12.    **Request for Relief No. 12 Requests that Defendant UnumProvident be Ordered to Produce Each and Every Medical Report in Its Possession Related to the Plaintiff, or Generic Medical Reports Generated by the Defendant in Order to Assess Certain Medical Conditions for Those Specific Medical Conditions Suffered by the Plaintiff.**

With regard to plaintiff's request for relief number 12, which addresses Request for Production No. 40, defendants' responded as follows in their December 7, 2006 letter to plaintiff's counsel:

> Request No. 40 seeks any additional medical reports pertaining to plaintiff or used in referencing the restrictions and limitations pertaining to plaintiff's disability that was considered in evaluating plaintiff's application for benefits. UnumProvident is not aware of any additional documents that are responsive to this request. There is no basis in the "reasons for deficiency" for concluding that there were any such reports considered in the process of evaluating plaintiff's claim for benefits. There will be no further production on this point.

Accordingly, plaintiff's motion to compel is moot as to request for relief number 12.

**13.    Plaintiff's Request for Relief Number 13 Seeks Relief that is Once Again Broader than the Request for Production.**

Plaintiff's Request for Production 47 seeks every policy ever purchased by plaintiff from UnumProvident or any UnumProvident subsidiary.    In response to plaintiff's request in defendants' December 7, 2006 letter, defendants set forth the following:

> With regard to Request No. 47, the only policy relevant to plaintiff's claim is the policy that was in effect for plaintiff's employer, which provided the disability coverage at issue to plaintiff.  In light of the fraud claims alleged in the complaint and plaintiff's deposition testimony in this case, we cannot see how prior policies referenced in Request No. 47 would be relevant to any of plaintiff's claims in this case.  If you can provide further clarifications as to how these documents would be reasonably calculated to lead to the discovery of admissible evidence on the fraud claims alleged in the complaint, we will be glad to address that information with our client.  Plaintiff's fraud claims in the complaint do not address any fraud claims relating to a difference between the policies that may have covered plaintiff previously and the policy that covered plaintiff at the time of her claim.  This is particularly true in light of the fact that plaintiff has not purchased any policies from defendants, rather she was covered under group disability policies selected and obtained by her employer.  Not withstanding the above, we will, in an effort to avoid troubling the court with this issue, provide copies of any previous group disability policies or life insurance policies covering plaintiff that we can locate.

Once again, plaintiff has filed a motion to compel, despite defendants' response that it would provide the information requested, and in this case, even information beyond the information requested by the discovery request.   As to request for relief number 13, plaintiff's motion to compel should be denied as moot.

14. **Request for Relief No. 14 Requests that Defendant Produce All "Magic Database" Documents Pertaining to the Policies at Issue.**

In response to plaintiff's Request for Relief No. 14, UnumProvident stated the following in its December 7, 2006 letter to plaintiff before plaintiff's filing of the motion to compel in this case:

> With regard to Request No. 49, defendants have produced all documents from the "Magic" database pertaining to the policies that are the subject of plaintiff's claim. The only additional documents that appear on "Magic" relating to those policies concern group premium rate information, which has not been produced and is not relevant to this case. There is also information concerning policies under which your client was not covered. With regard to your contention that "Magic" provides "common everyday terms to interpret policy language" outside of the language of the policies themselves, we are not aware of any such information. If you can provide us with more specific information for your belief that such information exists, we will be glad to consider such information.

Plaintiff once again filed the motion to compel without providing any of the additional information requested in the December 7, 2006 letter. As indicated in defendants' letter, there are no additional documents of which defendants are aware that would be responsive to Request No. 47. For that reason, plaintiff's motion to compel should be denied as moot.

15. **Request for Relief No. 15 Requests that Defendant UnumProvident be Ordered to Produce Any Tapes or Recordings, Including Surveillance Tapes, of the Plaintiff.**

With regard to plaintiff's request for relief number 15, defendants' responded as follows to plaintiff's request in their December 7, 2006 letter:

> With regard to Request No. 68, defendants are not aware of any additional documents that would be responsive to Request No. 68.

Accordingly, plaintiff's motion to compel as to Request for Relief, Paragraph 15, should be denied.

16.  **Request for Relief Number 16 Requests that Defendant be Ordered to Produce All Documents Pertaining to the Plaintiff's Claim, Policy, and Group Policy or in the Alternative State that They Have Produced All of the Documents Pertaining to Plaintiff's Claim.**

Plaintiff's request for relief number 16 references Request for Production Nos. 70 and 75. Once again, plaintiff's request for relief is beyond the scope of these requests. Request for Production No. 70 seeks "all documents concerning the defendants' conduct of a 'roundtable review,' of the plaintiff's claim at any time, to include 'mini reviews,' 'mini roundtables,' or 'walk-in reviews'." Defendants previously responded to this request in their December 7, 2006 letter to plaintiff's counsel by stating the following:

> With regard to Request No. 70, defendants are not aware of any additional responsive documents that have not been produced.

There are no additional documents to be produced. Accordingly, plaintiff's motion to compel as to Request No. 70 should be denied.

With regard to Request No. 75, that request seeks to have UnumProvident "produce the customer profile/account management database documents referring or relating in any way to the plaintiff's claim or group policy." Defendants stand by their objections to this request, particularly on the basis that the request is overlybroad in that there are thousands of individuals insured under the group policy issued to Annuity Board of the Southern Baptist Convention. Defendants have reviewed the customer profile/account management database documents referenced in the Request for Production. There are no documents pertaining to plaintiff's claim in those database documents. The documents in the database generally relate to interaction between the Annuity Board and Unum Life concerning the set-up and maintenance of the overall group policies. In light of plaintiff's claims, plaintiff's request is overlybroad and not reasonably

calculated to lead to the discovery of admissible evidence in this case. For that reason, plaintiff's motion to compel should be denied.

Respectfully submitted,

s/Henry T. Morrissette
HENRY T. MORRISSETTE (MORRH7622)
DOUGLAS W. FINK        (FINKD3798)
Attorneys for Defendant
UnumProvident Corporation

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on this day, **January 16, 2007,** I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

tsinclair@cwl-law.com

s/Henry T. Morrissette