**HAND ARENDALL** L.L.C. * LAWYERS

Henry T. Morrissette
Direct Dial (251) 694-6364
Direct Fax (251) 544-1625
hmorrissette@handarendall.com

3000 AMSOUTH BANK BUILDING * 107 SAINT FRANCIS STREET * MOBILE, ALABAMA 36602 * (251) 432-5511
Post Office Box 123 * Mobile, Alabama 36601 * Facsimile: (251) 694-6375

January 12, 2007

DEFENDANT'S EXHIBIT B

**VIA FACSIMILE**
Thomas O. Sinclair, Esquire
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

Re: Case No. : 2005-1217 (U.S. District Court, Middle District of AL, Northern Div)
*Betty Bullard v. UnumProvident Corporation, et al.,*

Dear Tom:

In further follow-up to our conference as ordered by the Court concerning the discovery, we followed up on several questions in an effort to resolve, or at least narrow, our discovery dispute. The following is our response to that further inquiry regarding several of the discovery requests.

With regard to Interrogatory No. 19 and Request for Production No. 77, as indicated in our previous response, defendants have provided all of the information of which defendants are currently aware that would be responsive to these requests relating to privilege log information. We have confirmed that there are no documents that we are withholding because of any redactions on the basis of privilege other than redactions of information that was generated during the defense of this lawsuit, either by the Law Department or our office. We have also confirmed that there are no documents relating to any ongoing review of the claim for claim handling purposes that we are claiming as privileged. Obviously, reviews of the file relating to the defense of this litigation would be privileged. I make those specific comments based on our discussions during the conference.

With regard to the information referenced in plaintiff's motion to compel concerning Request No. 23, defendants have produced all materials of which defendants are aware that would meet the descriptions in your motion to compel that would have been applicable or in use during the time of your client's claim. Defendants have agreed to produce a Powerpoint presentation concerning fibromyalgia, which we do not believe is responsive, but which we are producing in an effort to further compromise on this request. A copy of this presentation is being forwarded to you under separate cover.

With regard to Request No. 26, while defendants maintain a number of reports concerning claims, defendants do not have a report identified or described as a "closure report."

January 12, 2007
Page 2

As to Request No. 39, please see our previous response in our letter of December 7, 2006. We will be providing the policies referenced in that response under separate cover.

With regard to Request No. 40, defendants have provided all of the documents of which defendants are aware that are responsive to this request.

With regard to Request No. 47, not withstanding defendants' objections, defendants are willing to provide copies of any previous group disability or life insurance policies covering the plaintiff that defendants can locate. Defendants are providing copies of these documents under separate cover.

With regard to Request No. 49, as previously indicated, defendants are not aware of any documents in the "Magic" database, other than the policies that are the subject of plaintiff's claim. Defendants have not located "common everyday terms to interpret the policy language," which you described in your motion to compel. Defendants have followed up on this issue and cannot find any responsive information meeting this description. In one of our conversations, you mentioned that the Benefits Center Claims Manual referenced these "common ever day terms." If you could provide me with a specific reference, I will be glad to follow-up again on this point.

With regard to Request No. 68, we followed up once again on this request and we do not have any additional responsive information.

With regard to Request No. 70, there are no additional documents that would be responsive to Request No. 70.

With regard to Request No. 75, there are no documents that have not been produced that would be contained within the customer profile/account management database that would pertain to the plaintiff's claim. To be clear, our objection to this request relates to information in the database that does not reference or pertain to your client's claim.

I believe that the above covers all of the responses to which we indicated that we would make additional inquiry. Obviously, we continue to maintain our objections to the discovery requests as previously stated in prior documents. If I am missing anything, please let me know.

With best regards,

Very truly yours,

Henry T. Morrissette
For the Firm

HTM/joc