IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| UNUMPROVIDENT CORPORATION; | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | CV-2:05-cv-1217-MEF |
| OF AMERICA, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

**MOTION REQUESTING LEAVE TO FILE MOTION FOR
PARTIAL SUMMARY JUDGMENT[1]**

COMES NOW the Plaintiff, Betty Bullard, and files this request for leave to file a Motion for Partial Summary Judgment pursuant to the Federal Rules of Civil Procedure and applicable case law. Plaintiff recognizes that the time for filing dispositive motions expired on October 5, 2006, both pursuant to the Court's Uniform Scheduling Order issued February 6, 2006 and the Court's Amended Scheduling Order issued November 20, 2006. Plaintiff therefore respectfully requests this Court permit her to file her Motion for Summary Judgment outside the deadline specified by the Court's Scheduling Orders for the reasons set forth below[2]:

1) While the employee handbook Plaintiff received from her employer contained a brief description of her disability benefits, she never received a copy of the

---

[1] Undersigned counsel has conferred with Defendants' counsel regarding the filing of this Motion. Defendants oppose this Motion.

[2] Plaintiff has prepared her Motion for Summary Judgment within one week of receiving the Defendants most recent document production and is prepared to file the Motion within three (3) days of receiving leave of the Court to do so.

1

policy itself. She initially requested the policies at issue in this case on November 14, 2005, but Defendants did not produce a copy until January 16, 2007.

2) Because of Defendants' fourteen-month delay in producing a copy of Plaintiff's policy, Plaintiff learned only this week that Defendants in fact denied her coverage **based on the wrong policy**, as counsel for Defendants admitted in producing the policy.[3]

3) In response to multiple formal requests made early in the case for any and all correspondence, including emails, by the Defendants' employees pertaining to Plaintiff's policy and claim for benefits, Defendants stated that all requested correspondence and emails would be contained in the Life Waiver Of Premium ("LWOP") and Long Term Disability ("LTD") claim files, which were produced.

4) Despite this representation, Defendants produced additional documents, including emails, concerning Plaintiff's claims for benefits at Bonita Connally's deposition on November 29, 2006, after the expiration of the dispositive motion deadline.

5) Plaintiff made numerous requests for documents setting out any guidelines affecting the Defendants' handling of Plaintiff's claim. Ms. Connally's deposition revealed the existence a "performance agreement" between the Defendants and Plaintiff's employer setting out the claims handling guidelines and further revealing Defendants had a *financial incentive* to terminate this claim before completing their assessment of Plaintiffs medical conditions.

---

[3] Defendants' Motion for Summary Judgment is therefore filed on the wrong policies.

2

      Despite numerous requests for this document, the Defendants refused to produce it until January 15, 2006

6) In November of 2005 Plaintiff requested the prior deposition testimony of Susan Roth (who submitted an affidavit supporting UnumProvident's Motion for Summary Judgment) on the topic of UnumProvident's involvement in the claims handling process. Despite numerous requests for Ms. Roth's prior depositions on this topic (the first such request served on Defendants November 14, 2005 – request for production No. 35), Defendants refused to produce this deposition until January 18, 2007. This deposition reveals the relationship of the Defendants to the degree necessary to support Plaintiffs claims against UnumProvident.

7) On January 17, 2007 the Magistrate ordered the Defendants to produce additional documents, granting in part Plaintiff's Motions to Compel. To date the Defendants have not produced additional documents responsive to the Order, and have yet to even provide a date when those documents will be made available.

8) Based upon the above acts undertaken by Defendants, as further discussed below, Plaintiff respectfully requests this Court grant her leave to file her Motion for Summary Judgment.

## **DISCUSSION**

    Fed. R. Civ. P. Rule 56(a) provides that a plaintiff "may, *at any time* after the expiration of 20 days from the commencement of an action or after service of a motion for summary judgment by the adverse party, move for … a summary judgment".

3

(Emphasis added). The Federal Rules of Civil Procedure therefore "allow[] a plaintiff to file a motion for summary judgment *any time* after 20 days have elapsed from the time that he filed suit." *Lyons v. Serrano*, No. 05-15168, 2006 WL 3253970, at *3 (11th Cir. 2006) (emphasis added).

Fed. R. Civ. P. 16(b) "require[s] a district court to enter a scheduling order that limits the time to file motions" but also allows the schedule to be "modified upon a showing of good cause and with the leave of the district court." *Lyons*, 2006 WL 3253970, at *3. The Eleventh Circuit has upheld a district court's allowance of the filing of a motion for summary judgment even after the close of all discovery and without any extenuating circumstances. *See Lyons v. Serrano*, No. 05-15168, 2006 WL 3253970, at *3 (11th Cir. 2006).

Plaintiff therefore respectfully requests this Court for leave to file her motion for summary judgment, and shows good cause as follows: <u>Defendants failed to produce documents responsive to Plaintiff's document requests until months after the dispositive motion deadline. These documents, including the policy itself, produced two days ago, demonstrate that Summary Judgment is appropriate as to Plaintiff's claims for breach of contract and bad faith</u>.

Plaintiff filed her first Request for Production of Documents to Defendants on November 14, 2005. Included in these first discovery requests, served on Defendant UnumProvident, are the following pertinent requests for production:

> 2. Produce all documents created, obtained, or reviewed by the Defendants' employees, consultants, or contract employees who performed any services with regard to the Plaintiff's claim, that detail said employee's duties and requirements of their employment with the Defendant. These documents should include any manuals, audio or video tapes used to hire, train, or supervise the Defendant's employees on how

4

to carry out the investigation and any aspect of the assessment or adjudication and/or administration of the Plaintiff's disability claim.

4. Produce all inter-office memoranda or other form of documents no matter where or how maintained (whether in written form or electronically), to include documents with a database, or communications between any of the Defendant's employees or persons consulted concerning the Plaintiff's claim.

