**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **BETTY BULLARD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO.** |
| **UNUMPROVIDENT CORPORATION;** | ) | |
| **UNUM LIFE INSURANCE COMPANY** | ) | **CV-2:05-cv-1217-MEF** |
| **OF AMERICA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW the Plaintiff, Betty Bullard, and files the following Motion to Strike Affirmative Defenses.   Pursuant to relevant Alabama case law and statutory authority, Defendants cannot assert as defenses 1) any exclusions of the policy; and 2) any information obtained by the Defendants <u>after</u> their decision to deny the policy.

Ala. Code § 27-14-19 (1975) requires an insurer to provide its insured with a copy of the insurance policy.  The Alabama Supreme Court has interpreted Ala. Code § 27-14-19 (1975), as estopping an insurer from asserting a policy's conditions or exclusions from coverage as a defense against its insured where the insurer has failed to comply with this statutory production requirement.  *See Brown v. Mach. Works & Supply Co., Inc. v. Insurance Co. of North America*, 659 So. 2d 51 (Ala. 1995).  Judge De Ment has recognized that when an insurer fails to provide a copy of the insurance policy to its insured pursuant to Ala. Code § 27-14-19 (1975), it "'may be estopped from asserting an otherwise valid coverage exclusion.'"  *Brown Mach. Works & Supply, Inc v. Insurance*

*Co. of North America, Inc.*, 951 F.Supp. 988, 994 (M.D. Ala. 1996) (quoting *Brown*, 659 So. 2d at 58). Judge De Ment has also recognized that this rule creates an exception to the general rule in Alabama that waiver or estoppel cannot enlarge insurance coverage. *See Brown*, 951 F.Supp. 988 at fn. 4.

Defendants failed to comply with the requirement imposed by Ala. Code § 27-14-19 (1975) when they refused to provide Plaintiff with a copy of her insurance policies until January 16, 2007, despite Plaintiff's repeated requests for her policy. Defendants are therefore estopped from asserting any coverage exclusions contained in the insurance policies as a defense to any of Plaintiff's claims.

Plaintiff also moves to strike any of Defendants' defenses that are based on information gathered <u>after</u> Defendants' initial denial of her claim. As has been extensively briefed by Plaintiff, in her oppositions to Defendants' motions for summary judgment and her own motion for summary judgment,[1] Defendants admittedly did not gather sufficient information to fully investigate Plaintiff's claim for benefits before their denial of her claim. It is a well settled rule in Alabama that "'[t]he decision of the insurance company to deny a claim under an insurance policy must be judged by what was before it at the time the decision was made.'" *Aetna Life Ins. Co. v. Lavoie*, 505 So. 2d 1050, 1054 (Ala. 1987) (quoting *Ins. Co. of North America v. Citizensbank of Thomasville*, 491 So. 2d 880, 883 (Ala. 1986)) *see also National Ins. Assoc. v. Sockwell*, 829 So. 2d 111 (Ala. 2002). "Once the bad faith has occurred, once the duty to use good faith in considering insurance claims has been breached, the insurance company cannot

---

[1] Plaintiff has filed a Motion for Leave to File Motion for Partial Summary Judgment based on the Defendants' newly produced evidence. Plaintiff's Motion for Partial Summary Judgment, which is prepared and ready to be filed, will not be filed until and if this Honorable Court grants Plaintiff's Motion for Leave to File.

later seek to justify its denial by gathering information which it should have had in the first place." *Aetna Life. Ins. Co. v. Lavoie*, 505 So. 2d at 1054.

Defendants are therefore limited in their defense of this case to only that information which they had on August 18, 2004, the date of their denial of her claim for benefits. Plaintiff therefore requests this Court grant this Motion to Strike Affirmative Defenses and issue an order limiting Defendants to defenses based only on information in their possession on August 18, 2004 and earlier.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully requests this Court grant this Motion to Strike Affirmative Defenses and enter an order prohibiting Defendants from asserting as defenses 1) any exclusions to coverage contained within the policy; and 2) any information obtained by Defendants <u>after</u> August 18, 2004, the date Defendants denied Plaintiff's claim for benefits.

Respectfully submitted,

 /s/ Jenifer Champ Wallis
Jenifer Champ Wallis (WAL191)
One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax: (205).803-0053
E-mail: tsinclair@cwp-law.com
E-mail: jwallis@cwp-law.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 23, 2007 I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com
jjohnson@handarendall.com


        /s/Jenifer Champ Wallis_____
        Jenifer Champ Wallis (WAL191)