IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | |
| | § | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENT TO
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In response to Plaintiff's Supplement to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, defendants state the following[1]:

## I.   INTRODUCTION.

Plaintiff's supplement relies on the testimony of Bonita Connally, and relates primarily to plaintiff's argument that the failure to obtain medical records from Dr. Paul, plaintiff's Rheumatologist, before making the initial determination on plaintiff's claim. Plaintiff also argues that Unum Life's agreement with the group policy holder in this case to meet certain performance standards supports Plaintiff's Opposition to Defendants' Motion for Summary Judgment. As an initial matter, Bonita Connally's testimony has absolutely no impact on the

---

[1] In addition to the issues addressed below, UnumProvident is entitled to summary judgment on the separate grounds asserted in its motion for summary judgment and briefs in support thereof.

1

contract claim, i.e. the basic question of whether plaintiff submitted sufficient evidence that she was entitled to benefits under the contract given her condition. Moreover, while plaintiff has cited the alleged failings in the initial claim handling, plaintiff has provided no evidence that obtaining Dr. Paul's records, or obtaining any other records, would have materially impacted the decision as to whether plaintiff is entitled to benefits under the policies. As evidenced by the review of Dr. Paul's records on the appeal of plaintiff's claim, those records did not establish that plaintiff was entitled to benefits. Furthermore, plaintiff's argument that the evidence somehow supports liability on plaintiff's fraud claim fails to address any of the defects in plaintiff's fraud claims set forth in Unum Life's earlier briefing. These arguments should, therefore, be rejected.

**II.    ARGUMENT.**

**1.    The Evidence Submitted by Plaintiff Does Not Impact Defendants' Entitlement to Summary Judgment on Plaintiff's Contract Claim.**

The issue on plaintiff's breach of contract claim is whether plaintiff has submitted sufficient evidence to meet her burden of proving that she is entitled to benefits under the group disability policy[2] and the group life policy. In citing the testimony of Bonita Connally, plaintiff has not established how Connally's testimony is in any way probative of the ultimate question of whether plaintiff is entitled to benefits. In opposing defendants' motions for summary judgment on plaintiff's contract claim, plaintiff cited to medical records and Attending Physician's Statements from three physicians, Dr. Rachael McKinney, Dr. Reuben Richardson, and Dr. Daniel Thornbury. (See Plaintiff's Original Opposition). Plaintiff did not submit records from

---

[2] Unum Life has determined that the Group LTD Policy cited in defendants' earlier briefs was not the correct policy. The definition utilized to determine whether plaintiff was entitled to benefits at the time that she ceased working for her employer are the same in the correct policy. The only difference in the policies is that the "own-occupation" benefit period lasts for thirty-six months instead of twenty-four months, and the elimination period for receiving benefits is ninety days rather than one hundred-eighty. The correct policy also provides an additional benefit for loss of activities of daily living that would not apply under the facts of this case. There is no material difference in the policies for purposes of the determinations at issue in this case.

2

any other physician as being relevant to whether plaintiff was entitled to disability benefits. There is no evidence that Unum Life did not obtain all available records from these three physicians prior to making the initial determination on plaintiff's claim.

While plaintiff's supplement cites testimony from Bonita Connally for the proposition that other information was not gathered, plaintiff has failed to submit any other available records that would support her claim that she is entitled to disability benefits. Accordingly, none of the evidence or arguments presented by plaintiff in Plaintiff's Supplement to Plaintiff's Opposition to Defendants' Motion for Summary Judgment provide any evidence that would be relevant to the contract issue of whether plaintiff met her burden of establishing that she was entitled to benefits. For the reasons discussed in defendants' original motions and briefs, this Court should grant summary judgment in favor of defendants on plaintiff's contract claim.

2. **Plaintiff's Supplement Does Not Alter the Fact that Defendants are Entitled to Summary Judgment on Plaintiff's Bad Faith Claim.**

While plaintiff seeks to utilize the testimony of Bonita Connally to assert that defendants failed to properly investigate plaintiff's claim, plaintiff fails to provide any evidence that the alleged additional investigation would have revealed that the plaintiff's claim was covered under the terms of the policies. The only records specifically referenced in Bonita Connally's testimony were the records from Dr. Donna Paul, plaintiff's Rheumatologist. In *State Farm Fire & Casualty Co. v. Slade*, 747 So. 2d 293 (Ala. 1999), the Alabama Supreme Court held that "[u]nder the elements established in *Bowen*, supra, plaintiff has always had to prove that the insured breached the insurance contract. Practically, the effect is that, in order to prove a bad-faith-failure-to-investigate claim, the insured must prove that a proper investigation would have revealed that the insured's loss was covered under the terms of the contract." *Slade*, 747 So. 2d at 318. Under the above authority from *Slade*, it is not enough to assert that an insurance

3

company failed to take some step to investigate the claim, instead, the plaintiff must show that the alleged omitted investigation would have established that his claim was payable.

