IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BULLARD, | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | |
| | § | CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION REQUESTING LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff has filed a motion requesting leave to file a motion for partial summary judgment. This is defendants' opposition to that motion.

**INTRODUCTION.**

As plaintiff points out, the deadline for filing dispositive motions under the Scheduling Order was October 5, 2006. Now, some three and one-half months after the passage of that deadline, plaintiff seeks leave to file a motion for partial summary judgment on plaintiff's claims for breach of contract and bad faith. While plaintiff cites a number of items that were not produced in discovery after the summary judgment deadline, plaintiff fails to explain how this information creates a basis for her motion for partial summary judgment that did not exist prior

1

the dispositive motion deadline. For the reasons set forth below, plaintiff's motion for leave to file a summary judgment motion out of time should be denied.

    **1.**    **The Late Production of the Correct Policy in this Case has No Material Effect on the Determination of Whether Plaintiff was Initially Eligible for Benefits.**

Plaintiff asserts that her motion is justified by defendants' production of the correct policy documents on January 15, 2007 after initially producing a version of the policy that was not the version applicable to plaintiff's claims[1]. Plaintiff, however, fails explain how any difference between the two policies provides plaintiff with a previously unknown basis for a motion for partial summary judgment.

In reality, the only differences between the policies are that the "own occupation" benefit period lasts for thirty-six months under the correct policy instead of twenty-four months, and the elimination period for receiving benefits is ninety days rather than one hundred-eighty days. The correct policy also provides an additional benefit for loss of certain activities of daily living, which would not apply under the facts of this case. There is absolutely no difference in the applicable definition of disability for Ms. Bullard's initial claim for benefits in this case[2]. The differences are only in the time periods for which the initial definition of disability applies and the date of plaintiff's initial eligibility for benefits. There are also no material differences that would impact any of the other claims asserted by plaintiff in the complaint. In fact, the complaint does not reference the elimination period or the time period during which the occupation specific definition of disability would apply. In short, the production of the correct

---

[1] The mistake as to the applicable policy was apparently a result of there being two different policy options for employers who provided their employees with group long-term disability coverage through the Annuity Board of the Southern Baptist Convention. At the time of the submission of the initial claim, the coverage option applicable to employees of plaintiff's employer was incorrectly identified by Unum Life.

[2] The pages of the previously produced policy and the correct policy containing the relevant definition are attached hereto as Exhibits A and B respectively.

2

policy documents provides no basis for moving for summary judgment that would not have existed and been known to the plaintiff as of the time of the deadline for filing dispositive motions.

For those reasons, the recent production of the correct applicable policy documents does not support plaintiff's motion that she be allowed to file a motion for partial summary judgment out of time.

### 2. The Production of Certain E-Mails and the "Side Agreement" Does Not Justify Plaintiff's Motion.

Plaintiff asserts that the production of certain e-mails relating to plaintiff's claim and the production of a "Side Agreement" between the Annuity Board of the Southern Baptist Convention and Unum Life justifies plaintiff's late filing of a motion for partial summary judgment against defendants on plaintiff's breach of contract and bad faith claims.

First, the relevant issue on plaintiff's contract claim is whether plaintiff satisfies the required policy provisions for the receipt of disability benefits. In this case, the principal issue is whether plaintiff has satisfied her burden of establishing that she meets the definition of disability in the policy, which provides that an insured is disabled "when Unum determines" that: "you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury." (Policy at LTD-BEN-1 (emphasis added), See attached Exhibit B). The Disability Policy states that "[l]imited means what you cannot or are unable to do" and that "material and substantial duties" means duties that "are normally required for the performance of your regular occupation - and cannot be reasonably omitted or modified." (*Id.*)

3

Plaintiff has failed to point out how any of the information produced after the dispositive motion deadline by Unum Life or UnumProvident provides a basis for a partial motion for summary judgment on the issue of whether plaintiff satisfies the above definition of disability that was not available as of the dispositive motion deadline. Accordingly, to the extent that plaintiff seeks leave to file a motion for summary judgment on the breach of contract claim, that motion should be denied.

Furthermore, plaintiff does not sufficiently explain how the documents produced after the dispositive motion deadline, specifically, the agreement between Unum Life and the Annuity Board of the Southern Baptist Convention containing performance standards and e-mails from Bonita Connally, would make plaintiff aware of a basis for a motion for summary judgment on plaintiff's bad faith claim that did not exist prior to the summary judgment deadline.

The agreement between Unum Life and the Annuity Board, which is cited by plaintiff, does contain certain performance standards. These performance standards are not, however, specific to plaintiff's claim. There is nothing in the performance standards that would give rise to grounds for a motion for summary judgment relating to Ms. Bullard's claim that was not present at the time of the dispositive motion deadline. The performance standards relate not to the merits of any determination, but rather simply to the timing of the performance of certain tasks relating to all long-term disability claims on Annuity Board policies. Thus, contrary to plaintiff's assertions, the performance standards do not provide a financial incentive to determine Ms. Bullard's claim before completing the assessment of her medical conditions.

Furthermore, the principal e-mail upon which plaintiff relies is simply an e-mail noting that the activity on this particular file has failed to satisfy the performance standards in the

4

agreement[3]. Plaintiff has had this e-mail since November 29, 2006. While plaintiff has cited this material as evidence in opposition to defendants' motions for summary judgment on plaintiff's bad faith claim, plaintiff has failed to explain how this information would provide plaintiff with a basis for a motion for summary judgment on plaintiff's bad faith claim that was not known to plaintiff at the time of the dispositive motion deadline in this case. Given that the dispositive motion deadline in this case falls before the discovery deadline in this case, it cannot be the rule that any information that may provide evidence on a claim that is discovered after the dispositive motion deadline would merit the Court allowing a late filed summary judgment motion.

In sum, plaintiff has not explained how the above documents reveal a basis for a motion for summary judgment on the bad faith claim that did not exist at the time of the dispositive motion deadline in this case.

### 3. Plaintiff has Failed to Explain How the Deposition of Susan Roth Gives Rise to a Summary Judgment Argument Not Previously Known to Plaintiff.

Plaintiff asserts in a her statement of facts in her motion that the production of the prior deposition of Susan Roth by defendants in an effort to compromise on the discovery requests at the time of this Court's hearing on the motion to compel somehow gives plaintiff a basis for a motion for summary judgment that did not previously exist or was not previously known. Plaintiff does not address Roth's deposition in the discussion portion of plaintiff's motion and plaintiff does not explain how or to what extend Roth's deposition gives plaintiff a basis for a summary judgment motion that was not available at the time of the dispositive motion deadline.

Because plaintiff has failed to provide any basis for concluding that the production of Susan Roth's deposition gives rise to any new ground for summary judgment in favor of plaintiff in this case, plaintiff's motion should be denied on that basis as well.

---

[3] A copy of this e-mail is attached as Attachment B to Plaintiff's Supplement to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

**CONCLUSION.**

For each of the above reasons, plaintiff's Motion Requesting Leave to File Motion for Partial Summary Judgment does not provide a sufficient basis for allowing a late filed motion for summary judgment. Accordingly, this Court should deny plaintiff's motion.

Respectfully submitted,

*s/Henry T. Morrissette*
HENRY T. MORRISSETTE (MORRH7622)
DOUGLAS W. FINK        (FINKD3798)
Attorneys for Defendant
UnumProvident Corporation

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, January 30, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

tsinclair@cwl-law.com

*s/Henry T. Morrissette*

558891

6