IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD, | * |
| Plaintiff, | * |
| v. | *   Case No. CV-2:05-cv-1217-MEF |
| UNUMPROVIDENT CORPORATION; UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | * |
| Defendants. | * |

## DEFENDANTS' OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendants UnumProvident Corporation and Unum Life Insurance Company of America (collectively Defendants) file this motion in opposition to Plaintiff Betty Bullard's ("Bullard") Motion to Strike Affirmative Defenses ("Motion"). Specifically, Bullard seeks to strike affirmative defenses based on (1) any exclusions in the policy and (2) any information obtained by the defendants after their decision to deny coverage. In Opposition to plaintiff's motion, defendants aver as follows.

### INTRODUCTION

Plaintiff's Motion to Strike Affirmative Defenses fails to identify any specific affirmative defense that she seeks to have the Court strike. Plaintiff appears to base her Motion to Strike on the fact that the incorrect policy was utilized in the handling of plaintiff's claim and that the correct policy was not produced until January 16, 2007. As recognized by the Court in its Order on Plaintiff's Motion Requesting Leave to File Motion for Partial Summary Judgment, plaintiff's actual policy and the policy used to deny her coverage employ the same definition of disability. Accordingly, the late production of the correct policy is immaterial to plaintiff's contract claim.

(See Order at Document No. 78). In addition, plaintiff's motion is untimely under Federal Rule of Civil Procedure 12(f), which gives the plaintiff twenty days after service of the answer to file a motion to strike. In addition, plaintiff's motion should also be denied because the statute relied upon by plaintiff does not apply to the group policy at issue in this case. Moreover, even if it did apply, that statute would not require the delivery of the group policy at issue in this case directly to the plaintiff. Furthermore, plaintiff has shown no prejudice arising out of the alleged failure to deliver the policy. Finally, plaintiff's motion seeking to strike defenses based on any information obtained by defendants after their decision to deny plaintiff's claim should be denied because such evidence would be admissible, at the very least, on plaintiff's breach of contract claim.

**I.     Alabama Code § 27-14-19 Does Not Apply to the Group Policy at Issue in This Case.**

Plaintiff cites Alabama Code § 27-14-19 as the basis for her Motion to Strike Defenses relating to "any exclusions of the policy." Alabama Code § 27-14-19 is, however, not applicable to the present group policy. The group policy at issue in this case was issued to the policyholder, the Annuity Board of the Southern Baptist Convention, and provides that "this policy is delivered in and is governed by the laws of the governing jurisdiction." The governing jurisdiction in this case is defined on the face of the policy as "Texas." Alabama Code § 27-14-2 provides that the chapter of the Alabama Code within which § 27-14-19 is contained "applies to all insurance contracts and annuity contracts other than: ...(2) policies and contracts not issued for delivery in this state nor delivered in this state." Ala. Code § 27-14-2. Therefore, under that statute, given the delivery of this policy in the State of Texas, Alabama Code § 27-14-19 does not apply.

## II.   Defendants Did Not Violate Statutory Requirements.

Another flaw with Bullard's argument that defendants are estopped from asserting any policy exclusion as an affirmative defense is that the argument assumes that defendants did not meet their statutory production requirement. This is, in fact, not the case. Defendants met their statutory duty by providing summaries of the insurance coverage to the Annuity Board of the Southern Baptist Convention, whose responsibility it was to pass on those summaries to its employees.

The only statutory duty concerning delivery that is owed by an insurer to employees covered under the group policy is found in Code § 27-20-2, which provides in pertinent part:

> Each such group disability insurance policy shall contain in substance the following provisions: . . . (2) A provision that the insurer will furnish to the policyholder for delivery to each employee, or member of the insured group, a statement in summary form of the essential features of the insurance coverage of such employee or member and to whom benefits thereunder are payable.

Ala. Code § 27-20-2(2) (1975); Moses v. American Home Assurance Co., 376 So. 2d 656, 658 (Ala. 1979) (the Alabama statutes require insurance companies who issue group policies to provide to the policyholder for delivery to each person insured an individual certificate setting forth a statement as to the insurance protection to which each person is entitled.); see also 1A Couch on Ins. § 8:20 (3d. ed. 1995) ("Insurers are commonly required by statute to provide certificates of insurance.").

