IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY BULLARD )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNUMPROVIDENT CORPORATION; )<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA, et al., )<br>)<br>    Defendants. ) | CASE NO.<br><br>CV-2:05-cv-1217-MEF |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO**

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

COMES NOW the Plaintiff, Betty Bullard, and files the following Reply to Defendants' Response to Plaintiff's Motion to Strike Affirmative Defenses.

**I.     Defendants Are Not Permitted to Assert Any Defenses Based on Information Gathered After Their Wrongful Denial of Plaintiff's Claim.**

As is discussed more fully in Plaintiff's Motion to Strike Affirmative Defenses, Alabama law is clear that Defendants' decision to deny Plaintiff's claims "must be judged by what was before it at the time the decision was made." *Aetna Life Ins. Co. v. Lavoie*, 505 So. 2d 1050, 1054 (Ala. 1987) (quoting *Ins. Co. of North America v. Citizensbank of Thomasville*, 491 So. 2d 880, 883 (Ala. 1986)); *see also Nat'l Ins. Assoc. v. Sockwell*, 829 So. 2d 111 (Ala. 2002). Defendants assert that because breach of contract is an element of Plaintiff's bad faith claim, "all information gathered by defendants at any point in time that is related to Bullard's alleged disability is relevant to

her claims and should not be excluded." However, the Alabama Supreme Court has rejected Defendants' argument.

In *Ins. Co. of North America v. Citizensbank of Thomasville*, 491 So. 2d 880, 883 (Ala. 1986), the Court discussed the relationship of a Plaintiff's breach of contract claim and bad faith claim against an insurer as follows:

> In the ordinary case, in order for the plaintiff to recover on a bad faith claim, the plaintiff must show that if the contract claim had been tried on the date of the denial, the plaintiff would have been entitled to a directed verdict; i.e., information received by the insurer *after* the date of the denial is irrelevant to the determination of whether the insurer denied at that date in bad faith.

Defendants cite *State Farm Fire & Casualty Co. v. Slade*, 747 So. 2d 293 (Ala. 1999) as support for their argument that they are entitled to rely upon all information gathered at any point in time in their defense of Plaintiff's breach of contract and bad faith claims. In *Slade*, however, the Supreme Court stated unequivocally that "in determining whether a claim involves a bad-faith failure to investigate, the date of denial is crucial because 'information received by the insurer *after* the date of denial is irrelevant to the determination of whether the insurer denied at that date in bad faith.'" *Slade*, 747 So. 2d at 317, fn. 6 (quoting *Ins. Co. of North America v. Citizensbank of Thomasville*, 491 So. 2d at 883).

Additionally, the defendants argue that the plaintiff has failed to identify specific defenses which plaintiff seeks have stricken. To the extent that the defendants attempt to bring in evidence under defenses not specifically identified as encompassing after required evidence, limiting this motion to a particular defense may subject the Court and the parties to rehashing these same arguments again. However, in an attempt to assist the Court in identifying the defenses which the defendants may attempt to support with after

2

acquired evidence, the plaintiff identifies the following defenses:  Third Defense; Fourth Defense; Sixth Defense; Twenty-Third Defense; Twenty-Fourth Defense; Twenty-Fifth Defense.  In granting plaintiff's relief the Court would not necessarily be required to strike in their entirety each of these defenses, only bar the use of after acquired evidence for the reasons set forth above.

Defendants have failed to cite any authority that would entitle them to rely on evidence acquired after their bad faith denial in their defense of Plaintiff's breach of contract and bad faith claims.  Alabama law is clear that Defendants are prohibited from using any information gathered after their initial denial of Plaintiff's claim for benefits.  Defendants' argument to the contrary quite simply "misses the mark."

**II.     Alabama Law, Rather Than Texas Law, Applies.**

Ala. Code § 27-14-19 requires an insurer to provide its insured with a copy of the insurance policy.  Defendants assert that Ala. Code § 27-14-19 does not apply because the laws of Texas, rather than Alabama, apply.  As support for this proposition, Defendants cite the following language contained in the Plaintiff's insurance policies: "this policy is delivered in and is governed by the laws of the governing jurisdiction."

Plaintiff filed her complaint against Defendants over one year ago.  All parties have relied on Alabama law in their motions and pleadings throughout this period.  All of the parties' pleadings, including Defendants' Motions for Summary Judgment, have relied on Alabama substantive law.  Numerous depositions, motions, briefs and even discovery disputes have applied Alabama law.  Defendants cannot now, over a year after the initiation of this suit, assert Texas law as a defense.  Plaintiff was therefore not given reasonable notice of Defendants' intent to raise the applicability of Texas law.

In *Simmons Machinery Co., Inc. v. M & M Brokerage, Inc.*, 409 So. 2d 743 (Ala. 1981), the Alabama Supreme Court refused to allow the Defendant to assert Georgia foreign law as a defense where the Defendant asserted Georgia law for the first time over two years from the date the Complaint was filed. The Court found that the Defendant had failed to show any justifiable reason that the applicability of Georgia law was an issue that could not have been raised at the beginning of litigation.