51. Please produce any document, and reference by Bates number any document containing an "expected resolution date" pertaining to the Plaintiff's claim.

52. Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff's claim was to be investigated, including any and all documents of your subsidiaries or predecessors in interest, detailing the steps to be undertaken in the investigation of the Plaintiff's claim.

58. Produce all file folders, adjacent exhibit folders, documents, communications, and/or investigator reports pertaining to the Plaintiff.

Plaintiff also served the following pertinent requests for production on Defendant Unum Life on November 14, 2005:

10. Produce all documents created, obtained, or reviewed by the Defendants' employees, consultants, or contract employees who performed any services with regard to the Plaintiff's claim … These documents should include … any aspect of the assessment or adjudication and/or administration of the Plaintiff's disability claim.

15. Produce any and all agreements or service agreements wherein Unum Life and UnumProvident Corporation ("UnumProvident") have agreed to certain terms governing the parties' responsibilities in relation to the insurance policies purchased by the Plaintiff or the Plaintiff's employer. This request for production is to encompass any service agreements whereby UnumProvident agrees or has agreed to provide services relative to the insurance policy(ies) at issue, to include servicing said policy(ies) and/or the handling of the administration of the Plaintiff's claim.

16. Produce and identify by Bates numbers those documents within your possession, custody or control that pertain to the Plaintiff's claim for benefits and, the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file pertaining to the Plaintiff, the Plaintiff's claim for claim

5

or claim for benefits. This request includes any files pertaining to any other policies purchased by the Plaintiff.

24. Produce, and reference by Bates number, each and every policy ever purchased by the Plaintiff from you or any subsidiary.

29. Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff's claim was to be investigated, including any and all documents of your subsidiaries, or predecessors in interest, detailing the steps to be undertaken in the investigation of the Plaintiff's claim.

34. Please produce those emails regarding the Plaintiff's claims or the Plaintiff sent by or received by your employees and/or consultants.

35. Produce all file folders, adjacent exhibit folders, documents, communications, and/or investigator reports pertaining to the Plaintiff.

36. Produce all documents pertaining to "administrative messages", emails, or any other form of internal communication, reflecting or relating to any communications between the Defendant, the Defendant's employees, or the Defendant's subsidiaries pertaining to the Plaintiff's claim for benefits.

44. Produce all inter-office memoranda or other form of documents no matter where or how maintained (whether in written form or electronically), to include documents with a database, or communications between any of the Defendant's employees or persons consulted concerning the Plaintiff's claim.

On February 1, 2006, Plaintiff served identical Rule 30(b)(6) deposition notices and Rule 30(b)(5) requests for production of documents on Defendants. Included in the Rule 30(b)(5) requests for production of documents are the following pertinent requests:

1. Produce all "relevant" documents regarding the Plaintiff's claim(s), as that term is defined within 29 C.F.R. § 2560.503-1.

6. Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the Plaintiff.

Pursuant to Rule 30(b)(5), Defendants had thirty days to respond to these requests.

6

On March 13, 2006, Defendant Unum Life responded to Plaintiff's First Requests for Production. In response to Request #29, which requested "all internal memorandum, correspondence, email … detailing the manner in which the Plaintiff's claim was to be investigated," Defendant stated that "the requested documents would be contained within the LTD and/or LWOP claim files, copies of which will be produced." Plaintiff first learned that Defendant's response was incomplete eight months later, at the deposition of Bonita Connally on November 29, 2006. When asked whether e-mail correspondence between Defendant's employees working on Plaintiff's claim would be placed in the claim file, Connally stated "no." *See* Connally Depo, pg. 161. Emails responsive to the request were produced the morning of the deposition itself. In addition, Plaintiff learned for the first time during Connally's deposition of a Performance Agreement executed between Defendants and Plaintiff's employer that imposed penalties on Defendants if they did not meet specified time standards in adjudicating Plaintiff's claims. *See* Connally Depo, pg. 208-210. Defendants did not produce a copy of this Performance Agreement until Janury 16, 2007.

It is impossible for Plaintiff or her counsel to have known about the emails and documents prior to November 29, 2006, when their existence was revealed during Connally's deposition. Defendants had indicated their document production was complete on April 20, 2006, and Plaintiff did not learn differently until the morning of November 29, 2006, weeks after motions for summary judgment were due. As discussed in her Motion for Summary Judgment, these documents are highly relevant and are direct evidence of the Defendants' breach of contract and bad faith in its wrongful denial of her claim for benefits.

Plaintiff did not realize the full extent to which Defendants' production was incomplete until two days ago, when Defendants finally produced a copy of the insurance policy at issue. Despite Plaintiff's numerous attempts to obtain a copy of this policy, Defendants did not produce a copy until January 16, 2007. Defendants' tardy production of this policy and their Counsel's correspondence indicates that they utilized the wrong policy in adjudicating Plaintiff's claim. Due to Defendants' delay in production, however, Plaintiff was not aware of this key fact until after motions for summary judgment were due.

## **CONCLUSION**

Based on the reasons set forth above, Plaintiff respectfully requests this Court grant her leave to file her Motion for Summary Judgment. Discovery has not yet been completed in this case and Defendants have clearly created extenuating circumstances relating to Plaintiff's ability to file her Motion of Summary Judgment before the October deadline.

    Respectfully submitted,

    /s/ Jenifer Champ Wallis
    Jenifer Champ Wallis (WAL191)
    One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax: (205).803-0053
E-mail: tsinclair@cwp-law.com
E-mail: jwallis@cwp-law.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2007 I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com
jjohnson@handarendall.com

     /s/Jenifer Champ Wallis_____
Jenifer Champ Wallis (WAL191)