The records from Dr. Paul are the only records specifically identified in Bonita Connally's testimony cited by plaintiff in support of plaintiff's argument that Unum Life failed to obtain records. While plaintiff asserts in her supplement that beyond the reference to Dr. Paul's records defendants generally failed to investigate plaintiff's identified medical conditions, plaintiff fails to submit any information that was not gathered that would have supported plaintiff's disability claim. In fact, as noted above, plaintiff provided no additional support for plaintiff's disability claim in plaintiff's supplement.

It is undisputed that plaintiff submitted records from Dr. Paul with a November 11, 2004 letter, in which Bullard stated "enclosed you will find records of the most recent test, diagnoses, and treatment plans from my doctors." (Ward Affidavit; November 11, 2004 letter from Ms. Bullard (UACL00301)). Unum Life had these records reviewed by Dr. Susy Vergot. (February 2, 2005 review of Dr. Susy L.L.Vergot, (UACL00319)). Moreover, plaintiff later submitted an Attending Physician's Statement from Dr. Paul, and Unum Life obtained additional records from Dr. Paul after receiving that Attending Physician's Statement. Unum Life had those records reviewed by Dr. Vergot on March 29, 2005. (March 2005 Clinical Review, UACL00514-515).

It is important to keep in mind that the initial threshold coverage issue is whether the insured, Betty Bullard, was entitled to disability benefits because she met the definition of disability in the policy at the time that she stopped working in May 2004. Plaintiff has failed to point to any evidence that would have been in the records of Dr. Paul at the time of the initial determination on plaintiff's claim that would support a finding of disability. Plaintiff fails to offer any evidence to satisfy the required element that this information would have revealed that

4

plaintiff satisfied the definition of disability under the policy at the time that she stopped working in May 2004. Given this failure to present that required evidence by plaintiff, plaintiff's supplement does not alter the fact that defendants are entitled to summary judgment on plaintiff's bad faith claim.

### 3. Plaintiff's Supplement Does Not Alter the Fact that Defendants Are Entitled to Summary Judgment on Plaintiff's Fraud Claim.

In order to address plaintiff's argument that the deposition testimony from Bonita Connally concerning a performance agreement between plaintiff's employer and Unum Life somehow supports plaintiff's fraud claim, it is helpful to review the fraud claim itself. First, it is undisputed that the policies at issue were selected and provided by plaintiff's employer as an employee benefit, and that the employer paid one hundred percent of the premiums. (See p. 22 of Unum Life's Original Brief). Ms. Bullard also admitted that no employee or representative of Unum Life or UnumProvident ever made any representations to her concerning any of her policies. (Bullard Depo. at 319). As extensively discussed on pages 14 through 16 of Unum Life's reply to plaintiff's original opposition to Unum Life's summary judgment motion and also in Unum Life's original brief, plaintiff's fraud claim must fail because there is no evidence that defendants made any fraudulent representation to her.

Moreover, as also set forth in those briefs, plaintiff has provided no evidence that she reasonably relied on any fraudulent representation or that she acted or refrained from acting in reliance on any false impression that a non-disclosed fact did not exist. (See Unum Life's Reply Brief at 17).

Plaintiff's argument concerning the existence of a performance agreement between Unum Life and the group policy holder does not cure the above deficiencies. Plaintiff's argument that defendants failed to disclose that, if defendants fell behind time standards in their evaluation of

plaintiff's claim, they would deny plaintiff's claim fails, on several levels. First, Federal Rule of Civil Procedure Rule 9(b) requires that allegations of fraud be plead with specificity. Plaintiff's claim alleging suppression relating to the performance standards in the agreement between Unum Life and the group policy holder is in no way referenced in the Complaint. Accordingly, the allegations in the Complaint would not support such a claim.