As recognized by a leading treatise on insurance law, "insurers will commonly comply with [their delivery] obligations by providing the employer or other central entity with certificates of insurance. Once such delivery is made, actual delivery of the certificates of insurance to each of the individual insureds is incumbent upon the central entity." Couch at § 8:20, citing Distler v. Horace Mann Life Ins. Co., 644 N.E.2d 918, 921 (Ind. Ct. App. 1995)

3

(statute required the "insurer to provide the policyholder, not each individual insured, with certificates telling the employee who the beneficiary is. It is then the responsibility of the policyholder, not the insurer, to deliver the certificates to each individual insured."); Mosior v. Insurance Co. of North America, 473 A.2d 86 (N.J. Super. 1984) (employer's group accident insurer had no duty to directly provide employees with copy of insurance policy; only duty was to issue copies to the employer, which employer was to distribute to its employees); see Hardy v. Blue Cross and Blue Shield of Alabama, 585 So. 2d 29 (Ala. 1991) (wherein employee received booklet summarizing group insurance coverage); White v. Massachusetts Mut. Life Ins. Co., 157 So. 2d 6 (Ala. 1963) (wherein certificate was issued by insurer to the employer to furnish to employee as evidence of insurance benefits); Page v. Prudential Ins. Co. of America, 165 So. 388 (Ala. 1936) (same).

In this case, the policy in question does contain the provision required by § 27-20-2, and Unum Life did furnish to the policyholder for delivery to each employee a summary statement of the essential features of the insurance coverage. (Unum Life's Response to Plaintiff's First Request for Admissions attached hereto as Exhibit A). Therefore, defendants have fulfilled their statutory obligations in terms of delivering policy information to Bullard.

None of the cases cited by plaintiff in support of her motion involve group policies, like the policy in this case, where the policy was issued to a group policyholder and employers who participated in the group policy paid all premiums on the coverage as a benefit to their employees. An analysis of the limited case law construing the statute establishes that the statute is not intended to require the delivery of policies to beneficiaries of a group policy even though they may be "insureds" under the policy.

Contrary to the implications of Bullard's motion, the Brown court did not impose a duty upon the group insurer to provide each individual beneficiary with a copy of the policy. In fact, the Brown court indicated that such persons would be in the "spectrum" of those not entitled such policies:

> [I]t is instructive to employ a hypothetical spectrum of possible insureds or of persons to whom benefits may possibly be owed under an insurance policy. On one end of the spectrum are the purchaser of the policy and the named insured, both of whom we have concluded are definitely included in the phrase "the insured or . . . the person entitled thereto," as it is used in § 27-14-19. On the other end are incidental beneficiaries and beneficiaries of a group policy, who we conclude are probably excluded from the statutory phrase and are therefore not individually entitled to copies of the policy, absent an inquiry, even though they may be "insureds." We do not read the statute as being so broad as to extend the right to receive a copy of a policy to all persons who may claim some coverage rights under the policy. A balance must be struck between the beneficient purpose of the statute and the burden it places upon the insurance company.

Id. at 60; Brown Mach. v. Insurance Co. of North America, Inc., 951 F.Supp. 988, 994 (M.D. Ala. 1996).

Further, Bullard fails to note in her motion that an insurer is only estopped from asserting a policy exclusion as an affirmative defense when the insurance company fails to comply with § 27-14-19 and "when the insured is prejudiced by the insurance company's noncompliance with that statute." Akpan v. Farmers Ins. Exchange, 2007 WL 80497, at *6 (Ala. Civ. App. 2007). In this case, Bullard was not prejudiced by the fact that she did not have copy of the policy because her coverage was denied on the basis of her failure to meet the policy definitions of "disabled" or "totally disabled," not because of her failure to comply with some provision of the policy.

Here, whether or not Bullard had possession of the policy would not change the fact that she was not "disabled" or "totally disabled" under the policy definition. Bullard's deposition testimony that she received copies of the policies after filing her claim and yet still has not read

the policies confirms the fact that Bullard's possession of the policy has no bearing on whether or not she is entitled to benefits under the policy. (Bullard Depo., p. 305-306 attached hereto as Exhibit B). Therefore, Bullard cannot show that she was prejudiced by defendants' alleged noncompliance with Alabama Code § 27-14-19.

In sum, defendants had no affirmative statutory obligation to provide a copy of the policy directly to Bullard. The greatest duty that can be imposed upon defendants is to produce a summary statement of Bullard's benefits to the policyholder, which defendants in fact did. Moreover, because Bullard's coverage was denied based on the fact that she did not meet the policy definitions for "disabled" and "totally disabled," whether or not she had a copy of the policy is of no consequence. Therefore, Bullard cannot show that she was prejudiced by defendants alleged failure to provide a copy of the insurance policy.

### III. Defendants Did Not Rely on a Policy Exclusion in Denying Bullard's Claim; Rather, Bullard's Claim Was Denied Because She Did Not Meet the Policy Definitions.