The Defendants in this case have likewise failed to show any justifiable reason that the applicability of Texas law is an issue that could not have been raised at the beginning of litigation. This failure, coupled with the Defendants' reliance on Alabama substantive law throughout this litigation, even in their "Opposition to Motion to Strike Affirmative Defenses," filed on February 8, 2007, to which this pleading responds, bars Defendants from asserting Texas law as a defense.

Defendants have not provided Plaintiff with timely or reasonable notice of their intent to rely on Texas law. Defendants are therefore barred from relying on Texas law at this late point in litigation.

### III.   Defendants Had a Duty to Provide Plaintiff With Copies of Her Policies.

Defendants assert that even if they are subject to the requirements of Ala. Code § 27-14-19, they are not required to provide *Plaintiff* with a copy of her insurance policies. Defendants assert that § 27-14-19 merely requires them to provide summaries of Plaintiff's insurance coverage to her employer. In support of this assertion, Defendants cite *Brown Mach. v. Ins. Co. of North America, Inc.*, 951 F.Supp. 988, 994 (M.D. Ala. 1996). In *Brown*, however, Judge De Ment quoted with approval the Supreme Court's findings that, *absent an inquiry*, "incidental beneficiaries and beneficiaries of a group

4

policy … are probably excluded from the statutory phrase and are therefore not individually entitled to copies of the policy." 951 F.Supp. 988 at 994 (quoting *Brown Mach. Works & Supply Co., Inc. v. Ins. Co. of North America*, 659 So. 2d 51, 60 (Ala. 1995)).

However, in *Brown*, both Judge De Ment and the Supreme Court found that there was a fact issue as to whether the Plaintiff was an "insured" who was statutorily entitled to receive a copy of his insurance policy. In this case, no fact issue exists as to whether Plaintiff constitutes the "insured" who is statutorily entitled to a copy of her policies pursuant to Ala. Code § 27-14-19. Teresa Ward, the Defendants' Appeals Consultant who worked on Plaintiff's appeal, stated in her deposition testimony that Plaintiff was the "insured" and a "policyholder" of her insurance policies. *See* Exhibit A, Ward's Depo. pages 40 to 53.

Furthermore, both Courts include the qualifier that "absent an inquiry" group policy beneficiaries are not statutorily entitled to copies of their policies pursuant to Ala. Code § 27-14-19. It is undisputed that Plaintiff has requested a copy of her insurance policies since the beginning of this litigation and Defendants failed to provide her with a copy of her policy until January 16, 2007. Defendants were, in accordance with their own cited case law, required to provide Plaintiff with copies of her policies pursuant to her inquiries for such. Because they did not provide Plaintiff with copies of her policies, they are estopped from asserting the policies' conditions or exclusions from coverage as defenses, as Plaintiff discusses more fully in her "Motion to Strike Affirmative Defenses."

Defendants also argue that Plaintiff has shown no prejudice arising out of their failure to provide her copies of her policies. As Plaintiff discusses more fully in her Motion for Summary Judgment, she was prejudiced by the Defendants' failure to provide copies of her policies. The policies Defendants provided to Plaintiff after the initiation of this lawsuit were examples of Economy Plan Policies, not the Standard Plan Policies held by Plaintiff. There are *substantive differences* between the two policies. For example the Economy Plan Policies provided by Defendants as examples did not contain the additional benefits offered by the Disability Plus Rider included in Plaintiff's actual policies. Plaintiff was therefore prejudiced by not fully realizing the extent of benefits to which she was entitled and not having an opportunity to apply for those benefits. Plaintiff's actual policies also provided for a shorter elimination period, which lessens the amount of time Plaintiff was required to show she was disabled before she became eligible for benefits. Plaintiff was clearly prejudiced by Defendants' failure to provide her with copies of her policies.

Defendants' failure to provide Plaintiff with copies of her policies is particularly inexcusable considering the fact that Plaintiff actually requested copies of her policies *several months prior to filing her lawsuit against Defendants*. Plaintiff continued to request copies of her actual policies with her first discovery requests in 2005 and throughout the pendency of this litigation.

## **CONCLUSION**

WHEREFORE, premises considered, Plaintiff respectfully requests this Court grant this Motion to Strike Affirmative Defenses and enter an order prohibiting Defendants from asserting as defenses 1) any exclusions to coverage contained within the

policy; 2) any information obtained by Defendants <u>after</u> August 18, 2004, the date Defendants denied Plaintiff's claim for benefits; and 3) any Texas law.

          Respectfully submitted,

          /s/ Thomas O. Sinclair
          One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax: (205).803-0053
E-mail: tsinclair@cwp-law.com
E-mail: jwallis@cwp-law.com

## CERTIFICATE OF SERVICE

     I hereby certify that on February 13, 2007 I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notifications of such filing to the following:

dfink@handarendall.com
hmorrissette@handarendall.com
jjohnson@handarendall.com

          /s/ Thomas O. Sinclair