Furthermore, the evidence that there was an agreement between Unum Life and the policy holder that contains certain performance standards and evidence that Bonita Connally became concerned about meeting those performance standards during the claim, does not equate to evidence that, prior to the filing by plaintiff of her claim, defendants had intent to arbitrarily deny plaintiff's claim. All of the events cited by plaintiff occurred after plaintiff had filed her claim. The Alabama Supreme Court has held as follows: "A party must have knowledge of a fact in order to be liable for its suppression." *Cornelius v. Austin*, 542 So. 2d 1220, 1224 (Ala. 1989). There is absolutely no evidence that Unum Life knew at any point before plaintiff filed her claim that it would not fairly consider plaintiff's claim because of the existence of time standards under the performance agreement. To the contrary, the existence of performance standards concerning the handling of claims in an agreement between the group policy holder and the insurance company would clearly be a benefit to those covered under the policy.

Moreover, as established under the law of promissory fraud, the alleged failure to perform a task, in this case the alleged improper denial of plaintiff's claim, which defendants deny, does not establish intent not to perform at an earlier date. *Goodyear Tire & Rubber Co. v. Washington*, 719 So. 2d 774, 776 (Ala. 1998). That law is clearly applicable to this situation where plaintiff is citing an alleged failure to perform at the time of the denial of plaintiff's claim as evidence of wrongful intent or preexisting knowledge that a claim would be improperly

6

denied. In short, under Alabama law, plaintiff's allegations of misconduct in August 2004 after plaintiff filed her claim cannot establish a prior intent by defendants to sufficiently support a claim of fraud or suppression.

For the above reasons and the reasons stated in defendants' earlier briefings, Unum Life and UnumProvident are entitled to summary judgment on plaintiff's fraud claims.

### 4. Plaintiff's Supplement Does Not Alter the Fact that Defendants Are Entitled to Summary Judgment on Plaintiff's Conspiracy Claim.

Plaintiff asserts, without elaboration, that Connally's deposition provides evidence that two UnumProvident employees entered "false information" into plaintiff's claim file in an effort to give the appearance that a good faith investigation on her claim was conducted when, in fact, it was not. As an initial matter, plaintiff fails to identify this "false information." Furthermore, in the Complaint, plaintiff alleges that "defendants conspired with one another to commit fraud upon the plaintiff and other similarly situated individuals by misrepresenting and suppressing material facts." To the extent that plaintiff is claiming that two UnumProvident employees conspired, this is a totally different claim than that which was alleged in the Complaint, and it should be disregarded for that reason. Furthermore, plaintiff alleges that "two UnumProvident employees entered 'false information' into plaintiff's claim file." The only actions by any UnumProvident employees identified in the Complaint or in plaintiff's supplement are by Bonita Connally and Brandon Estrada. Plaintiff's supplement clearly asserts that the alleged actions occurred after the filing of the claim in this case. There is no evidence of any reliance by plaintiff on any "false information," whatever that unidentified information may be. Accordingly, without reliance, there can be no fraud and without fraud there can be no conspiracy. *See e.g. Callens v. Jefferson County Nursing Home*, 769 So. 2d 273 (Ala. 2000) (if liability is not supported by the

7

underlying tort which is the aim of the alleged conspiracy, then the tort of conspiracy fails as well).

### 5. Defendants are Entitled to Summary Judgment on Plaintiff's Claim for Future Benefits.

Finally, plaintiff's supplement does not alter the fact that defendants are entitled to summary judgment on any claim by plaintiff for future benefits. Plaintiff's supplement provides no evidence that the defendants did not intend to be bound by these contracts. In fact, defendants solicited an appeal from plaintiff after the initial determination on this claim and considered additional evidence offered by plaintiff concerning her claim before reaching a final determination. Even after that final determination on the appeal, defendants offered plaintiff an additional opportunity to have her claim reassessed under the policies, but plaintiff refused. Clearly, there is no evidentiary basis, based on the legal authorities in defendants' earlier briefs, for making the required finding that there was a complete repudiation of the contract by Unum Life in this case. This is particularly true in this case where the definition of disability in the policy changes after thirty-six months of benefits, placing the burden on plaintiff in the future to establish disability under the "any occupation" definition.

### III. CONCLUSION.

For the above reasons, plaintiff's supplement does not alter the fact that, based on the arguments and authorities cited in their earlier briefing, defendants are entitled to summary judgment on each of plaintiff's claims.

        Respectfully submitted,

        *s/Henry T. Morrisette*
        HENRY T. MORRISSETTE (MORRH7622)
        DOUGLAS W. FINK     (FINKD3798)
        Attorneys for Defendant
        UnumProvident Corporation

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:   (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on this day, **January 26, 2007**, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

        tsinclair@cwl-law.com

        *s/Henry T. Morrissette*