In Bullard's motion, she first argues that an insurer is estopped "from asserting a policy's conditions or exclusions from coverage as a defense against its insured where the insurer has failed to comply with [its] statutory production requirement." (Motion at 1, citing, Brown Mach. Works & Supply Co., Inc. v. Insurance Co. of North America, 659 So. 2d 51 (Ala. 1995)). While this is a correct citation of the law as stated in Brown, Bullard's argument is misplaced because defendants do not rely on any policy exclusion in denying Bullard's claim; rather, Bullard's claim was denied because she does not meet the policy definitions of "disabled" or "totally disabled."

As stated in Defendants' Brief in Support of Its Motion for Summary Judgment, Bullard's claim was denied because she does not meet the applicable definition of "disabled"

6

under the Disability Policy. Under the disability policy, an insured is disabled "when UNUM determines" that "you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and – you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury." (Exhibit C to Plaintiff's Evidentiary Submissions in Support of Her Motion for Partial Summary Judgment, at BULLLTDAP1-53). Similarly, regarding Bullard's claim for waiver of life insurance premiums, the Life Policy provides coverage to certain classes of employees, including provisions for the waiver of premiums on life insurance coverage in the event a covered employee becomes 'totally disabled' prior to age sixty and has been unable to work for nine months." (Exhibit C to Plaintiff's Evidentiary Submissions in Support of Her Motion for Partial Summary Judgment, at BULLLIFEAP1-69). "Totally Disabled" is defined to mean that "you are prevented from performing the usual tasks of any occupation for which you are reasonably suited by training and education in such a way as to procure and retain employment." (Life Policy at GLOSSARY-4).

As discussed more fully in Defendants' Brief in Support of Its Motion for Summary Judgment, defendants denied Bullard's claims for disability and waiver of life insurance premiums on the basis of these two definitions. Contrary to the assertions in Bullard's motion, the denial of her benefits was not based on any policy exclusion. Therefore, Bullard's proposition that defendants are estopped from asserting policy exclusions as an affirmative defense misses the mark.

### IV. Facts Gathered By Defendants After the Denial of the Policy Are Relevant to the Question of Whether Defendants Breached the Insurance Contract, a Necessary Prerequisite to a Bad Faith Claim.

Next, Bullard argues that defendants should not be allowed to assert any affirmative defenses that are based on information gathered after defendants' initial denial of her claim[1]. However, Bullard's argument ignores the fact that a plaintiff must first prove that an insurer breached the insurance contract before it can be shown that the insurer acted in bad faith. Federated Mutual Ins. Co., Inc. v. Vaughn, 2007 WL 30066, at *4 (Ala. 2007).

In fact, in State Farm Fire & Casualty Co. v. Slade, 747 So. 2d 293, 317 (Ala. 1999), plaintiff argued that requiring a showing of breach of contract as part of the bad faith claim would allow the insurer to present evidence at trial that was gathered after the insurer had denied plaintiff's claim in order to show that the insured's loss was not covered under the terms of the policy. Id. at 317. In Slade, the Alabama Supreme Court expressly rejected this argument holding that "when [the Alabama Supreme] Court recognized the tort of bad faith, it intended to limit liability under that tort to those instances in which the insured's losses were covered under the policy." Thus, "[a] verdict under the claim of bad faith must necessarily find liability in contract for benefits currently due because the tort of bad faith refusal to pay a valid insurance claim is so defined that, unless the plaintiff is entitled to recover on the contract, a bad faith claim cannot be maintained." Id. at 318. "Practically, the effect is that in order to prove a bad-faith-failure-to-investigate claim, the insured must prove that a proper investigation would have revealed that the insured's loss was covered under the terms of the contract."

Any evidence, including, but not limited to, information regarding her medical treatment, diagnoses, and medical reviews, is relevant to her claim of breach of contract, regardless of the date on which defendants acquired the information. Because it is necessary for Bullard to prove

---

[1] Again, plaintiff fails to identify any specific defense that she seeks to have the Court strike.

8

that defendants breached the insurance policy before she can show bad faith, all information gathered by defendants at any point in time that is related to Bullard's alleged disability is relevant to her claims and should not be excluded.

## CONCLUSION

For each of these reasons, Bullard's Motion to Strike Affirmative Defenses is due to be denied.

Respectfully submitted,

*s/Henry T. Morrissette*
HENRY T. MORRISSETTE (MORRH7622)
DOUGLAS W. FINK          (FINKD3798)
Attorneys for Defendants
UnumProvident Corporation and
Unum Life Insurance Company of America

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, **February 8, 2007**, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

tsinclair@cwl-law.com

*s/Henry T. Morrissette*

9